UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | **2:21-cv-06320-MCS-JC** | Date | August 23, 2021 |
| Title | *Mosafer Inc. v. Broidy* | | |

Present: The Honorable    Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER RE: EX PARTE APPLICATION FOR ORDER DIRECTING U.S. MARSHAL SERVICE TO EFFECT SERVICE OF PROCESS (ECF NO. 12)**

Plaintiffs Mosafer Inc., Mosafer E-Com, Inc., and Gomosafer apply ex parte for an order directing the United States Marshal Service ("USMS") to effect service of process on Defendant George Nader. Plaintiffs represent that Nader is incarcerated and that a representative of the institution in which Nader is detained directed Plaintiffs to effect service of process through the USMS. (Appl., ECF No. 12; Bell Decl. ¶ 3, ECF No. 12-1.)

The application does not present cause for ex parte relief. Ex parte applications are solely for extraordinary relief and are rarely justified. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). A party filing an ex parte application must support its request for emergency relief with "evidence . . . that the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures," and a showing "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* at 492. Here, Plaintiffs aver that ex parte relief is necessary so they may promptly serve the Complaint on Nader. (Appl. 5.) A regularly noticed motion for USMS service could

be set for hearing and decided well before Plaintiffs' deadline to serve Nader under Federal Rule of Civil Procedure 4(m). Plaintiffs fail to establish how they would be irreparably prejudiced if they complied with normal motion procedures.

Reaching the merits, the application does not present cause to order service by the USMS. In this district, process generally may not be presented to the USMS for service. C.D. Cal. R. 4-2. However, Federal Rule of Civil Procedure 4(c)(3) gives the Court discretion to order the USMS to serve process in cases where the serving party is not a seaman or proceeding in forma pauperis. "Some courts apply a 'reasonableness' standard in determining whether to appoint the Marshal. Other courts have used a 'good cause' standard." *Free v. Peikar*, No. 1:17-cv-00159 MJS (PC), 2017 U.S. Dist. LEXIS 61985, at *14 (E.D. Cal. Apr. 24, 2017) (citations omitted). Courts may "consider whether other reasonable methods of effecting service privately have been exhausted." *Rose v. Abraham*, No. 1:08-CV-00606-AWI-SMS, 2008 U.S. Dist. LEXIS 96805, at *12 (E.D. Cal. Aug. 12, 2008). Although Plaintiffs have communicated with a facility official about serving process, Plaintiffs have not indicated whether they made any other attempts to effect service by private means. *See Rose*, 2008 U.S. Dist. LEXIS 96805, at *12–13 (denying request for USMS service where plaintiff had not shown he attempted to secure a waiver of service from a federal prisoner under Fed. R. Civ. P. 4(d)). Under either the reasonableness or good cause standard, Plaintiffs fail to show that authorizing USMS service is appropriate at this time.

Finally, the application does not present a completed Form USM-285, which the Court generally requires to be submitted with requests for service by the USMS. *See, e.g.*, *Rangel v. Gile*, No. 5:17-cv-01267-VBF (SHK), 2020 U.S. Dist. LEXIS 157925, at *28 (C.D. Cal. May 12, 2020) (requiring request to be accompanied by completed Form USM-285).

The application is denied.

**IT IS SO ORDERED.**