UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:21-cv-06320-MCS-JC | Date October 7, 2021 |
| Title *Mosafer Inc. et al v. Elliot Broidy et al* | |

Present: The Honorable  Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:  (IN CHAMBERS) ORDER DENYING STIPULATION TO CONTINUE (ECF NO. 40)**

Before the Court is the parties' second stipulation to provide an extension of time to respond to the initial complaint and set a briefing schedule. Stip., ECF No. 40. The Court summarily denied a prior stipulation requesting the same relief. Denied Order, ECF No. 38.

As the Court previously represented to the parties:
> This Court is very committed to adhering to all scheduled dates. In general, this makes the judicial process more efficient and less costly. Changes in dates are disfavored. Trial dates set by the Court are firm and will rarely be changed. Therefore, any request, whether by application or stipulation, to continue the date of any matter before this Court must be supported by a sufficient basis that demonstrates good cause why the change in the date is essential. Without such compelling factual support, requests to continue dates set by this Court will not be approved.

> […]
>
> Counsel should avoid submitting requests for a continuance less than at least seven (7) calendar days prior to the scheduled date that is subject to the request.

Initial Standing Order 2–3, ECF No. 10.

The parties fail to meet this standard. As an initial matter, Counsel did not submit this request "at least seven (7) calendar days prior to the scheduled date that is subject to the request." Initial Standing Order 3; Bell Decl. ¶¶ 3, 4, 7–9. Many of the Parties' scheduling conflicts could have been avoided if the Parties complied with the original deadlines. Bell Decl. ¶ 12. The Court is also concerned that the proposed dates would unnecessarily delay the just, speedy, and inexpensive resolution of this matter. *See* Fed. R. Civ. P. 1.

The stipulation is denied. On its own motion, the Court continues the deadline for defendants whose deadline to respond to the complaint has passed to November 1, 2021.

**IT IS SO ORDERED.**