McGuireWoods LLP
KEVIN M. LALLY (SBN 226402)
ABIGAIL G. URQUHART (SBN 310547)
355 S. Grand Avenue, Suite 4200
Los Angeles, California 90071-3103
Telephone: (213) 457-9862
E-Mail: klally@mcguirewoods.com
E-Mail: aurquhart@mcguirewoods.com

GEORGE J. TERWILLIGER III (*Pro Hac Vice*)
MICHAEL FRANCISCO (*Pro Hac Vice*)
888 16th Street NW, Suite 500
Washington, DC 20006
Telephone: (202) 857-1700
E-Mail: gterwilliger@mcguirewoods.com
E-Mail: mfrancisco@mcguirewoods.com

BROOKS H. SPEARS (*Pro Hac Vice*)
1750 Tysons Boulevard, Suite 1800
Tysons, Virginia 22102
Telephone: (703) 712-5000
E-Mail: bspears@mcguirewoods.com

Attorneys for Defendants Elliott Broidy, Broidy
Capital Management, LLC, and Circinus, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOSAFER INC.; MOSAFER ECOM, INC.; and GOMOSAFER, <br><br> Plaintiffs, <br><br> vs. <br><br> ELLIOTT BROIDY; *et al.*, <br><br> Defendants. | CASE NO. 2:21-cv-06320-MCS-JC <br><br> **BROIDY DEFENDANTS' NOTICE OF MOTION TO STRIKE (CAL. CODE OF CIV. PROC. § 425.16) OR, ALTERNATIVELY, TO DISMISS (FRCP 12(B)(1) AND (6)) COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** <br><br> Date:  November 15, 2021 <br> Time:   9:00 a.m. <br> Courtroom: 7C, Hon. Mark C. Scarsi |

**TO ALL PARTIES AND TO THE CLERK OF COURT:**

**PLEASE TAKE NOTICE** that on November 15, 2021 at 9:00 a.m., in Courtroom 7C, or as soon thereafter as this matter may be heard before the Honorable Mark C. Scarsi of the above-entitled Court, located at 350 W. 1st Street, Los Angeles, California 90012, Elliott Broidy, Broidy Capital Management, LLC, and Circinus, LLC (collectively, the "Broidy Defendants"), by and through undersigned counsel, will, and hereby do, move for an Order striking all claims against Broidy Defendants pursuant to California Code of Civil Procedure § 425.16, or, in the alternative, dismissing this action pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6).

The Broidy Defendants' Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities filed herewith, the pleadings, records, and papers on file in this action, and on such further evidence as may properly come before the Court at the hearing on the Motion, including matters of which the Court may take judicial notice.

This Notice is given following the conference of counsel pursuant to Local Rule 7-3, which took place on September 24, 2021.

Dated: October 7, 2021                    MCGUIREWOODS LLP

                              By:    _s/ Kevin M. Lally_____
                                     Kevin M. Lally
                                     Abigail G. Urquhart
                                     -and-

George J. Terwilliger III (*Pro Hac Vice*)
Michael Francisco (*Pro Hac Vice*)
MCGUIREWOODS LLP
888 16th Street NW, Suite 500
Washington, DC 20006
Telephone: (202) 857-1700
Facsimile: (202) 857-1737
E-Mail: gterwilliger@mcguirewoods.com
E-Mail: mfrancisco@mcguirewoods.com

-and-

Brooks H. Spears (*Pro Hac Vice*)
MCGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800
Tysons, Virginia 22102
Telephone: (703) 712-5000
Facsimile: (703) 712-5050
E-Mail: bspears@mcguirewoods.com

Attorneys for ELLIOTT BROIDY
BROIDY CAPITAL MANAGEMENT, LLC
CIRCINUS, LLC

BROIDY DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR ANTI-SLAPP
MOTION TO STRIKE OR MOTION TO DISMISS

# TABLE OF CONTENTS

**Page**

INTRODUCTION ....................................................................................... 1

BACKGROUND ........................................................................................ 2

ARGUMENT .............................................................................................. 3

I.   The Court should dismiss the Mosafer Plaintiffs' injunction claim under Fed. R. Civ. P. 12(b)(1) for lack of standing. ................. 3

II.   The Court should strike the claims under California's anti-SLAPP statute, Cal. Civ. Proc. Code § 425.16. ................................... 5

    A.   This lawsuit arises from an act in furtherance of the Broidy Defendants' constitutional right to free speech. ............ 5

    B.   The Mosafer Plaintiffs cannot satisfy their burden of establishing a reasonable probability of prevailing on their claims. ................................................................................... 8

        1.   Gomosafer lacks the capacity to sue. ............................ 8

        2.   The claims are time-barred. ........................................... 9

        3.   The Mosafer Plaintiffs cannot obtain equitable relief. ............................................................................. 10

        4.   The alleged statements about Qatar are not commercial speech. ...................................................... 12

            a.   The statements do not present a close question. ............................................................. 13

            b.   The *Bolger* factors do not apply ......................... 13

            c.   At a minimum, the speech is "inextricably intertwined." ...................................................... 14

        5.   The Mosafer Plaintiffs fail to plead their claims with the particularity required by Fed. R. Civ. P. 9(b). .......... 15

        6.   Reliance by potential customers does not give the Mosafer Plaintiffs statutory standing under the UCL and FAL. ...................................................................... 18

        7.   The Mosafer Plaintiffs fail to allege the elements of their Lanham Act claim. ............................................... 18

i

8. The complaint does not allege facts supporting trade libel. ...............................................................................19

9. The negligence claim fails as a matter of law. ..............20

10. The Mosafer Plaintiffs fail to allege a conspiracy. .......22

III. Alternatively, the Court should dismiss the Mosafer Plaintiffs' complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. ...............................................................................22

CONCLUSION .................................................................................23

ii

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*818 Media Prods., LLC v. Wells Fargo Bank, N.A.*,
  No. CV 16-9427 PSG, 2017 WL 3049565 (C.D. Cal. Feb. 9, 2017)................17

*Acculmage Diagnostics Corp. v. Terarecon, Inc.*,
  260 F. Supp. 2d 941 (N.D. Cal. 2003)................................................22

*Agency Y LLC v. DFO Glob. Perf. Commerce*,
  No. CV 20-1716 JVS, 2021 WL 2791616 (C.D. Cal. Apr. 22, 2021) ..............19

*Ariix, LLC v. NutriSearch Corp.*,
  985 F.3d 1107 (9th Cir. 2021) ..........................................12, 14, 19

*B-K Lighting, Inc. v. Vision3 Lighting*,
  No. CV 06-2825 MMM, 2006 WL 8421831 (C.D. Cal. Nov. 14,
  2006) ................................................................................8

*BakeMark, LLC v. Navarro*,
  No. CV 21-2499 JAK, 2021 WL 2497934 (C.D. Cal. Apr. 24, 2021) ..............16

*Bank of Lake Tahoe v. Bank of Am.*,
  318 F.3d 914 (9th Cir. 2003) ...........................................................4

*BHRS Grp., LLC v. Brio Water Tech., Inc.*,
  No. 2:20-CV-7652, 2020 WL 9422352 (C.D. Cal. Dec. 14, 2020) ..................18

*Bolger v. Youngs Drug Prods. Corp.*,
  463 U.S. 60 (1983) ...................................................12, 13, 14

*Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*,
  637 F.3d 1047, 1055 (9th Cir. 2011) ..................................................15

*Capaci v. Sports Research Corp.*,
  445 F. Supp. 3d 607 (C.D. Cal. 2020)..................................................4

*Cerecedes v. U.S. Bancorp*,
  No. CV 11-219 CAS, 2011 WL 1666938 (C.D. Cal. Apr. 29, 2011)................21

*Clapper v. Amnesty Int'l USA*,
  568 U.S. 398 (2013) .......................................................................................... 4

*Cohen v. Ainsworth Pet Nutrition, LLC*,
  No. 2:20-CV-5289 MCS, 2020 WL 7250329 (C.D. Cal. Oct. 26,
  2020) ................................................................................................................... 5

*Colonies Partners LP v. Cty. of San Bernardino*,
  No. CV 18-420 JGB, 2018 WL 6137147 (C.D. Cal. Oct. 2, 2018) ................... 23

*Davidson v. Kimberly-Clark Corp.*,
  889 F.3d 956 (9th Cir. 2018) ............................................................................. 4

*Depot, Inc. v. Caring for Montanans, Inc.*,
  915 F.3d 643 (9th Cir. 2019) ........................................................................... 16

*Derosa v. ViacomCBS Inc.*,
  No. 2:20-CV-2965 MCS, 2021 WL 1235039 (C.D. Cal. Mar. 3,
  2021) ................................................................................................................. 17

*Dex Media W., Inc. v. City of Seattle*,
  696 F.3d 952 (9th Cir. 2012) ........................................................................... 13

*Doe v. Gangland Prods., Inc.*,
  730 F.3d 946 (9th Cir. 2013) ............................................................................. 8

*Eros Tour & Travel, Inc. v. Infinitywaves, LLC*,
  No. CV 14-5095, 2014 WL 12591919 (C.D. Cal. Dec. 9, 2014) ...................... 20

*Films of Distinction, Inc. v. Allegro Film Prods., Inc.*,
  12 F. Supp. 2d 1068 (C.D. Cal. 1998) .............................................................. 16

*Future Ads LLC v. Gillman*,
  No. CV 13-905 DOC, 2013 WL 12306479 (C.D. Cal. Dec. 23,
  2013) ................................................................................................................. 22

*G.U.E. Tech, LLC v. Panasonic Avionics Corp.*,
  No. CV 15-789 CJC, 2015 WL 12696203 (C.D. Cal. Sept. 15, 2015) ............. 16

*Gianni Versace, S.p.A. v. Dardashti*,
  No. CV 07-8204 ODW, 2008 WL 11338729 (C.D. Cal. Apr. 21,
  2008) ................................................................................................................. 10

iv

*Hameed-Brown v. Forever 21 Retail, Inc.*,
    No. CV 18-3019 SJO, 2018 WL 6802818 (C.D. Cal. Oct. 1, 2018)................21

*Hanna v. Walmart Inc.*,
    No. 5:20-CV-1075 MCS, 2020 WL 7345680 (C.D. Cal. Nov. 4,
    2020) ....................................................................................................5, 11

*Herring Networks, Inc. v. Maddow*,
    __ F.4th __, 2021 WL 3627126 (9th Cir. Aug. 17, 2021)....................................5

*HGCI, Inc. v. Luxx Lighting, Inc.*,
    No. CV 19-570 PSG, 2020 WL 5913851 (C.D. Cal. Sept. 10, 2020)...............16

*Hoffman v. Capital Cities/ABC, Inc.*,
    255 F.3d 1180 (9th Cir. 2001) ........................................................................12

*Homeland Housewares, LLC v. Euro-Pro Op. LLC*,
    No. CV 14-3954 DDP, 2014 WL 6892141 (C.D. Cal. Nov. 5, 2014) ..............20

*Hyundai Motor Am., Inc. v. Yahala Trading Co.*,
    No. CV 19-1413 JVS, 2020 WL 2770196 (C.D. Cal. Apr. 1, 2020) ................23

*IMDb.com Inc. v. Becerra*,
    962 F.3d 1111 (9th Cir. 2020) .........................................................................13

*Jack v. Pearson*,
    No. 1:17-CV-520, 2018 WL 1567796 (E.D. Cal. Mar. 30, 2018) ....................20

*Ji Chang Son v. Tesla Motors, Inc.*,
    No. CV 16-2282 JVS, 2019 WL 4238874 (C.D. Cal. Apr. 15, 2019) ..............16

*Katzkin Leather, Inc. v. Nissan N. Am., Inc.*,
    No. CV 05-971, 2005 WL 3593999 (C.D. Cal. Dec. 22, 2005)..................13, 14

*U.S. ex rel. Knapp v. Calibre Sys., Inc.*,
    No. CV 10-4466 ODW, 2011 WL 4914711 (C.D. Cal. Oct. 17,
    2011) ..............................................................................................................21

*Lathan v. Vermillion*,
    118 F. App'x 163 (9th Cir. 2004).....................................................................10

*Lauren Moshi, LLC v. Fuentes*,
    No. CV 18-6725 DMG, 2020 WL 2303081 (C.D. Cal. Jan. 17,
    2020) ..............................................................................................................13

v

*Liu v. Marriott Vacation Worldwide*,
  No. 5:18-CV-2442, 2019 WL 8106290 (C.D. Cal. July 1, 2019)......................21

*Mahnke v. Bayer Corp.*,
  No. 2:19-CV-7271 RGK, 2019 WL 8621437 (C.D. Cal. Dec. 10,
  2019) ..........................................................................................................16

*Maloney v. T3Media, Inc.*,
  853 F.3d 1004 (9th Cir. 2017) ......................................................................5

*Manwin Licensing Int'l S.A.R.L. v. ICM Registry, LLC*,
  No. CV 11-9514 PSG, 2013 WL 12123772 (C.D. Cal. Feb. 26,
  2013) ............................................................................................................7

*Manzari v. Associated Newspapers Ltd.*,
  830 F.3d 881 (9th Cir. 2016) ........................................................................5

*In re Marriage of Stephens*,
  156 Cal. App. 3d 909 (1984) ........................................................................8

*Mattel, Inc. v. MCA Records, Inc.*,
  296 F.3d 894 (9th Cir. 2002) ......................................................................15

*Mindys Cosmetics, Inc. v. Dakar*,
  611 F.3d 590 (9th Cir. 2010) ........................................................................6

*Mireskandari v. Daily Mail & Gen. Tr. PLC*,
  No. CV 12-2943 MMM, 2013 WL 12114762 (C.D. Cal. Oct. 8,
  2013) ............................................................................................................7

*U.S. ex rel. Modglin v. DJO Glob. Inc.*,
  48 F. Supp. 3d 1362 (C.D. Cal. 2014)..........................................................17

*Monsanto Co. v. Geertson Seed Farms*,
  561 U.S. 139 (2010) ....................................................................................10

*Munns v. Kerry*,
  782 F.3d 402 (9th Cir. 2015) ........................................................................4

*New York Times Co. v. Sullivan*,
  376 U.S. 254 (1964) ....................................................................................11

*Nintendo of Am., Inc. v. Storman*,
     No. CV 19-7818 CBM, 2021 WL 3556831, at *8 (C.D. Cal. May
     26, 2021) ............................................................................................... 11

*Nygard, Inc. v. Uusi-Kerttula*,
     159 Cal. App. 4th 1027 (2008) ............................................................... 7

*Oas v. Rama Capital Partners, LLC*,
     8:20-CV-1634 MCS, 2020 WL 7786546 (C.D. Cal. Nov. 18, 2020) ............... 18

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*,
     310 F. Supp. 3d 1089 (S.D. Cal. 2018) .................................................. 10

*Orian v. Fed'n Int'l des Droits de L'Homme*,
     No. CV 11-6904 PSG, 2011 WL 13220921 (C.D. Cal. Dec. 13,
     2011) ....................................................................................................... 7

*PerkinElmer Health Sciences, Inc. v. Excelbis Labs LLC*,
     No. 8:20-CV-527 MCS, 2021 WL 1234881 (C.D. Cal. Feb. 5, 2021) ............. 17

*Peterson v. Sanghi*,
     No. 8:18-CV-2000, 2019 WL 1715487 (C.D. Cal. Feb. 14, 2019) ................. 20

*Piping Rock Partners, Inc. v. David Lerner Assocs., Inc.*,
     946 F. Supp. 2d 957, 975 (N.D. Cal. 2013) .............................................. 7

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*,
     890 F.3d 828 (9th Cir. 2018) .................................................................. 8

*Redbox Automated Retail, LLC v. Buena Vista Home Entm't, Inc.*,
     399 F. Supp. 3d 1018 (C.D. Cal. 2019) ................................................. 18

*Resolute Forest Prods., Inc. v. Greenpeace Int'l*,
     No. 17 CV 2824, 2019 WL 281370 (N.D. Cal. Jan. 22, 2019) ................... 16

*Roman v. MSL Capital, LLC*,
     No. CV 17-2066 JGB, 2019 WL 3017765 (C.D. Cal. July 9, 2019) ............. 12

*Royal Holdings Techs. Corp. v. IP Video Market Info Inc.*,
     No. 2:20-CV-4093 SB, 2020 WL 8225666 (C.D. Cal. Dec. 18,
     2020) ..................................................................................................... 23

*S. Cal. Darts Ass'n v. Zaffina*,
     762 F.3d 921 (9th Cir. 2014) .................................................................. 9

*Shelton v. Ocwen Loan Servicing, LLC*,
  No. 18 CV 2467 AJB, 2019 WL 4747669 (S.D. Cal. Sept. 30, 2019)...............22

*Simoni v. Am. Media, Inc.*,
  No. CV 14-573, 2014 WL 12597640 (C.D. Cal. July 22, 2014) .......................12

*Smartdoor Holdings, Inc. v. Edmit Indus., Inc.*,
  78 F. Supp. 3d 275 (D.D.C. 2015)..........................................................................9

*Snyder v. Phelps*,
  562 U.S. 443 (2011) .......................................................................................11

*Soliman v. Philip Morris Inc.*,
  311 F.3d 966 (9th Cir. 2002) ...........................................................................10

*Sonner v. Premier Nutrition Corp.*,
  971 F.3d 834 (9th Cir. 2020) ...........................................................................11

*Strojnik v. Bakersfield Convention Hotel I, LLC*,
  436 F. Supp. 3d 1332 (E.D. Cal. 2020) ..........................................................21

*Swartz v. KPMG LLP*,
  476 F.3d 756 (9th Cir. 2007) ...........................................................................22

*Tarkington v. Cty. of Los Angeles*,
  No. CV 18-7636 CJC, 2019 WL 1002516 (C.D. Cal. Jan. 16, 2019)...............23

*Townsend v. Chase Bank USA N.A.*,
  No. CV 08-527 AG, 2009 WL 426393 (C.D. Cal. Feb. 15, 2009) ...................16

*Video Software Dealers Ass'n v. Schwarzenegger*,
  556 F.3d 950 (9th Cir. 2009) ...........................................................................15

*Walker & Zanger, Inc. v. Paragon Indus., Inc.*,
  549 F. Supp. 2d 1168 (N.D. Cal. 2007)............................................................19

*Ward v. Wells Fargo Home Mortg.*,
  No. 14 CV 887 JCS, 2014 WL 1922082 (N.D. Cal. May 6, 2014) ...................16

*Waterhouse v. Cufi Church Ass'n Inc.*,
  No. Civ. 14-144 SOM, 2014 WL 1745098 (D. Haw. Apr. 29, 2014)...............21

viii

*Youngblood v. CVS Pharm.*,
   No. 2:20-CV-6251 MCS, 2020 WL 8991698 (C.D. Cal. Oct. 15,
   2020) ............................................................................................................ 12

**Statutes**

15 U.S.C. § 1125(a)(1)(B) ................................................................................ 3

22 U.S.C. § 611(c) ......................................................................................... 21

Cal. Bus. & Prof. Code § 17204 .................................................................... 18

Cal. Bus. & Prof. Code § 17208 ...................................................................... 9

Cal. Bus. & Prof. Code § 17535 .................................................................... 18

Cal. Civ. Proc. Code § 338(a) .......................................................................... 9

Cal. Civ. Proc. Code § 340(3) .......................................................................... 9

Cal. Civ. Proc. Code § 425.16 .......................................................................... 5

Cal. Civ. Proc. Code § 425.16(a) ..................................................................... 6

Cal. Civ. Proc. Code § 425.16(b)(1) ................................................................ 6

Cal. Civ. Proc. Code § 425.16(c)(1) .............................................................. 23

Cal. Civ. Proc. Code § 425.16(e) ..................................................................... 6

Cal. Civ. Proc. Code § 425.16(e)(3) ................................................................ 7

Cal. Civ. Proc. Code § 425.16(e)(4) ............................................................ 6, 7

Cal. Evid. Code § 669(a) ................................................................................ 20

**Other Authorities**

Fed. R. Civ. P. 9(b) ......................................................................... 15, 16, 17, 22

Fed. R. Civ. P. 9(g) ........................................................................................ 20

Fed. R. Civ. P. 12(b)(1) .................................................................................... 3

Fed. R. Civ. P. 12(b)(6) .............................................................................. 8, 22

ix

Fed. R. Civ. P. 17(b) ........................................................................................... 8

Fed. R. Civ. P. 17(b)(3)(A) ............................................................................... 8, 9

x

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Elliott Broidy ("Broidy"), Broidy Capital Management, LLC ("BCM"), and Circinus, LLC ("Circinus") (collectively, the "Broidy Defendants"), pursuant to L.R. 7-5(a), submit this memorandum in support of their motion to strike or, alternatively, dismiss the complaint filed by Plaintiffs Mosafer Inc. ("Mosafer"), Mosafer-Ecom, Inc. ("Mosafer-Ecom"), and Gomosafer (collectively, the "Mosafer Plaintiffs").

## INTRODUCTION

If there were ever a case improperly designed to chill the right to free speech, this is it. The Mosafer Plaintiffs seek an injunction so sweeping and vague that its implementation would permanently bar the Broidy Defendants from saying anything about the State of Qatar. On top of that, the Mosafer Plaintiffs would have this Court financially punish the Broidy Defendants for daring to express an opinion about a public issue discussed in this country's media outlets every day. This is precisely the type of "disturbing" lawsuit amounting to an "abuse" of the judicial process that the California Legislature referred to when enacting the anti-SLAPP statute.

The complaint's lack of merit only underscores the Mosafer Plaintiffs' real strategy of preventing the Broidy Defendants from participating in public discourse about Qatar. Though billed primarily as a "false advertising" complaint, there is no commercial aspect to the allegedly unlawful statements. Rather, they are mundane political statements about foreign policy, not unlike the current debate over the Taliban and its connection to terrorism. Consequently, the Broidy Defendants are entitled to full First Amendment protection for noncommercial speech. The problems with the complaint do not end with the troubling First Amendment infringement. As detailed below, the claims are legally deficient for numerous reasons. The Court should grant the Broidy Defendants' motion and strike the

complaint or, alternatively, dismiss it.

## BACKGROUND

The Mosafer Plaintiffs allege that they incidentally suffered lost business profits when the Broidy Defendants expressed their views about Qatar. *See* ECF No. 1 ¶ 4. Mosafer states that it "operates retail stores" as a purveyor of luggage. *Id.* ¶ 17. Mosafer-Ecom also says it sells luggage online. *Id.* ¶ 18. Gomosafer, which admits to not being a legal entity, purports to be the "online division of Mosafer Travel, a Qatari travel agency." ECF No. 4 at ¶ 2. Additionally, all three of the Mosafer Plaintiffs say they are "synonymous with Qatar" and "intimately associated with Qatar." ECF No. 1 ¶¶ 4, 31, 63, 123.

Despite their focus on alleged false advertising, the Mosafer Plaintiffs do not identify any public statements attributable to BCM or Circinus. *See generally* ECF No. 1. As for Broidy, the Mosafer Plaintiffs identify a single statement from a September 2017 newspaper advertisement that Broidy allegedly "orchestrated." *See id.* ¶ 66 ("QATAR IS A SAFE HAVEN FOR TERRORISTS. . . . It is a well-known fact that Qatar has become a favored safe-haven for terrorists from around the world. Over 60 terrorist organizations, individuals or NGOs . . . are currently either based out of or supported by the government of Qatar."). That allegation lacks a single, non-conclusory fact tying Broidy to the advertisement. *See id.*; *see also id.* ¶ 89.

The Mosafer Plaintiffs also identify purported statements allegedly made by Co-Defendants The Iron Group Inc. ("Ironistic"), SCL Social Ltd., Project Associates UK Ltd., and Matthew Atkinson (collectively, the "Non-Broidy Defendants"). *See id.* ¶ 5. These purported "statements," which in reality are not statements at all, include three titles of YouTube videos: "(i) 'How Qatar is destabilising the Gulf'; (ii) 'Why does Qatar support terrorism?'; and (iii) 'The case for boycotting Qatar[.]'" *Id.* ¶ 76. Additionally, Ironistic allegedly accused a

third-party airline company of "human rights abuses," *id.* ¶ 82, and posted the following on social media: "Expose Qatar's links with extremists. Stop the flow of blood money. #sanctionQatar.. . . ISIS is just one of Qatar's many pawns. Uncover Qatar's links with extremists." *Id.* ¶ 83. These are the only purported "statements" alleged in the complaint. *See generally* ECF No. 1. None of these purported statements relates to luggage, travel reservations, or any of the Mosafer Plaintiffs. *See id.* ¶¶ 66, 76, 82-83.

Nonetheless, the Mosafer Plaintiffs attempt to connect all the Defendants by alleging a "conspiracy." *See id.* ¶ 5. In doing so, however, they do not allege a single fact connecting any of the three Broidy Defendants to any of the Non-Broidy Defendants. *See generally id.* And there is no factual allegation of any formal or informal agreement among them. *Ibid.*

The complaint asserts five claims against each of the Defendants.[1] The Mosafer Plaintiffs seek a permanent injunction "prohibiting Defendants from engaging in the conduct and practices alleged herein." ECF No. 1 ¶¶ 105, 113, 121. Additionally, they seek "disgorgement of all proceeds and moneys wrongfully received by Defendants as a result of their wrongful conduct," *id.* ¶ 121, as well as actual and special damages, *see id.* ¶¶ 121, 126, 131.

<strong>ARGUMENT</strong>

**I.   The Court should dismiss the Mosafer Plaintiffs' injunction claim under Fed. R. Civ. P. 12(b)(1) for lack of standing.**

The complaint lacks any facts establishing standing for any of the three Mosafer Plaintiffs to seek injunctive relief. "A plaintiff must demonstrate

---

[1] The five claims are: (i) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*; (ii) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, *et seq.*; (iii) false advertising under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B); (iv) trade libel under California common law; and (v) negligence under California common law.

3

constitutional standing separately for each form of relief requested." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018). "An award of prospective injunctive relief requires the plaintiff to demonstrate a reasonable likelihood of future injury." *Bank of Lake Tahoe v. Bank of Am.*, 318 F.3d 914, 918 (9th Cir. 2003). "[T]he threat of injury must be actual and imminent, not conjectural or hypothetical…. The threatened injury must be *certainly impending* to constitute injury in fact and allegations of *possible* future injury are not sufficient." *Capaci v. Sports Research Corp.*, 445 F. Supp. 3d 607, 623 (C.D. Cal. 2020) (emphasis in original) (internal brackets and citation omitted).

Here, the Mosafer Plaintiffs fail to allege even *possible* future injury, let alone a future injury that is *certainly impending*. *See generally* ECF No. 1. They do not identify a single statement that any of the three Broidy Defendants plans to make in the future. *See generally id.* They also fail to identify any concrete harm that will result from the hypothetical statement. *See generally id.*

To the contrary, the Mosafer Plaintiffs explicitly allege that all the harm from the prior alleged statements has already occurred. *See id.* ¶ 94 ("There was no way for Mosafer to 'unring the bell' that the disinformation Conspiracy had tolled."); *see also id.* ¶ 96 (detailing past harm). These allegations of past harm do not establish standing for prospective relief. *See Munns v. Kerry*, 782 F.3d 402, 412 (9th Cir. 2015) ("Despite being harmed in the past, the [plaintiffs] must still show that the threat of injury in the future is 'certainly impending' or that it presents a 'substantial risk' of recurrence for the court to hear their claim for prospective relief.") (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414 n.5 (2013))

In similar circumstances, this Court dismissed a claim for injunctive relief based on a lack of constitutional standing because "[plaintiff's] allegations [were] not sufficient to move her allegations from an insufficient *possible* future injury to

an actionable *certainly* impending injury." *Hanna v. Walmart Inc.*, No. 5:20-CV-1075 MCS, 2020 WL 7345680, at *7 (C.D. Cal. Nov. 4, 2020) (internal quotation marks omitted); *see also Cohen v. Ainsworth Pet Nutrition, LLC*, No. 2:20-CV-5289 MCS, 2020 WL 7250329, at *3 (C.D. Cal. Oct. 26, 2020) ("Because Plaintiff has not alleged facts sufficient to establish standing to pursue injunctive relief, her claims for injunctive relief are dismissed."). Here, the lack of allegations of an actionable injury warrants the same result.

## II.   The Court should strike the claims under California's anti-SLAPP statute, Cal. Civ. Proc. Code § 425.16.

This is a quintessential strategic lawsuit against public participation, subject to being struck under Cal. Civ. Proc. Code § 425.16. "California's anti-SLAPP statute provides a burden-shifting mechanism to weed out lawsuits that masquerade as ordinary lawsuits but are brought to deter citizens from exercising their political or legal rights or to punish them for doing so." *Manzari v. Associated Newspapers Ltd.*, 830 F.3d 881, 886-87 (9th Cir. 2016). The statute "allows a defendant to file a 'special motion to strike' a plaintiff's complaint, and involves a two-step inquiry." *Herring Networks, Inc. v. Maddow*, __ F.4th __, 2021 WL 3627126, at *4 (9th Cir. Aug. 17, 2021). "At step one of the anti-SLAPP analysis, the moving defendant must make a prima facie showing that the plaintiff's suit arises from an act in furtherance of the defendant's constitutional right to free speech.… At step two, assuming that showing has been made, the burden shifts to the plaintiff to establish a reasonable probability that it will prevail on its claims." *Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1009 (9th Cir. 2017) (internal citations and quotations omitted).

### A.   This lawsuit arises from an act in furtherance of the Broidy Defendants' constitutional right to free speech.

The Broidy Defendants easily satisfy their initial burden. As to each "cause

of action," the Broidy Defendants must make a prima facie showing that the claim "aris[es] from" an act "in furtherance" of their right to free speech "in connection with a public issue." Cal. Civ. Proc. Code § 425.16(b)(1). "[T]he critical consideration is whether the cause of action is *based on* the defendant's protected free speech or petitioning activity." *Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 597 (9th Cir. 2010) (emphasis in original). These protected activities are defined to include "any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest," as well as "any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." § 425.16(e). The anti-SLAPP statute and its definitions "shall be construed broadly." § 425.16(a).

Each of the Mosafer Plaintiffs' five causes of action is based on purported "disinformation" (actually protected speech) made, or caused to be made, by the Broidy Defendants. *See* ECF No. 1 ¶¶ 101(a), 108, 116, 124, 129. This undefined "disinformation" is apparently comprised of the alleged "statements" that Qatar is a safe haven for terrorists and extremists, it commits human rights abuses, and it should be boycotted as a result. *See id.* ¶¶ 66, 76, 82-83.

These are political opinions that easily fall within the protection of the anti-SLAPP statute. Qatar's connection to terrorism is a public issue and an issue of public interest under § 425.16(e)(4). Indeed, the nation's largest newspapers routinely publish articles on this very topic.[2] Qatar's sponsorship of terrorism has

---

[2] *See, e.g.*, *Lawsuits by U.S. victims accuse top Qatar banks and charity of financing terrorism in Israel*, The Washington Post (Dec. 15, 2020); *Op-Ed: Qatar is a financier of terrorism. Why does the U.S. tolerate it?*, Los Angeles Times (June 9, 2017); *Trump Takes Credit for Saudi Move Against Qatar, a U.S. Military Partner*, The New York Times (June 6, 2017).

also been the subject of recent books and movies.[3] Given the public interest in these issues, the Broidy Defendants' purported statements fall comfortably within the "catch-all" provision of § 425.16(e)(4).

The statements are also protected because they were made in a public forum. *See* § 425.16(e)(3) (protecting statements made "in a place open to the public or a public forum"). The Mosafer Plaintiffs specifically allege the Broidy Defendants utilized "print media, internet websites, and social media accounts" to publish the purported statements. *See* ECF No. 1 ¶ 7. It is well-settled that § 425.16(e)(3) "encompasses websites and online message boards and forums that are accessible free of charge to any member of the public where members of the public may read the views and information posted, and post their own opinions." *Piping Rock Partners, Inc. v. David Lerner Assocs., Inc.*, 946 F. Supp. 2d 957, 975 (N.D. Cal. 2013). Likewise, "newspapers and magazines are public fora within the meaning of section 425.16, subdivision (e)(3)." *Nygard, Inc. v. Uusi-Kerttula*, 159 Cal. App. 4th 1027, 1037 (2008). The statements are easily within the purview of § 425.16(e)(3).

In addition, the statements at issue (involving Qatar's terrorism ties, a potential boycott, and human rights abuses) are protected by the anti-SLAPP statute as a matter of law. *See Mireskandari v. Daily Mail & Gen. Tr. PLC*, No. CV 12-2943 MMM, 2013 WL 12114762, at *29 (C.D. Cal. Oct. 8, 2013) (striking claim arising from speech likening the plaintiff to a terrorist); *Manwin Licensing Int'l S.A.R.L. v. ICM Registry, LLC*, No. CV 11-9514 PSG, 2013 WL 12123772, at *11 (C.D. Cal. Feb. 26, 2013) (striking claims because "[b]oycotts are protected

---

[3] *See, e.g.*, D. Reaboi, *Qatar's Shadow War: The Islamist Emirate and Its Information Operations in the United States* (Feb. 16, 2021); *see also* David Reaboi, *BLOOD MONEY: How Qatar Bought Off the Entire DC Establishment* (Mar. 26, 2019) https://securitystudies.org/blood-money-how-qatar-bought-off-the-entire-dc-establishment/.

under the anti-SLAPP statute"); *Orian v. Fed'n Int'l des Droits de L'Homme*, No. CV 11-6904 PSG, 2011 WL 13220921, at *2 (C.D. Cal. Dec. 13, 2011) (striking claims based on statements that the plaintiffs committed human rights abuses). Therefore, the Broidy Defendants have satisfied their initial burden.

### B.  The Mosafer Plaintiffs cannot satisfy their burden of establishing a reasonable probability of prevailing on their claims.

The Mosafer Plaintiffs cannot meet their burden under the second step of the anti-SLAPP inquiry. "Under the anti-SLAPP statute, if the plaintiff cannot show a probability of prevailing on a claim, the claim is stricken." *Doe v. Gangland Prods., Inc.*, 730 F.3d 946, 953 (9th Cir. 2013). "[W]hen an anti-SLAPP motion to strike challenges only the legal sufficiency of a claim," as is the case here, "a district court should apply the Federal Rule of Civil Procedure 12(b)(6) standard and consider whether a claim is properly stated." *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir. 2018).

#### 1.  *Gomosafer lacks the capacity to sue.*

Gomosafer cannot satisfy its burden as to any of the five claims because it lacks the capacity to sue. Gomosafer admits that it is "the online division" of a third-party corporation. *See* ECF No. 4 at 2; *see also* ECF No. 1 ¶ 19. For a party that is neither an individual nor a corporation, the capacity to sue is determined "by the law of the state where the court is located." Fed. R. Civ. P. 17(b). "A 'division' of a corporation is a unit within the corporation and has no status as a separate 'person' in the eyes of the law." *In re Marriage of Stephens*, 156 Cal. App. 3d 909, 918 (1984); *see also B-K Lighting, Inc. v. Vision3 Lighting*, No. CV 06-2825 MMM, 2006 WL 8421831, at *2 (C.D. Cal. Nov. 14, 2006) (citing cases). Thus, under California law, Gomosafer lacks the capacity to sue.

Nor can Gomosafer rely on Fed. R. Civ. P. 17(b)(3)(A)'s exception to assert its Lanham Act claim. That subdivision allows federal claims to be brought by an

"unincorporated association" as construed under federal law. *See* Fed. R. Civ. P. 17(b)(3)(A). To invoke this exception, the party must operate "without a charter." *See S. Cal. Darts Ass'n v. Zaffina*, 762 F.3d 921, 931 (9th Cir. 2014). "A division of a corporation, however, does operate with a charter—the charter of the larger corporation. . . . Such a division is thus not an 'unincorporated association' under Rule 17(b)(3)(A)." *Smartdoor Holdings, Inc. v. Edmit Indus., Inc.*, 78 F. Supp. 3d 275, 278 (D.D.C. 2015) (internal quotations and citations omitted. Because Gomosafer lacks the capacity to sue, the Court should strike its claims.

### 2. *The claims are time-barred.*

The Mosafer Plaintiffs filed their claims after the applicable statutes of limitations—the longest of which is four years—had already expired.[4] The Mosafer Plaintiffs concede that they suffered harm no later than "mid-2017," ECF No. 1 ¶ 91, and as early as February 2017, *see id.* ¶ 78. Under California law, the statute of limitations begins to run from the moment the plaintiff sustains injury— no matter how slight:

> [W]here an injury, although slight, is sustained in consequence of the wrongful act of another, and the law affords a remedy therefor, the statute of limitations attaches at once. It is not material that all the damages resulting from the act shall have been sustained at that time, and the running of the statute is not postponed by the fact that the actual or substantial damages do not occur until a later date.

*Soliman v. Philip Morris Inc.*, 311 F.3d 966, 972 (9th Cir. 2002). Thus, the longest limitations period expired no later than July 2021, meaning that the August 2021 complaint was untimely.

---

[4] *See* Cal. Bus. & Prof. Code § 17208 (prescribing four-year limitations period for UCL claims); Cal. Civ. Proc. Code § 338(a) (prescribing three-year limitations period for FAL and Lanham Act claims); Cal. Civ. Proc. Code § 340(3) (prescribing one-year limitations period for trade libel and negligence claims based on defamatory statements). If necessary, the Broidy Defendants reserve their right to argue laches also.

In an effort to avoid this time-bar, the Mosafer Plaintiffs allege the Broidy Defendants intentionally concealed their identities and supposed scheme. *See* ECF No. 1 ¶¶ 6, 44, 59, 90. But those allegations are irrelevant. *See Lathan v. Vermillion*, 118 F. App'x 163, 165 (9th Cir. 2004) ("We found no California authority holding that an applicable statute of limitations is tolled unless both the cause of action and the identity of a wrongdoer have been discovered."). Indeed, "the applicable statute of limitations begins to run even though the plaintiff is ignorant of his cause of action or of the identity of the wrongdoer." *Gianni Versace, S.p.A. v. Dardashti*, No. CV 07-8204 ODW, 2008 WL 11338729, at *2 (C.D. Cal. Apr. 21, 2008). Therefore, the Mosafer Plaintiffs cannot avoid the time-bar.

### 3. *The Mosafer Plaintiffs cannot obtain equitable relief.*

The Mosafer Plaintiffs cannot obtain a permanent injunction because they fail to allege the requisite facts to support that relief. "[A] plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 156-57 (2010); *see also Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, 310 F. Supp. 3d 1089, 1128-29 (S.D. Cal. 2018) (applying this standard to the same claims at issue here). There are five problems with Plaintiffs' request.

First, the Mosafer Plaintiffs fail to allege irreparable injury. *See generally* ECF No. 1. At most, they allege lost revenues. *See* ECF No. 1 ¶ 4. "Lost revenue, however, is insufficient to show irreparable harm." *Nintendo of Am., Inc. v.*

*Storman*, No. CV 19-7818 CBM, 2021 WL 3556831, at *8 (C.D. Cal. May 26, 2021).

Second, the Mosafer Plaintiffs do not allege they lack an adequate legal remedy. *See generally* ECF No. 1; *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020). To the contrary, they concede monetary damages are adequate to compensate for their alleged losses. *See* ECF No. 1 ¶ 121. This Court previously dismissed a UCL claim where the plaintiff alleged economic loss but "[did] not explain why no adequate remedy at law exist[ed] for that injury." *Hanna*, 2020 WL 7345680 at *6. The same rationale applies here.

Third, the complaint lacks allegations about the balance of hardships. *See generally* ECF No. 1. Given that the Mosafer Plaintiffs cannot "unring the bell," *id.* ¶ 94, they will suffer no further hardship in the absence of injunctive relief. On the other hand, a permanent injunction would prevent the Broidy Defendants from exercising their constitutional right to free speech. *See Snyder v. Phelps*, 562 U.S. 443, 452 (2011) ("[S]peech concerning public affairs is more than self-expression; it is the essence of self-government."). This balance does not favor the prior restraint sought.

Fourth, the Mosafer Plaintiffs fail to allege that an injunction is in the public interest. *See generally* ECF No. 1. Nor could they, considering "the principle that debate on public issues should be uninhibited, robust, and wide-open, and that it may well include vehement, caustic, and sometimes unpleasantly sharp attacks on government and public officials." *New York Times Co. v. Sullivan*, 376 U.S. 254, 270 (1964).

Finally, the Mosafer Plaintiffs' claim for injunctive relief is too vague to move past the pleading stage. In *Youngblood v. CVS Pharm.*, No. 2:20-CV-6251 MCS, 2020 WL 8991698, at *6 (C.D. Cal. Oct. 15, 2020), this Court dismissed the plaintiffs' injunction claim under the UCL and FAL as "fatally vague," explaining

that "the FAC's only clues as to what equitable relief Plaintiffs seek are vague requests for restitution and orders enjoining CVS from unidentified 'practices alleged' or 'complained of.'" *Youngblood*, 2020 WL 8991698 at *6. Here, the Mosafer Plaintiffs set forth an equally vague prayer. See ECF No. 1 ¶¶ 105, 113, 121; *see also Roman v. MSL Capital, LLC*, No. CV 17-2066 JGB, 2019 WL 3017765, at *5 (C.D. Cal. July 9, 2019) ("'Obey the law' injunctions such as this are disfavored…."). As it did in *Youngblood*, the Court should dismiss the claim.

### 4. The alleged statements about Qatar are not commercial speech.

Counts One, Two, and Three fail because the alleged "disinformation" that forms the basis for the claims is not commercial speech. "California's consumer protection laws, like the unfair competition law, govern only commercial speech. . . . Noncommercial speech is beyond their reach." *Simoni v. Am. Media, Inc.*, No. CV 14-573, 2014 WL 12597640, at *2 (C.D. Cal. July 22, 2014). Likewise, "false advertising claims under the Lanham Act apply only to commercial speech." *Ariix, LLC v. NutriSearch Corp.*, 985 F.3d 1107, 1120 n.9 (9th Cir. 2021).

"[T]he core notion of commercial speech is that it does no more than propose a commercial transaction." *Hoffman v. Capital Cities/ABC, Inc.*, 255 F.3d 1180, 1184 (9th Cir. 2001) (internal quotation marks omitted). Where, unlike here, this test presents a "close question," courts go on to analyze the statements under the three so-called *Bolger*[5] factors: "(i) their advertising format, (ii) their reference to a specific product, and (iii) the underlying economic motive of the speaker." *Dex Media W., Inc. v. City of Seattle*, 696 F.3d 952, 958 (9th Cir. 2012).

If the *Bolger* factors apply, the court then asks whether the commercial speech is "inextricably intertwined" with noncommercial speech, such that it receives full First Amendment protection. *See Lauren Moshi, LLC v. Fuentes*, No.

---

[5] *Bolger v. Youngs Drug Prods. Corp.*, 463 U.S. 60, 66-67 (1983).

CV 18-6725 DMG, 2020 WL 2303081, at *2 (C.D. Cal. Jan. 17, 2020) ("Where the pure speech and commercial speech … is inextricably intertwined, the entirety of the speech must be classified as noncommercial and courts must treat it as fully protected speech.") (internal brackets and quotation marks omitted).

### a.    The statements do not present a close question.

The supposed statements allegedly comprising the "disinformation" do not propose any commercial transactions. Four years ago, Broidy allegedly placed a newspaper ad, which read: "QATAR IS A SAFE HAVEN FOR TERRORISTS . . . It is a well-known fact that Qatar has become a favored safe-haven for terrorists from around the world. Over 60 terrorist organizations, individual or NGOs . . . are currently either based out of or supported by the government of Qatar." ECF No. 1 ¶ 66. This statement does not propose a commercial transaction. Nor do the other supposed statements allegedly made by the Non-Broidy Defendants. *See id.* ¶¶ 76, 82-83. In short, the speech at issue has nothing to do with any commercial transaction, and the Court need not consider the *Bolger* factors. *See IMDb.com Inc. v. Becerra*, 962 F.3d 1111, 1122 (9th Cir. 2020) ("Because IMDb's public profiles do not 'propose a commercial transaction,' we need not reach the *Bolger* factors.").

### b.    The Bolger factors do not apply.

In any event, the *Bolger* factors do not apply. First, the supposed statements are not in advertising format. "Speech that is in advertising format is speech about a product or service by a person who is offering that product or service at a price, directed to persons who may want, and be willing to pay for, that product or service." *Katzkin Leather, Inc. v. Nissan N. Am., Inc.*, No. CV 05-971, 2005 WL 3593999, at *4 (C.D. Cal. Dec. 22, 2005) (internal quotation marks omitted). Neither the ad in *The Washington Post* nor the online postings meet this definition. The statements were not about a product or service, and they were not made by a person offering a product or service at a price. Further, nothing in the complaint

indicates a prospective purchaser of "high-end luggage and travel accessories"[6] would seek product information in either the September 21, 2017 edition of *The Washington Post* or online terrorism chat rooms.

Second, neither the ad nor the online postings mentioned any of the Mosafer Plaintiffs—let alone their supposed luggage, travel accessories, or booking services. *See id.* ¶¶ 66, 76, 82-83. Nor did the alleged statements promote products or services offered by the Broidy Defendants, who are involved in the investment and government contracts industries. *See id.* Although the alleged statements criticize Qatar, no court has ever held that a statement about the country where a company's parent entity is headquartered satisfies the second *Bolger* factor. To the contrary, such attenuated statements are not the type of "references to a specific product or service" that courts traditionally require. *See Katzkin*, 20015 WL 3593999 at \*5.

Third, although the Mosafer Plaintiffs mention several payments, they allege no facts tying any of those payments to the ad in *The Washington Post* or the online postings. *See generally* ECF No. 1. Rather, the Mosafer Plaintiffs ask the Court to make expansive inferences about the reasons for each of those payments. But there are no factual allegations to nudge those inferences across the line from conceivable to plausible. *See generally id.* Thus, the Court cannot infer that Broidy, BCM, and Circinus was each a "speaker" or that each "acted *primarily* out of economic motivation" in supposedly publishing the statements. *Ariix*, 985 F.3d at 1116 (emphasis in original). The *Bolger* factors simply do not transform any of the noncommercial statements, as alleged, into commercial speech subject to the state and federal statutes.

      *c.*    *At a minimum, the speech is "inextricably intertwined."*

Regardless, any commercial statements are inextricably intertwined with

---

[6] *See* ECF No. 1 ¶¶ 17-18.

noncommercial statements. Assuming each of the Broidy Defendants actually made statements about Qatar for a commercial purpose, the statements also represent political speech about a hot-button issue of foreign policy. The Mosafer Plaintiffs allege as much. *See* ECF No. 1 ¶¶ 3, 59. As the Ninth Circuit has explained, full First Amendment protection applies "if the commercial speech is inextricably intertwined with otherwise fully-protected speech, e.g., political speech." *Video Software Dealers Ass'n v. Schwarzenegger*, 556 F.3d 950, 966 n.19 (9th Cir. 2009). At most, therefore, the statements identified in the complaint represent intertwined speech deserving of the highest protection. *See Mattel, Inc. v. MCA Records, Inc.*, 296 F.3d 894, 906 (9th Cir. 2002) ("If speech is not 'purely commercial'—that is, if it does more than propose a commercial transaction—then it is entitled to full First Amendment protection."). Because the alleged statements do not amount to commercial speech, Counts One, Two, and Three fail as a matter of law.

### 5. The Mosafer Plaintiffs fail to plead their claims with the particularity required by Fed. R. Civ. P. 9(b).

The Mosafer Plaintiffs fail to specifically plead their claims, all five of which are based on the allegedly fraudulent "disinformation." *See* ECF No. 1 ¶¶ 101(a), 108, 116, 124, 129. Under Fed. R. Civ. P. 9(b), "a party must state with particularity the circumstances constituting fraud." "To satisfy Rule 9(b), a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (quotation marks and brackets omitted).

This heightened pleading standard applies to all five claims. *See, e.g.*, *BakeMark, LLC v. Navarro*, No. CV 21-2499 JAK, 2021 WL 2497934, at *16 (C.D. Cal. Apr. 24, 2021) (UCL); *Ji Chang Son v. Tesla Motors, Inc.*, No. CV 16-2282 JVS, 2019 WL 4238874, at *4 (C.D. Cal. Apr. 15, 2019) (FAL); *HGCI, Inc.*

*v. Luxx Lighting, Inc.*, No. CV 19-570 PSG, 2020 WL 5913851, at *7 (C.D. Cal. Sept. 10, 2020) (Lanham Act false advertising); *G.U.E. Tech, LLC v. Panasonic Avionics Corp.*, No. CV 15-789 CJC, 2015 WL 12696203, at *4 (C.D. Cal. Sept. 15, 2015) (trade libel); *Townsend v. Chase Bank USA N.A.*, No. CV 08-527 AG, 2009 WL 426393, at *3-4 (C.D. Cal. Feb. 15, 2009) (negligence).

The entire complaint is improperly based on a general and vague allegation of "disinformation." *See generally* ECF No. 1. A mere allegation of "disinformation" that does not identify specific statements is insufficient as a matter of law. *See, e.g.*, *Mahnke v. Bayer Corp.*, No. 2:19-CV-7271 RGK, 2019 WL 8621437, at *8 (C.D. Cal. Dec. 10, 2019) (dismissing claims based on "misinformation" under Rule 9(b)); *Resolute Forest Prods., Inc. v. Greenpeace Int'l*, No. 17-CV-2824, 2019 WL 281370, at *9 (N.D. Cal. Jan. 22, 2019) (dismissing claims because "Resolute alleges that Greenpeace Fund published 'disinformation' on its website but identifies no specific statement"); *Ward v. Wells Fargo Home Mortg.*, No. 14-CV-887-JCS, 2014 WL 1922082, at *6 (N.D. Cal. May 6, 2014) (dismissing claim of "deception through a campaign of 'misinformation and disinformation'" under Rule 9(b)); *Films of Distinction, Inc. v. Allegro Film Prods., Inc.*, 12 F. Supp. 2d 1068, 1082 (C.D. Cal. 1998) (dismissing claim that "improperly relies on the overall message" rather than any specific statement). Rather, the heightened pleading standard requires the Mosafer Plaintiffs to allege the "specific content of the false representations," which they fail to do. *Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 668 (9th Cir. 2019).

The Mosafer Plaintiffs cannot rely on the ad in *The Washington Post* because they allege no particularized facts tying any of the three Broidy Defendants to it. The complaint does not include even conclusory allegations about the responsibility of Circinus or BCM for the ad. *See generally* ECF No. 1; *see*

*also Derosa v. ViacomCBS Inc.*, No. 2:20-CV-2965 MCS, 2021 WL 1235039, at *3 (C.D. Cal. Mar. 3, 2021) ("Not only must Plaintiff provide more facts implicating [defendant], she must allege with specificity how [defendant's] conduct specifically amounted to fraud."). And as to Broidy, the Mosafer Plaintiffs merely allege that he "orchestrated" the ad "upon information and belief," without alleging the facts upon which that belief is based. *Id.* ¶ 66. This allegation is insufficient as a matter of law. *See U.S. ex rel. Modglin v. DJO Glob. Inc.*, 48 F. Supp. 3d 1362, 1407 (C.D. Cal. 2014) ("Allegations of fraud based on information and belief do not satisfy FRCP 9(b) requirements … unless accompanied by a statement of the specific facts on which the belief is founded.").

Additionally, the complaint improperly lumps together all of the "Defendants." As this Court has previously explained, "Fed. R. Civ. P. 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *PerkinElmer Health Sciences, Inc. v. Excelbis Labs LLC*, No. 8:20-CV-527 MCS, 2021 WL 1234881, at *2 (C.D. Cal. Feb. 5, 2021) (internal quotation marks, brackets, and ellipsis omitted). Here, the Mosafer Plaintiffs define the term "Defendants" to include eight individuals and entities, plus 100 fictitious defendants. *See* ECF No. 1 ¶ 5. They then use that term more than 70 times throughout the complaint. "Such group pleading is impermissible under Rule 9(b)'s heightened pleading standards." *818 Media Prods., LLC v. Wells Fargo Bank, N.A.*, No. CV 16-9427, 2017 WL 3049565, at *4 (C.D. Cal. Feb. 9, 2017). The Court should strike the claims for failure to satisfy Fed. R. Civ. P. 9(b).

### 6.   *Reliance by potential customers does not give the Mosafer Plaintiffs statutory standing under the UCL and FAL.*

The Mosafer Plaintiffs fail to allege facts establishing statutory standing under the UCL and FAL for Counts One and Two. *See* Cal. Bus. & Prof. Code § 17204 (requiring plaintiffs to allege that they "lost money or property *as a result of* the unfair competition") (emphasis added); Cal. Bus. & Prof. Code § 17535 (requiring plaintiffs to allege that they "lost money or property *as a result of* a violation of this chapter") (emphasis added). Their allegation that potential customers relied on the purportedly fraudulent statements, *see* ECF No. 1 ¶ 92, is not enough. *See Redbox Automated Retail, LLC v. Buena Vista Home Entm't, Inc.*, 399 F. Supp. 3d 1018, 1034 (C.D. Cal. 2019) ("Such consumer reliance, absent [the Plaintiffs'] own actual reliance, is insufficient to confer statutory standing under California's false advertising law."). Similarly, "courts have held that plaintiffs bringing a claim under the UCL's fraud prong must allege their *own* reliance—not the reliance of third parties—to have standing under the UCL."[7] *BHRS Grp., LLC v. Brio Water Tech., Inc.*, No. 2:20-CV-7652, 2020 WL 9422352, at *7 (C.D. Cal. Dec. 14, 2020) (emphasis in original) (internal quotation marks omitted). Because the Mosafer Plaintiffs do not allege their *own* reliance on the Broidy Defendants' supposed statements, they lack statutory standing for Counts One and Two.

### 7.   *The Mosafer Plaintiffs fail to allege the elements of their Lanham Act claim.*

Count Three lacks the factual allegations to support it. "A false advertising claim requires a showing that: (1) the defendant made a false statement either

---

[7] Inasmuch as the Mosafer Plaintiffs rely on the unfair or unlawful prongs of the UCL, Count One fails to the same extent as Counts Two through Five. *See Oas v. Rama Capital Partners, LLC*, 8:20-CV-1634 MCS, 2020 WL 7786546, at *7 (C.D. Cal. Nov. 18, 2020).

about the plaintiff's or its own product; [and] (2) the statement was made in commercial advertisement or promotion[.]" *Agency Y LLC v. DFO Glob. Perf. Commerce*, No. CV 20-1716 JVS, 2021 WL 2791616, at *7 (C.D. Cal. Apr. 22, 2021).

As to the first element, the Mosafer Plaintiffs fail to allege *any* statement made by BCM or Circinus. *See generally* ECF No. 1. Moreover, none of the purported statements whose content is identified in the complaint mentions any product or service. *See id.* ¶¶ 66, 76, 82-83. The Mosafer Plaintiffs would have this Court stretch the Lanham Act to encompass *any* statements about a foreign country, so long as a U.S. subsidiary whose parent company is headquartered in that foreign country claims economic harm. No court has ever construed the Lanham Act so broadly, and this Court should not be the first to do so.

As to the second element, "[t]he Act does not define 'advertising' or 'promotion,' but this court has adopted the following definition: (1) commercial speech, (2) by a defendant who is in commercial competition with plaintiff, (3) for the purpose of influencing consumers to buy defendant's goods or services, and (4) that is sufficiently disseminated to the relevant purchasing public." *Ariix*, 985 F.3d at 1115. For the reasons discussed *supra*, *The Washington Post* ad does not amount to commercial speech. Additionally, none of the three Broidy Defendants sells suitcases in "commercial competition" with the Mosafer Plaintiffs. Finally, a single newspaper ad is not "sufficiently disseminated to the relevant purchasing public." *See Walker & Zanger, Inc. v. Paragon Indus., Inc.*, 549 F. Supp. 2d 1168, 1182 (N.D. Cal. 2007) ("A handful of statements to customers does not trigger protection from the Lanham Act..."). Thus, the Lanham Act claim fails.

### 8. The complaint does not allege facts supporting trade libel.

The Mosafer Plaintiffs fail to allege facts to state a trade libel claim. "To state a claim for trade libel, a party must allege, among other things, special

damages, subject to the heightened pleading standard under Fed. R. Civ. P. 9(g)." *Eros Tour & Travel, Inc. v. Infinitywaves, LLC*, No. CV 14-5095, 2014 WL 12591919, at *7 (C.D. Cal. Dec. 9, 2014) (internal quotation marks omitted). "To sufficiently allege special damages, Plaintiff must identify the particular purchasers who have refrained from dealing with them, and specify the transactions of which they claim to have been deprived." *Peterson v. Sanghi*, No. 8:18CV2000, 2019 WL 1715487, at *9 (C.D. Cal. Feb. 14, 2019) (quotation marks and brackets omitted).

The Mosafer Plaintiffs fail to identify any individual customer or transaction. *See generally* ECF No. 1. Rather, they generally seek "special damages for the customers that [they] lost as a result of the Disinformation Conspiracy." *Id.* ¶ 126. They further allege "a loss of sales and goodwill." *Id.* ¶ 125. These allegations do not suffice. *See Homeland Housewares, LLC v. Euro-Pro Op. LLC*, No. CV 14-3954 DDP, 2014 WL 6892141, at *4 (C.D. Cal. Nov. 5, 2014) ("Plaintiffs did not set forth any factual allegations other than that Plaintiffs lost sales, market share, and customer goodwill. This conclusory statement is not sufficient to properly plead special damages for trade libel under California law."). The Court should therefore strike Count Four.

### 9.   *The negligence claim fails as a matter of law.*

The Mosafer Plaintiffs fail to state a negligence claim for six reasons. First, they are not entitled to the evidentiary presumption from California's negligence *per se* statute, because they do not allege death, personal injury, property damage, or any of the other prerequisites. *See* Cal. Evid. Code § 669(a); *see also Jack v. Pearson*, No. 1:17CV520, 2018 WL 1567796, at *4 (E.D. Cal. Mar. 30, 2018) ("Alleging negligence per se without allegations that plausibly indicate the presumption's applicability is grounds for dismissal.").

Second, the economic loss rule precludes the Mosafer Plaintiffs from recovering lost profits through a negligence claim. *See Hameed-Brown v. Forever*

*21 Retail, Inc.*, No. CV 18-3019 SJO, 2018 WL 6802818, at \*4 (C.D. Cal. Oct. 1, 2018) ("Under the economic loss rule, purely economic losses are not recoverable in tort.") (quotation marks omitted).

Third, no court or legislature has ever created a duty of care in tort arising from FARA. *See Strojnik v. Bakersfield Convention Hotel I, LLC*, 436 F. Supp. 3d 1332, 1344 (E.D. Cal. 2020) ("In order for the [negligence *per se*] presumption to be available, either the courts or the Legislature must have created a duty of care.") (internal quotation marks omitted); *see also Waterhouse v. Cufi Church Ass'n Inc.*, No. Civ. 14-144 SOM, 2014 WL 1745098, at \*3 (D. Haw. Apr. 29, 2014) (holding that "there is no private right of action for violations of [FARA]").

Fourth, the Mosafer Plaintiffs fail to allege how any of the three Broidy Defendants violated FARA within the meaning of 22 U.S.C. § 611(c). *See generally* ECF No. 1; *see also Cerecedes v. U.S. Bancorp*, No. CV 11-219 CAS, 2011 WL 1666938, at \*6 (C.D. Cal. Apr. 29, 2011) (dismissing negligence per se claim because "the allegations are insufficient to place defendants on notice of how defendants violated the statutes").

Fifth, even assuming each of the three Broidy Defendants violated FARA, the Mosafer Plaintiffs allege no facts explaining how they would have earned higher profits but for the hypothetical FARA violations. *See generally* ECF No. 1; *see also Liu v. Marriott Vacation Worldwide*, No. 5:18CV2442, 2019 WL 8106290, at \*5 (C.D. Cal. July 1, 2019) ("The plaintiff bringing a negligence per se claim still has the burden of proving causation.") (brackets omitted).

Sixth, the Mosafer Plaintiffs explicitly allege intentional misconduct, which cannot support a negligence claim as a matter of law. *See* ECF No. 1 ¶ 129 ("Defendants breached their duty to Mosafer by … knowingly and *intentionally* spreading disinformation …") (emphasis added); *see also U.S. ex rel. Knapp v. Calibre Sys., Inc.*, No. CV 10-4466 ODW, 2011 WL 4914711, at \*4 (C.D. Cal.

Oct. 17, 2011) ("[S]uch inherently intentional conduct cannot support a claim of negligence."). Therefore, the Court should strike Count Five.

### 10. The Mosafer Plaintiffs fail to allege a conspiracy.

The alleged facts do not support a conspiracy theory. The Mosafer Plaintiffs "cannot indiscriminately allege that conspiracies existed between and among all defendants." *Acculmage Diagnostics Corp. v. Terarecon, Inc.*, 260 F. Supp. 2d 941, 948 (N.D. Cal. 2003). Yet that is exactly what they have done. They vaguely define the "Disinformation Conspiracy" as a "widespread disinformation campaign," ECF No. 1 ¶ 3, and then they repeatedly use that term throughout the complaint, *see, e.g.*, *id.* ¶¶ 5, 7, 12, 30, 61-64. Well-settled law requires the Mosafer Plaintiffs to allege "facts of agreement, express or implied, or mutual understanding to achieve a common and unlawful plan beyond the conclusory statements that Defendants conspired with one another." *Shelton v. Ocwen Loan Servicing, LLC*, No. 18 CV 2467 AJB, 2019 WL 4747669, at *3 (S.D. Cal. Sept. 30, 2019). But there are no facts supporting an inference that Broidy, BCM, or Circinus ever communicated with—let alone reached an agreement or mutual understanding with—SCL, Ironistic, Project Associates, or Atkinson. *See generally* ECF No. 1. This is particularly true given that "Rule 9(b) imposes heightened pleading requirements where," as here, "the object of the conspiracy is fraudulent." *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007) (internal quotation marks omitted). The Court should strike the Mosafer Plaintiffs' conspiracy theory.

## III.   Alternatively, the Court should dismiss the Mosafer Plaintiffs' complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

If the Court declines to strike any of the Mosafer Plaintiffs' claims under the anti-SLAPP statute, it should dismiss them under Fed. R. Civ. P. 12(b)(6) for the reasons discussed above. *See Future Ads LLC v. Gillman*, No. CV 13-905 DOC, 2013 WL 12306479, at *2 (C.D. Cal. Dec. 23, 2013) ("Defendants often move to

strike under the anti-SLAPP statute in addition to moving to dismiss."); *see also, e.g.*, *Royal Holdings Techs. Corp. v. IP Video Market Info Inc.*, No. 2:20CV4093 SB, 2020 WL 8225666, at *12 (C.D. Cal. Dec. 18, 2020) (denying anti-SLAPP motion to strike but granting motion to dismiss in the alternative); *Tarkington v. Cty. of Los Angeles*, No. CV 18-7636 CJC, 2019 WL 1002516, at *10 (C.D. Cal. Jan. 16, 2019) (same); *Colonies Partners LP v. Cty. of San Bernardino*, No. CV 18-420 JGB, 2018 WL 6137147, at *14 (C.D. Cal. Oct. 2, 2018) (same).

## CONCLUSION

For the reasons discussed, the Court should strike the Mosafer Plaintiffs' complaint and award the Broidy Defendants fees and costs under Cal. Civ. Proc. Code § 425.16(c)(1).[8] Alternatively, the Court should dismiss the complaint for lack of standing and failure to state a claim upon which relief can be granted.

Dated: October 7, 2021            Respectfully submitted,

MCGUIREWOODS LLP

By:     *s/ Kevin M. Lally*
            Kevin M. Lally
            Abigail G. Urquhart
            -and-

---

[8] In accord with established practice, the Broidy Defendants will file a separate motion for fees and costs if the Court grants the motion to strike. *See, e.g.*, *Hyundai Motor Am., Inc. v. Yahala Trading Co.*, No. CV 19-1413 JVS, 2020 WL 2770196 (C.D. Cal. Apr. 1, 2020).

George J. Terwilliger III (*Pro Hac Vice*)
Michael Francisco (*Pro Hac Vice*)
MCGUIREWOODS LLP
888 16th Street NW, Suite 500
Washington, DC 20006
Telephone: (202) 857-1700
Facsimile: (202) 857-1737
E-Mail: gterwilliger@mcguirewoods.com
E-Mail: mfrancisco@mcguirewoods.com

-and-

Brooks H. Spears (*Pro Hac Vice*)
MCGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800
Tysons, Virginia 22102
Telephone: (703) 712-5000
Facsimile: (703) 712-5050
E-Mail: bspears@mcguirewoods.com

Attorneys for ELLIOTT BROIDY
BROIDY CAPITAL MANAGEMENT, LLC
CIRCINUS, LLC

# CERTIFICATE OF SERVICE

I certify that, on October 7, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice to all counsel of record.

*s/ Kevin M. Lally*
Kevin M. Lally