MCGUIREWOODS LLP
KEVIN M. LALLY (SBN 226402)
ABIGAIL G. URQUHART (SBN 310547)
355 S. Grand Avenue, Suite 4200
Los Angeles, California 90071-3103
Telephone: (213) 457-9862
Facsimile: (213) 457-9882
E-Mail: klally@mcguirewoods.com
E-Mail: aurquhart@mcguirewoods.com

Attorneys for Defendants Elliott Broidy, Broidy Capital Management, LLC, and Circinus, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOSAFER INC.; MOSAFER ECOM, INC.; AND GOMOSAFER,<br><br>Plaintiffs,<br>vs.<br><br>ELLIOT BROIDY; GEORGE NADER; BROIDY CAPITAL MANAGEMENT, LLC; CIRCINUS, LLC; THE IRON GROUP INC. D/B/A IRONISTIC.COM; SCL SOCIAL LIMITED; PROJECT ASSOCIATES UK LTD; MATTHEW ATKINSON; AND JOHN DOES 1-100,<br><br>Defendants. | CASE NO. 2:21-cv-06320-MCS-JC<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS ELLIOTT BROIDY, BROIDY CAPITAL MANAGEMENT, LLC, AND CIRCINUS, LLC** |

Defendants Elliott Broidy ("Broidy"), Broidy Capital Management, LLC ("BCM"), and Circinus, LLC ("Circinus") (collectively, the "Broidy Defendants"), pursuant to Fed. R. Civ. P. 8, 13, 17, 19, and 20, submit the following answer and affirmative defenses to the complaint filed by Plaintiffs Mosafer Inc. ("Mosafer"), Mosafer-Ecom, Inc. ("Mosafer-Ecom"), and Abu Issa Holding WLL d/b/a Gomosafer ("AIH") (collectively, the "Mosafer Plaintiffs").

## ANSWER

## RESPONSE TO INTRODUCTION

1. Defendants deny the allegations of Paragraph 1.

2. Defendants deny the allegations of Paragraph 2. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 as it relates to Defendant Nader, and therefore the allegations are denied.

3. Defendants deny the allegations of Paragraph 3.

4. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4, and therefore the allegations are denied.

5. Defendants deny the allegations of Paragraph 5 specific to Defendants. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 about Ironistic, SCL, Project Associates, Atkinson and John Does 1-100, and therefore the allegations are denied.

6. Paragraph 6 contains only legal conclusions to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations of Paragraph 6.

7. Defendants deny the allegations of Paragraph 7.

8. Defendants deny the allegations of Paragraph 8.

9. Defendants deny the allegations of Paragraph 9.

10. Defendants deny the allegations of Paragraph 10.

11. Defendants deny the allegations of Paragraph 11.

12. Defendants deny the allegations of Paragraph 12.

13. Defendants deny the allegations of Paragraph 13 related to Defendants. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 related to Mosafer, and therefore the allegations are denied.

### RESPONSE TO JURISDICTION AND VENUE

14. Paragraph 14 contains only legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants admit that venue is proper.

15. Paragraph 15 contains only legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants admit that jurisdiction is proper under 28 U.S.C. §§ 1331, 1367.

16. Paragraph 16 contains only legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants admit that venue is proper.

### RESPONSE TO PARTIES

17. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17, and therefore the allegations are denied.

18. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18, and therefore the allegations are denied.

19. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19, and therefore the allegations are denied.

20. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20, and therefore the allegations are denied.

21. Defendants admit that Broidy is a businessman who resides in Beverly Hills, California and is a resident of California. Defendants further admit that Broidy is a former finance chairman of the RNC and vice chairman of the Trump Victory Committee and fund-raiser for Donald Trump. Defendants deny all remaining allegations of Paragraph 21.

22. Defendants admit the allegations of Paragraph 22.

23. Defendants admit that Circinus is a limited liability company with its principal place of business in Fredericksburg, Virginia. Defendants deny all remaining allegations of Paragraph 23.

24. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24, and therefore the allegations are denied.

25. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25, and therefore the allegations are denied.

26. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26, and therefore the allegations are denied.

27. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27, and therefore the allegations are denied.

28. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28, and therefore the allegations are denied.

29. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29, and therefore the allegations are denied.

## RESPONSE TO FACTUAL ALLEGATIONS

30. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30, and therefore the allegations are denied.

31. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31, and therefore the allegations are denied.

32. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32, and therefore the allegations are denied.

33. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33, and therefore the allegations are denied.

34. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34, and therefore the allegations are denied.

35. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35, and therefore the allegations are denied.

36. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36, and therefore the allegations are denied.

37. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37, and therefore the allegations are denied.

38. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38, and therefore the allegations are denied.

39. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39, and therefore the allegations are denied.

40. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40, and therefore the allegations are denied.

41. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41, and therefore the allegations are denied.

42. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42, and therefore the allegations are denied.

43. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43, and therefore the allegations are denied.

44. Defendants deny the allegations of Paragraph 44.

45. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45, and therefore the allegations are denied.

46. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46, and therefore the allegations are denied.

47. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47, and therefore the allegations are denied.

48. Defendants deny the allegations of Paragraph 48.

49. Defendants deny the allegations of Paragraph 49.

50. Defendants deny the allegations of Paragraph 50.

51. Paragraph 51 contains only legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations of Paragraph 51.

52. Defendants deny the allegations of Paragraph 52.

53. Defendants deny the allegations of Paragraph 53.

54. Defendants admit that transcript of a court hearing is a document that speaks for itself. To the extent Paragraph 54 contains allegations inconsistent with that document, Defendants deny them.

55. Defendants admit that Broidy was pardoned and that a court filing is a document that speaks for itself. To the extent Paragraph 55 contains allegations inconsistent with that document, Defendants deny them. Defendants deny all remaining allegations in Paragraph 55.

56. Defendants admit that documents illegally obtained from Defendants were maliciously leaked to various news sources in 2018. Defendants deny any and all remaining allegations in Paragraph 56.

57. Defendants admit that New York Times reporting is a document that speaks for itself. To the extent Paragraph 57 contains allegations inconsistent with that document, Defendants deny them.

58. Defendants deny the allegations of Paragraph 58.

59. Defendants admit that Broidy insisted he was never a registered foreign agent and never acted on behalf of any foreign government. Defendants admit that Broidy sponsored a conference exposing Qatar's ties to terrorism. Defendants further admit that Circinus had contractual relations with the UAE. Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations in Paragraph 59, and therefore the allegations are

denied.

60. Defendants deny the allegations of Paragraph 60.

61. Defendants deny the allegations of Paragraph 61.

62. Defendants deny the allegations of Paragraph 62.

63. Defendants deny the allegations of Paragraph 63.

64. Defendants admit that reporting based in part on documents illegally obtained from Broidy exist and are documents that speak for themselves. To the extent Paragraph 64 contains allegations inconsistent with that document, Defendants deny them.

65. Defendants deny the allegations of Paragraph 65.

66. Defendants deny the allegations of Paragraph 66.

67. Defendants deny the allegations of Paragraph 67.

68. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68, and therefore the allegations are denied.

69. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69, and therefore the allegations are denied.

70. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 70, and therefore the allegations are denied.

71. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 71, and therefore the allegations are denied.

72. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72, and therefore the allegations are denied.

73. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73, and therefore the allegations are denied.

74. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 74, and therefore the allegations are denied.

75. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 75, and therefore the allegations are denied.

76. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 76, and therefore the allegations are denied.

77. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 77, and therefore the allegations are denied.

78. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 78, and therefore the allegations are denied.

79. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 79, and therefore the allegations are denied.

80. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 80, and therefore the allegations are denied.

81. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 81, and therefore the allegations are denied.

82. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 82, and therefore the allegations are denied.

83. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 83, and therefore the allegations are denied.

84. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 84, and therefore the allegations are denied.

85. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 85, and therefore the allegations are denied.

86. Defendants deny the allegations of Paragraph 86.

87. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 87, and therefore the allegations are denied.

88. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 88, and therefore the allegations are denied.

89. Defendants deny the allegations of Paragraph 89.

90. Defendants deny the allegations of Paragraph 90.

91. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 91, and therefore the allegations are denied.

92. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 92, and therefore the allegations are denied.

93. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 93, and therefore the allegations are denied.

94. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 94, and therefore the allegations are denied

95. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 95, and therefore the allegations are denied.

96. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 96, and therefore the allegations are denied.

97. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 97, and therefore the allegations are denied.

## RESPONSE TO ALLEGATIONS RE: CLAIMS FOR RELIEF
## FIRST CAUSE OF ACTION
### Violation of California Unfair Competition Law
### (California Business & Professions Code §§ 17200, *et seq*.) (All Plaintiffs Against All Defendants)

98. Defendants deny the allegations of Paragraph 98.

99. Paragraph 99 contains only legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations of Paragraph 99.

100. Paragraph 100 contains only legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations of Paragraph 100.

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS ELLIOTT BROIDY, BROIDY CAPITAL MANAGEMENT, LLC, AND CIRCINUS, LLC

101. Paragraph 101 contains only legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations of Paragraph 101.

102. Defendants deny the allegations of Paragraph 102.

103. Defendants deny the allegations of Paragraph 103.

104. Defendants deny the allegations of Paragraph 104.

105. Paragraph 105 contains only legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations of Paragraph 105.

## SECOND CAUSE OF ACTION

### Violation of California False Advertising Law
### (California Business & Professions Code §§ 17500, *et seq*.) (All Plaintiffs Against All Defendants)

106. Defendants deny the allegations of Paragraph 106.

107. Paragraph 107 contains only legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations of Paragraph 107.

108. Defendants deny the allegations of Paragraph 108.

109. Defendants deny the allegations of Paragraph 109.

110. Defendants deny the allegations of Paragraph 110.

111. Defendants deny the allegations of Paragraph 111.

112. Defendants deny the allegations of Paragraph 112.

113. Paragraph 113 contains only legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations of Paragraph 113.

# THIRD CAUSE OF ACTION

## False Advertising in Violation of Section 43(a)(1)(B) of the Lanham Act
## (15 U.S.C. § 1125(a)(1)(B)
## (All Plaintiffs against all Defendants)

114. Defendants deny the allegations of Paragraph 114.

115. Paragraph 115 contains only legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations of Paragraph 115.

116. Defendants deny the allegations of Paragraph 116.

117. Defendants deny the allegations of Paragraph 117.

118. Defendants deny the allegations of Paragraph 118.

119. Defendants deny the allegations of Paragraph 119.

120. Defendants deny the allegations of Paragraph 120.

121. Paragraph 121 contains only legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations of Paragraph 121.

# FOURTH CAUSE OF ACTION

## Trade libel

## (All Plaintiffs against all Defendants)

122. Defendants deny the allegations of Paragraph 122.

123. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 123, and therefore the allegations are denied.

124. Defendants deny the allegations of Paragraph 124.

125. Defendants deny the allegations of Paragraph 125.

126. Paragraph 126 contains only legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations of Paragraph 126.

## FIFTH CAUSE OF ACTION

### Negligence (All Plaintiffs against all Defendants)

127. Defendants deny the allegations of Paragraph 127.

128. Defendants deny the allegations of Paragraph 128.

129. Defendants deny the allegations of Paragraph 129.

130. Defendants deny the allegations of Paragraph 130.

131. Paragraph 131 contains only legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations of Paragraph 131.

## DEFENDANTS' AFFIRMATIVE DEFENSES

132. Broidy Defendants set forth the following affirmative defenses. In asserting these affirmative defenses, Broidy Defendants are not assuming the burden to establish any fact or proposition where that burden is properly imposed on plaintiffs.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State A Claim)

133. The Complaint, and each and every remaining claim for relief against Broidy Defendants, fails to state a claim upon which relief may be granted against Broidy Defendants, and further fails to entitle Plaintiffs to the relief sought or to any relief whatsoever against Broidy Defendants.

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Standing)

134. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to assert any or all of the causes of action alleged in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

### (Statute of Limitations)

135. The claims made in the Complaint are barred, in whole or in part, by applicable statutes of limitations.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

136. The claims made in the Complaint are barred, in whole or in part, because of a failure to mitigate damages, if any such damages exist.

## FIFTH AFFIRMATIVE DEFENSE

### (Equitable Defenses)

137. The claims made in Complaint and the purported causes of action alleged therein are barred, in whole or in part, by the equitable doctrines of estoppel, waiver, laches, assumption of risk, and/or unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (First Amendment/Free Speech)

138. The Complaint, and each of its claims for relief, is barred by the First and Fourteenth Amendments of the United States Constitution and Article 1, Section 2 of the California Constitution.

## SEVENTH AFFIRMATIVE DEFENSE

### (Improper Purpose to Chill Speech)

139. Upon information and belief, this action was filed by Plaintiffs for the sole purpose of inhibiting and deterring Broidy Defendants from exercising their constitutional right to engage in free speech and to report to the public and other interested parties about matters of public importance, interest and concern.

## EIGHTH AFFIRMATIVE DEFENSE

### (Truth)

140. Upon information and belief, the statements complained of in Plaintiffs' complaint were not false.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Plead Fraud with Sufficient Particularity)

141. The Complaint, and each allegation of fraud and misrepresentation therein, fails to aver the circumstances constituting fraud with particularity in

accordance with Federal Rule of Civil Procedure 9(b).

### TENTH AFFIRMATIVE DEFENSE
### (Failure to Plead Trade Libel with Sufficient Particularity)

142. The Complaint, and each allegation of trade libel therein, fails to aver the circumstances constituting trade libel with particularity in accordance with Federal Rule of Civil Procedure 9(g).

### ELEVENTH AFFIRMATIVE DEFENSE
### (Duplicative Claims)

143. Without admitting that the Complaint states a claim, any remedies are limited to the extent that it seeks an overlapping or duplicative recovery pursuant to the various claims for any alleged single wrong.

### TWELFTH AFFIRMATIVE DEFENSE
### (Lack of Causation)

144. Plaintiffs' claims against Broidy Defendants are barred because Plaintiffs' damages, if any, were not caused by Broidy Defendants.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Acts of Others)

145. Plaintiffs' claims are barred, in whole or in part, because Broidy Defendants are not liable for the acts of others over whom they have no control.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (No Duty of Care)

146. Broidy Defendants and their officials, employees and/or agents at all times exercised reasonable care and did not breach any duty of care alleged to be owed to Plaintiffs.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Lack of Reliance)

147. Plaintiff did not reasonably rely upon any alleged misrepresentations, nondisclosures, or false advertisements, if any, made by Broidy Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to Join Real Parties at Interest)

148. Plaintiffs are not the real parties in interest for pursuit of the claims set forth in the Complaint. Consequently, all claims are barred under Federal Rule of Civil Procedure 17(a)(1).

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Required Parties)

149. The State of Qatar, Abu Issa Holdings WLL, Ashraf Abu Issa, and Nabil Abu Issa are required parties under Federal Rule of Civil Procedure 19.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedies at Law)

150. The alleged injury or damages suffered by Plaintiff, if any, would be adequately compensated by damages. Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to seek equitable relief.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

151. Plaintiff's claims are barred in whole or in part, or alternatively Plaintiff's recovery should be reduced, because the alleged damages, if any, are speculative.

///
///
///
///
///
///
///
///

## TWENTIETH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

152. Broidy Defendants hereby give notice that they intend to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and thus reserves the right to amend this Answer to assert such defenses, including defenses asserted by any other defendant.

Dated: October 7, 2021                    Respectfully submitted,

McGuireWoods LLP

 s/ Kevin M. Lally
Kevin M. Lally
Abigail G. Urquhart
355 S. Grand Avenue, Suite 4200
Los Angeles, California 90071-3103
Telephone: (213) 457-9862
Facsimile:  (213) 457-9882
E-Mail: klally@mcguirewoods.com
E-Mail: aurquhart@mcguirewoods.com

George J. Terwilliger III (*Pro Hac Vice*)
Michael Francisco (*Pro Hac Vice*)
McGuireWoods LLP
888 16th Street NW, Suite 500
Black Lives Matter Plaza
Washington, DC 20006
Telephone: (202) 857-1700
Facsimile: (202) 857-1737
E-Mail: gterwilliger@mcguirewoods.com
E-Mail: mfrancisco@mcguirewoods.com

-18-
ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS ELLIOTT BROIDY, BROIDY CAPITAL MANAGEMENT, LLC, AND CIRCINUS, LLC

|    |                                                                     |
|----|---------------------------------------------------------------------|
| 1  |                                                                     |
| 2  | Brooks H. Spears (*Pro Hac Vice*)                                   |
|    | MCGUIREWOODS LLP                                                    |
| 3  | 1750 Tysons Boulevard, Suite 1800                                   |
|    | Tysons, Virginia 22102                                              |
| 4  | Telephone: (703) 712-5000                                           |
| 5  | Facsimile:  (703) 712-5050                                          |
|    | E-Mail: bspears@mcguirewoods.com                                    |
| 6  |                                                                     |
| 7  | Attorneys for Defendants ELLIOTT                                    |
|    | BROIDY BROIDY CAPITAL                                               |
| 8  | MANAGEMENT, LLC                                                     |
| 9  | CIRCINUS, LLC                                                       |

# CERTIFICATE OF SERVICE

I certify that, on October 7, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice to all counsel of record.

<u>s/ Kevin M. Lally</u><br>
Kevin M. Lally