Stephen G. Larson (SBN 145225)
*slarson@ larsonllp.com*
Koren L. Bell (SBN 216684)
*kbell@larsonllp.com*
Paul A. Rigali (SBN 262948)
*prigali@larsonllp.com*
Jonathan D. Gershon (SBN 306979)
jgershon@larsonllp.com
**LARSON LLP**
555 South Flower Street, Suite 4400
Los Angeles, CA  90071
Telephone:   213.436-4888
Facsimile:    213.623-2000

Attorneys for Plaintiffs
MOSAFER INC.;
MOSAFER E-COM, INC.;
AND GOMOSAFER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MOSAFER INC.; MOSAFER E-COM, INC.; and GOMOSAFER,<br><br>Plaintiffs.<br><br>vs.<br><br>ELLIOT BROIDY; GEORGE NADER; BROIDY CAPITAL MANAGEMENT, LLC; CIRCINUS, LLC; THE IRON GROUP INC. D/B/A IRONISTIC.COM; SCL SOCIAL LIMITED; PROJECT ASSOCIATES UK LTD; MATTHEW ATKINSON; and JOHN DOES 1-100,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | CASE No. 2:21-cv-06320 MCS (JCx)<br>To be related to: 2:18-CV-02421-JFW<br><br>**NOTICE OF RELATED CASES [L.R. 83-1.2.2; 83-1.3.1]**<br><br>Judge:  Hon.  Mark C. Scarsi<br><br>Complaint Filed:     August 5, 2021<br>Counterclaim Filed:  October 10, 2021 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

In accordance with Local Rules 83-1.2.2 and 83-1.3.1, Plaintiffs Mosafer Inc., Mosafer E-Com, Inc., and Gomosafer (collectively, "Plaintiffs") file this Notice of Related Cases on the grounds that this Action has become related to *Broidy Capital Management, LLC et al. v. State of Qatar et al.*, Case No. 18-cv-02421-JFW ("*Broidy v. Qatar*") upon Elliot Broidy, Broidy Capital Management, LLC ("BCM"), and Circinus, LLC filing their Counterclaim. [Doc. 46].

Pursuant to Local Rule 83-1.2.2:

> Whenever an action is dismissed by a party or by the Court before judgment and thereafter the same or essentially the same claims, involving the same or essentially the same parties, are alleged in another action, the later-filed action shall be assigned to the judge to whom the first-filed action was assigned.  It shall be the duty of every attorney in any such later-filed action to bring those facts to the attention of the Court in the Civil Cover Sheet and by the filing of a Notice of Related Case(s) pursuant to L.R. 83-1.3.

*Broidy v. Qatar* was filed by Broidy and BCM in this District on March 26, 2018 based on allegations that "Qatar initiated a hack-and-smear operation against Broidy."  Counterclaim ¶ 37.  On August 8, 2021, the court in *Broidy v. Qatar*, the Honorable John F. Walter presiding, granted Qatar's Motion to Dismiss pursuant to 12(b)(1) and 12(b)(2) on the grounds that Qatar was immune from suit under the Foreign Sovereign Immunities Act. [*Broidy v. Qatar,* Doc. 198]; *see also* Counterclaim ¶ 37 ("Qatar willingly embraced the protections afforded by foreign sovereign immunity and did not respond to the merits of Broidy's claims, and the District Court dismissed on those grounds.").  When the remaining defendants' claims were dismissed, the court entered a Final Judgment of Dismissal on September 27, 2018. [*Broidy v. Qatar,* Doc. 227].  This judgment was appealed by Broidy and ultimately affirmed by the Ninth Circuit.  [*Broidy v. Qatar,* Doc. 247, 250].

The Counterclaimants concede, as they must, that they are attempting to "revive" these previously dismissed claims and that they "brought the substance of these claims against Qatar in this court previously." Counterclaim, ¶¶ 3, 248. Indeed, both the Counterclaim and *Broidy v. Qatar* include identical causes of action being asserted by Broidy and BCM against the State of Qatar for (1) Violation of the Computer Fraud and Abuse Act, (2) Violation of the California Comprehensive Computer Data Access and Fraud Act, (3) Receipt and Possession of Stolen Property in Violation of Cal. Pen. Code § 496, (4) Invasion of Privacy by Intrusion Upon Seclusion, (5) Conversion, (6) Violation of the Stored Communications Act, (7) Violation of the Digital Millennium Copyright Act, (8) Violation of the California Uniform Trade Secrets Act, and (9) Violation of the Defend State Secrets Act. *See* Counterclaim Counts 4-12; *cf. Broidy v. Qatar*, Doc. 47, Causes of Action Nos. 1-9.

Accordingly because (a) the claims against Qatar in *Broidy v. Qatar* were dismissed by the Court before a judgment was entered, (b) the instant Counterclaims involve the same or essentially the same claims as in *Broidy v. Qatar*, and (c), these claims involve the same parties—BCM, Broidy, and the State of Qatar—Local Rule 83-1.2.2 requires that this Action be reassigned to the Honorable John F. Walter, the judge who presided over *Broidy v. Qatar*. *See*, *e.g.*, *Tittl v. Hilton Worldwide, Inc.*, 2013 WL 1087730, at *8 (E.D. Cal. Mar. 14, 2013) (confirming that Local Rule 83-1.2.2 would "in fact" assure that a newly-filed case is assigned in the Central District to the judge who handled the older case, dismissing identical claims, because Local Rule 83-1.2.2 "envisions that there need not be an existing case pending before the newly-filed case is assigned to the judge who handled the older case"); *see also Shields v. Amerigas Propane, Inc.*, 2015 WL 5436772, at *6 (E.D. Cal. Sept. 15, 2015) (transferring case to the Central District because Local Rule 83-1.2.2 ensured that it would be heard by Judge Morrow who "after presiding over that case for nearly two years" had "a depth of familiarity with the subject matter implicated by this case that the court cannot overlook.").

Moreover, independent of Rule 83-1.2.2, this Action is related to *Broidy v. Qatar* based on Local Rule 83-1.3.1 because the Counterclaim brings the identical claims decided in *Broidy v. Qatar.* This rule provides that cases are related if they "(a) arise from the same or a closely related transaction, happening, or event; (b) call for determination of the same or substantially related or similar questions of law and fact; or (c) for other reasons would entail substantial duplication of labor if heard by different judges." L.R. 83-1.3.1.

Although any one of these three criteria are grounds for deeming the cases related, here all three criteria are met. Because the Counterclaims against Qatar are identical to claims already decided by the Court in *Broidy v. Qatar,* the two actions arise from the same events, call for determination of the same questions of law and fact, and would entail substantial duplication of labor if these claims were heard by different judges.

For the foregoing reasons, Plaintiffs respectfully submit that the above-captioned action qualifies for related-case transfer to Judge Walter under both Local Rule 83-2.2 and Local Rule 83-1.3.1. *See also* General Order 21-01 § II.H ("When a newly filed civil case is identified as identical to a previously filed civil case, pending or closed, the Clerk will prepare a proposed order to transfer the newly filed case to the judge assigned the previously filed case and will present the proposed order to the Case Management and Assignment Committee Chair for signature.").

Further, the substantial similarity between the two matters separately justifies this Court voluntarily transferring the Action to Judge Walter in the exercise of discretion. *See* General Order 21-01 § II.C ("Any case may be transferred from one judge to another by order jointly signed by the transferor and transferee judges….").

| | | |
|---|---|---|
| 1 | DATED:  October 13, 2021 | LARSON LLP |
| 2 | | By: */s/ Stephen G. Larson* |
| 3 | | Stephen G. Larson |
| 4 | | Koren L. Bell |
| | | Paul A. Rigali |
| 5 | | Attorneys for Plaintiffs MOSAFER INC., MOSAFER E-COM, INC., and GOMOSAFER |