MCGUIREWOODS LLP
KEVIN M. LALLY (SBN 226402)
ABIGAIL G. URQUHART (SBN 310547)
355 S. Grand Avenue, Suite 4200
Los Angeles, California 90071-3103
Telephone: (213) 457-9862
E-Mail: klally@mcguirewoods.com
E-Mail: aurquhart@mcguirewoods.com

GEORGE J. TERWILLIGER III (*Pro Hac Vice*)
MICHAEL FRANCISCO (*Pro Hac Vice*)
888 16th Street NW, Suite 500
Washington, DC 20006
Telephone: (202) 857-1700
E-Mail: gterwilliger@mcguirewoods.com
E-Mail: mfrancisco@mcguirewoods.com

BROOKS H. SPEARS (*Pro Hac Vice*)
1750 Tysons Boulevard, Suite 1800
Tysons, Virginia 22102
Telephone: (703) 712-5000
E-Mail: bspears@mcguirewoods.com

Attorneys for Defendants and Counterclaim-Plaintiffs
Elliott Broidy, Broidy Capital Management, LLC, and Circinus, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOSAFER INC.; MOSAFER ECOM, INC.; and GOMOSAFER,<br><br>        Plaintiffs,<br><br>    vs.<br><br>ELLIOTT BROIDY; *et al.*,<br><br>        Defendants.<br><br><br>AND RELATED COUNTERCLAIM | CASE NO. 2:21-cv-06320-MCS-JC<br><br>**BROIDY DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO STRIKE (CAL. CODE OF CIV. PROC. § 425.16) OR, ALTERNATIVELY, TO DISMISS (FRCP 12(B)(1) AND (6)) COMPLAINT**<br><br>Date:  November 15, 2021<br>Time:   9:00 a.m.<br>Courtroom: 7C, Hon. Mark C. Scarsi |

# TABLE OF CONTENTS

**Page**

ARGUMENT ......................................................................................................... 1

I.      PLAINTIFFS LACK STANDING FOR THEIR INJUNCTION
        CLAIM. ..................................................................................................... 1

II.     THE ILLEGAL ACTIVITY EXCEPTION TO ANTI-SLAPP DOES
        NOT APPLY. ............................................................................................ 1

III.    GOMOSAFER ADMITS THAT IT LACKS THE CAPACITY TO
        SUE. .......................................................................................................... 2

IV.     THE STATUTES OF LIMITATIONS ARE NOT SUBJECT TO
        TOLLING OR ESTOPPEL. ...................................................................... 3

V.      PLAINTIFFS HAVE NOT ALLEGED FACTS FOR A PERMANENT
        INJUNCTION. .......................................................................................... 4

VI.     THIS CASE INVOLVES NON-COMMERCIAL POLITICAL
        SPEECH. ................................................................................................... 5

VII.    PLAINTIFFS' ALLEGATIONS DO NOT SATISFY FED. R. CIV. P.
        9(B). .......................................................................................................... 6

VIII.   PLAINTIFFS LACK STANDING UNDER THE UCL AND FAL. ............. 7

IX.     PLAINTIFFS FAIL TO IDENTIFY FACTS SUPPORTING THEIR
        LANHAM ACT CLAIM............................................................................. 7

X.      PLAINTIFFS FAIL TO PLEAD SPECIAL DAMAGES FOR TRADE
        LIBEL. ...................................................................................................... 8

XI.     PLAINTIFFS DO NOT HAVE A NEGLIGENCE CLAIM FOR LOST
        PROFITS. .................................................................................................. 8

XII.    PLAINTIFFS FAIL TO IDENTIFY FACTS SUPPORTING THEIR
        CONSPIRACY THEORY. ...................................................................... 10

CONCLUSION ................................................................................................... 10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Agricola Cuyuma SA v. Corona Seeds, Inc.*,
  2021 WL 3930054 (C.D. Cal. June 25, 2021)...................................................9

*Ariix, LLC v. NutriSearch Corp.*,
  985 F.3d 1107 (9th Cir. 2021) ..............................................................5, 6

*Aryeh v. Canon Bus. Solutions, Inc.*,
  292 P.3d 871 (Cal. 2013)......................................................................3, 4

*Benyamini v. Stead*,
  2017 WL 1230839 (C.D. Cal. Mar. 31, 2017) ...........................................3

*Best Tire & Svc. Ctrs., LLC v. Goodyear Tire & Rubber Co.*,
  2017 WL 1017642 (C.D. Cal. Feb. 14, 2017)...........................................2

*Cannon v. Univ. of Chicago*,
  441 U.S. 677 (1979) .............................................................................8

*Comm. for a Free Namibia v. S. W. Africa People's Org.*,
  554 F. Supp. 722 (D.D.C. 1982).............................................................9

*Ekorus, Inc. v. Elohim EPF USA, Inc.*,
  2020 WL 3891449 (C.D. Cal. Apr. 24, 2020)...........................................2

*Farina Focaccia & Cucina Italiana, LLC v. 700 Valencia St. LLC*,
  2015 WL 4932640 (N.D. Cal. Aug. 18, 2015)...........................................2

*Flatley v. Mauro*,
  139 P.3d 2 (Cal. 2006)...........................................................................2

*Foster v. Blue Shield*,
  2007 WL 9770652 (C.D. Cal. Feb. 5, 2007) .............................................1

*Fox v. Ethicon Endo-Surgery, Inc.*,
  110 P.3d 914 (Cal. 2005).......................................................................3

*Gonzales v. Gorsuch*,
  688 F.2d 1263 (9th Cir. 1982) ...............................................................1

ii

*Haugh v. Depuy-Motech, Inc.*,
   1999 WL 1133271 (C.D. Cal. Nov. 16, 1999) ..................................................... 3

*Issakhani v. Shadow Glen Homeowners Ass'n, Inc.*,
   278 Cal. Rptr. 3d 270 (Cal. Ct. App. 2021) ..................................................... 8

*In re JUUL Labs, Inc.*,
   497 F. Supp. 3d 552 (N.D. Cal. 2020)............................................................. 9

*Lamberth v. Clark Cty. Sch. Dist.*,
   698 F. App'x 387 (9th Cir. 2017)................................................................... 2

*Leining v. Foster Poultry Farms, Inc.*,
   275 Cal. Rptr. 3d 682 (Cal. Ct. App. 2021) ..................................................... 9

*Lomeli v. Jackson Hewitt, Inc.*,
   2017 WL 4773099 (C.D. Cal. Oct. 19, 2017) ................................................. 10

*Matic v. United States Nutrition, Inc.*,
   2019 WL 3084335 (C.D. Cal. Mar. 27, 2019) ................................................. 4

*NBCUniversal Media, LLC v. Superior Court*,
   171 Cal. Rptr. 3d 1 (Cal. Ct. App. 2014) ....................................................... 4

*Neubronner v. Milken*,
   6 F.3d 666 (9th Cir. 1993) ........................................................................... 7

*OC Kickboxing & Mixed Martial Arts, Inc. v. Warrior Arts Alliance, Inc.*,
   2019 WL 3210093 (C.D. Cal. May 3, 2019)................................................... 4

*In re Outlaw Lab., LLP*,
   463 F. Supp. 3d 1068 (S.D. Cal. 2020) ........................................................... 7

*Pantano v. United Med. Labs., Inc.*,
   456 F.2d 1248 (9th Cir. 1972)..................................................................... 2

*Platinum Tools, LLC v. Simply45, LLC*,
   No. 2:20CV4058 MCS, 2021 WL 4776016 (C.D. Cal. Aug. 3, 2021)............... 8

*Rank v. Nimmo*,
   677 F.2d 692 (9th Cir. 1982) ....................................................................... 8

iii

*Safari Club Int'l v. Rudolph*,
  862 F.3d 1113 (9th Cir. 2017) ................................................................. 2

*Schneider v. California Dep't of Corrections*,
  151 F.3d 1194 (9th Cir. 1998) ................................................................. 1

*Vaca v. Wachovia Mortg. Corp.*,
  129 Cal. Rptr. 3d 354 (Cal. Ct. App. 2011) .......................................... 3

*Walker & Zanger, Inc. v. Paragon Indust., Inc.*,
  549 F. Supp. 2d 1168 (N.D. Cal. May 3, 2007) .................................... 8

*Waterhouse v. Cufi Church Ass'n Inc.*,
  2014 WL 1745098 (D. Haw. Apr. 29, 2014) .......................................... 9

**Other Authorities**

Fed. R. Civ. P. 9(b) ........................................................................ 6, 7, 10

Fed. R. Civ. P. 17(b) ............................................................................. 2

Fed. R. Civ. P. 19 ................................................................................. 1

iv

All claims against the Broidy Defendants should be struck under the anti-SLAPP statute or dismissed. Plaintiffs repeatedly and wrongly claim that Defendants violated the Foreign Agents Registration Act (FARA) and thus permits the case to proceed against otherwise protected speech. Their saying so does not make it so, no governmental authority has deemed it so, and it is not so.[1]

## ARGUMENT

### I.   Plaintiffs lack standing for their injunction claim.

Recognizing that an impermissible obey-the-law injunction lacks any "certainly impending" injury, Plaintiffs now pivot to seeking an injunction to "take down" the websites. *See* ECF No. 51 at 21.  But their complaint seeks no such thing; in fact, the complaint does not even allege that the websites remain up. *See Schneider v. California Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("The 'new' allegations contained in the [opposition brief] are irrelevant for Rule 12(b)(6) purposes."). Even if Plaintiffs were seeking the relief they now claim, neither Broidy, BCM, nor Circinus can "take down" the other parties' websites.  Nor have Plaintiffs alleged that the Broidy Defendants have that ability. As such, the redressability component of standing is lacking.[2]  *See Gonzales v. Gorsuch*, 688 F.2d 1263, 1267 (9th Cir. 1982) (holding that redressability is lacking "if the wrong parties are before the court"); *Foster v. Blue Shield*, 2007 WL 9770652, at *4 (C.D. Cal. Feb. 5, 2007) (dismissing claim for lack of redressability where plaintiff sought to enjoin wrong party).

### II.   The illegal activity exception to anti-SLAPP does not apply.

---

[1] Plaintiffs seek to conflate Elliott Broidy's pardoned FARA charge—regarding representing a Malaysian individual named Jho Low—with some theory that Broidy should have independently registered as an agent of the UAE. *See* ECF No. 51 at 4. A prosecutor's potential statement at a sentencing that never occurred is, while a cheap shot, not evidence of anything pertinent here.

[2] Moreover, the owners of those publications, such as *The Washington Post*, are required parties under Fed. R. Civ. P. 19.

Plaintiffs oppose application of California's anti-SLAPP statute by incorrectly relying on a narrow exception in which a defendant's otherwise protected activity is "illegal as a matter of law and therefore not within the purview of section 425.16." *Flatley v. Mauro*, 139 P.3d 2, 12 (Cal. 2006). Plaintiffs have not alleged the elements of a FARA violation. But even if they had, those allegations would be both insufficient and false. *See Safari Club Int'l v. Rudolph*, 862 F.3d 1113, 1121 (9th Cir. 2017) ("To find otherwise would eviscerate the anti-SLAPP statute's protections because the plaintiff could preclude the statute's application simply by alleging criminal conduct by the defendant."); *Ekorus, Inc. v. Elohim EPF USA, Inc.*, 2020 WL 3891449, at *3 (C.D. Cal. Apr. 24, 2020). Defendants did not admit any criminal liability under FARA. *See* ECF No. 51 at 7 (citing ECF No. 45 ¶ 64). Moreover, four of Plaintiffs' five claims are based on alleged publications rather than any alleged FARA violation, rendering the illegal activity exception irrelevant to those claims.

## III. Gomosafer admits that it lacks the capacity to sue.

Gomosafer does not contest its incapacity to sue under Fed. R. Civ. P. 17(b). *See* ECF No. 51 at 20. Rather, it seeks leave to amend to "substitute" an unidentified party, citing two state court decisions.[3] *See id.* Those state court decisions have no bearing on federal procedure, which requires the dismissal of Gomosafer's claims. *See Pantano v. United Med. Labs., Inc.*, 456 F.2d 1248, 1249 (9th Cir. 1972) (affirming dismissal based on lack of capacity to sue); *Best Tire & Svc. Ctrs., LLC v. Goodyear Tire & Rubber Co.*, 2017 WL 1017642, at *4 (C.D. Cal. Feb. 14, 2017); *Farina Focaccia & Cucina Italiana, LLC v. 700 Valencia St. LLC*, 2015 WL 4932640, at *5 (N.D. Cal. Aug. 18, 2015).

---

[3] Gomosafer has not properly sought leave to amend. *See Lamberth v. Clark Cty. Sch. Dist.*, 698 F. App'x 387, 389 (9th Cir. 2017) ("[A] request for leave to amend 'must be made by motion' and must 'state with particularity the grounds for seeking' an order granting leave to amend.") (quoting Fed. R. Civ. P. 7(b)(1)).

**IV.    The statutes of limitations are not subject to tolling or estoppel.**

Because the time-bar for each claim appears on the face of the complaint, *see* ECF No. 1 ¶¶ 78, 91, Plaintiffs bear the burden of identifying factual allegations to support a tolling doctrine or estoppel. *See Benyamini v. Stead*, 2017 WL 1230839, at *4 (C.D. Cal. Mar. 31, 2017). First, equitable estoppel does not apply because Plaintiffs knew of Broidy's alleged role in the "disinformation conspiracy" since March 2018 based on "extensive" reporting. *See* ECF No. 1 ¶¶ 56-57. Nothing Defendants did or failed to do after March 2018 (and no subsequent action is alleged) caused Plaintiffs' complacency.

Second, the discovery rule does not apply because Plaintiffs felt the "effects" of the alleged wrongdoing in "mid-2017" and believed that the alleged "disinformation" was false. ECF No. 1 ¶ 91. Only the identity of the perpetrator was missing. However, "[t]he discovery rule does not delay accrual in that situation because the identity of the defendant is not an element of a cause of action," *Fox v. Ethicon Endo-Surgery, Inc.*, 110 P.3d 914, 920 (Cal. 2005), as demonstrated by the 100 fictitious defendants named to this suit.

Third, fraudulent concealment does not apply because whether Broidy, BCM, or Circinus concealed their identities is irrelevant. *See Haugh v. Depuy-Motech, Inc.*, 1999 WL 1133271, at *4 (C.D. Cal. Nov. 16, 1999) ("This is an immaterial issue. . . . [N]ot knowing the identity of the defendant does not toll the statute of limitations."); *Vaca v. Wachovia Mortg. Corp.*, 129 Cal. Rptr. 3d 354, 360 (Cal. Ct. App. 2011) ("So even if defendants' identities were fraudulently concealed, that would not 'toll' the statute of limitations.").

Fourth, the continuing violation doctrine does not apply because there are no "[a]llegations of a pattern of reasonably frequent and similar acts" involving "a series of small harms." *Aryeh v. Canon Bus. Solutions, Inc.*, 292 P.3d 871, 879 (Cal. 2013). Defendants' alleged failure to register under FARA in March 2017,

*see* ECF No. 1 ¶ 60, is a legal fiction[4] and in any event would be a single act that would not constitute a continuing violation.  *See Matic v. United States Nutrition, Inc.*, 2019 WL 3084335, at *4 (C.D. Cal. Mar. 27, 2019) (rejecting continuing violation doctrine where plaintiff's injury "was the product of [a] single harm that took place at a single point in time"). Even if it did, the applicable limitations periods would run from March 2017 and thus present a complete bar.  *See NBCUniversal Media, LLC v. Superior Court*, 171 Cal. Rptr. 3d 1, 13 n.10 (Cal. Ct. App. 2014) ("The statute of limitations would run from the date of the last harmful act."). As to the publication-based claims, the September 2017 newspaper ad, *see* ECF No. 1 ¶ 66, is also a discrete act rather than the "pattern of reasonably frequent and similar acts" required by *Aryeh*.  Even applying the continuing violation doctrine, however, the applicable limitations periods would run from September 2017, which would still bar four of the five claims.  *See NBCUniversal*, 171 Cal. Rptr. 3d at 13 n.10.

Finally, the continuing accrual doctrine does not apply because this case does not involve any "recurring obligation." *See OC Kickboxing & Mixed Martial Arts, Inc. v. Warrior Arts Alliance, Inc.*, 2019 WL 3210093, at *4 (C.D. Cal. May 3, 2019). Even applying the doctrine does not save the claims. Plaintiffs argue that Defendants "remain liable for all publications made within the limitations period." ECF No. 51 at 25. But they allege publications made on "May 29, 2017," ECF No. 1 ¶ 70, "May 22, 2017," *id.* ¶ 82, and "July 2017," *id.* ¶ 85, which fall *outside* the longest four-year limitations period. Although three publications were allegedly made just inside the four-year period, *see id.* ¶¶ 66, 83, they are not actionable under four of the five claims with shorter windows. *See* ECF No. 44 at 9 n.4.

## V.     Plaintiffs have not alleged facts for a permanent injunction.

There are no allegations of irreparable injury.  Plaintiffs argue that they have

---

[4] Failure to register under FARA does not render the underlying speech illegal.

alleged the "loss of prospective customers."  ECF No. 51 at 21.  But that is incorrect, as their allegations of lost customers and goodwill are retrospective only. *See* ECF No. 1 ¶¶ 112, 120, 125.  Plaintiffs also fail to allege why the monetary damages they seek are inadequate. *See id.* ¶¶ 121, 126, 131. Rather, they argue that "each subsequent publication" will require a new lawsuit.  *See* ECF No. 51 at 21. The complaint, however, does not allege any threat of a "subsequent publication." Plaintiffs further argue that an injunction to silence speech places no hardship on Defendants. *See* ECF No. 51 at 22. Prior restraint on constitutional rights, as sought, is a legal hardship that outweighs any unalleged future lost profits from a store that has been closed since 2019. *See* ECF No. 1 ¶ 96. Finally, Plaintiffs contend that an injunction is in the public interest of "consumers" who will be "manipulat[ed]." *Id.* at 22. But they fail to identify any of these hypothetical "consumers," fail to allege any future plan by Defendants to "manipulat[e]" them, and fail to show that any alleged activity was manipulative to begin with.

## VI.   This case involves non-commercial political speech.

The political speech at issue in this case sits at the core of the First Amendment protection. Plaintiffs would have this Court open the door to claims by any business alleging economic losses from Americans criticizing a foreign country. That is an unprecedented theory, which presents fundamentally different circumstances than those in *Ariix, LLC v. NutriSearch Corp.*, 985 F.3d 1107 (9th Cir. 2021), as relied on by Plaintiffs.  *Ariix* involved a commercial struggle between competitors in the nutritional supplement marketplace.  This case, by contrast, involves long-held concerns about terror finance. *Ariix* involved published ratings of a specific company and its products. This case, by contrast, involves no publications about Plaintiffs or their luggage.

Nor does *Ariix* permit the Court to focus exclusively on the third *Bolger* factor—economic motivation—as Plaintiffs suggest. In *Ariix*, the first *Bolger*

factor was satisfied because the statements constituted "paid promotion" of Usana's products.  Here, there are no allegations that Defendants promoted the UAE or its "products."  The second *Bolger* factor was also satisfied in *Ariix* because "neither side materially dispute[d] that the [publication] refer[red] to specific products."  Here, the opposite is true: the parties agree that the alleged publications *do not* refer to specific products.  The Court cannot ignore the absence of two of the three *Bolger* factors in favor of the third.  *See Ariix*, 985 F.3d at 1117 n.7.

Finally, the alleged statements are, at a minimum, inextricably intertwined and thus non-commercial.  In *Ariix*, the court identified two distinct components of the statements—one commercial and the other non-commercial—and held that they were "easily separable."  Here, by contrast, the alleged statements do not have multiple components, let alone a distinct commercial component that is easily separable.  *See, e.g.*, ECF No. 1 ¶ 66 ("QATAR IS A SAFE HAVEN FOR TERRORISTS.").  Inasmuch as the alleged statements had ancillary economic effects on Qatari businesses, those effects are intrinsic to sharp political criticism of a foreign country. Therefore, the alleged speech is inextricably intertwined.

## VII.   Plaintiffs' allegations do not satisfy Fed. R. Civ. P. 9(b).

Plaintiffs fail to address Defendants' pleading standard arguments.  They do not contest that a vague and undefined allegation of "disinformation" is insufficient. *See* ECF No. 44 at 16. Nor do they identify any allegations tying BCM or Circinus to the ad in *The Washington Post*. *See id.* at 16-17.  Finally, Plaintiffs do not address this Court's prior holding that prohibits them from lumping together multiple defendants.  *See id.* at 17 (citing *PerkinElmer Health Sciences, Inc. v. Excelbis Labs LLC*, 2021 WL 1234881, at *2 (C.D. Cal. Feb. 5, 2021)). The Court should treat these arguments as unopposed.

Instead, Plaintiffs merely recite the rule that relaxes Rule 9(b) for allegations

made on information and belief. *See Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993). However, only *two* of Plaintiffs' 131 allegations are made on "information and belief." *See* ECF No. 1 ¶¶ 56, 66. Moreover, "this exception does not nullify Rule 9(b); a plaintiff who makes allegations on information and belief must state the factual basis for the belief." *Neubronner*, 6 F.3d at 672. Plaintiffs do not state the factual basis for their supposed beliefs that Broidy "orchestrated" the ad in *The Washington Post* or that "documents show" a FARA violation. ECF No. 1 ¶¶ 56, 66. Finally, neither of these two alleged facts is "*peculiarly* within [Broidy's] knowledge," *Neubronner*, 6 F.3d at 672 (emphasis added), because both necessarily involved other parties (i.e. The Washington Post and the UAE).

## VIII.  Plaintiffs lack standing under the UCL and FAL.

Plaintiffs admit they do not allege their own reliance on the purportedly fraudulent statements. Under the majority view, this is fatal to their UCL and FAL claims. *See In re Outlaw Lab., LLP*, 463 F. Supp. 3d 1068, 1086 (S.D. Cal. 2020) ("[T]he majority approach has been to require that the plaintiff plead its own reliance.") (internal quotation marks omitted).

## IX.  Plaintiffs fail to identify facts supporting their Lanham Act claim.

Plaintiffs do not oppose Defendants' argument that "Plaintiffs fail to allege *any* statement made by BCM or Circinus." ECF No. 44 at 19 (emphasis in original); *see also* ECF No. 51 at 10-15 (failing to address this point). Nor do Plaintiffs oppose Defendants' argument that "none of the purported statements . . . mentions any product or service." ECF No. 44 at 19; *see also* ECF No. 51 at 10-15 (failing to address this point). Finally, Plaintiffs fail to cite any case interpreting the Lanham Act so broadly as to encompass political criticism of a foreign country. *See* ECF No. 44 at 19; *see also* ECF No. 51 at 10-15 (failing to address this point). Thus, Plaintiffs functionally concede that they have not alleged a prima facie element of their Lanham Act claim.

On the second element of the claim, Plaintiffs argue that the statements were "sufficiently disseminated to the relevant public" because the claim "is based on *all* of the publications." ECF No. 51 at 11 (emphasis in original). Yet "all" of the publications in this case encompasses a total of four. *See* ECF No. 1 at ¶¶ 66, 76, 82-83. Four publications "does not trigger protection from the Lanham Act." *Walker & Zanger, Inc. v. Paragon Indust., Inc.*, 549 F. Supp. 2d 1168, 1182 (N.D. Cal. May 3, 2007). Contrary to Plaintiffs' argument, this issue can be decided at the pleading stage. *See, e.g.*, *Platinum Tools, LLC v. Simply45, LLC*, No. 2:20CV4058 MCS, 2021 WL 4776016, at *3 (C.D. Cal. Aug. 3, 2021).

**X.    Plaintiffs fail to plead special damages for trade libel.**

Without citing any authority, Plaintiffs declare that, "it is sufficient that Plaintiffs allege that they lost customers as a result of the Disinformation Conspiracy." ECF No. 51 at 20. But their say-so contradicts applicable law. *See* ECF No. 44 at 19-20 (citing *Peterson v. Sanghi*, 2019 WL 1715487, at *9 (C.D. Cal. Feb. 14, 2019); *Eros Tour & Travel, Inc. v. Infinitywaves, LLC*, 2014 WL 12591919, at *7 (C.D. Cal. Dec. 9, 2014); *Homeland Housewares, LLC v. Euro-Pro Op. LLC*, 2014 WL 6892141, at *4 (C.D. Cal. Nov. 5, 2014)). Plaintiffs fail to address any of these cases.

**XI.    Plaintiffs do not have a negligence claim for lost profits.**

Plaintiffs erroneously argue that FARA imposes a duty of care giving rise to a private right of action based on a California test applicable to a "legislatively enacted statute or ordinance." *Issakhani v. Shadow Glen Homeowners Ass'n, Inc.*, 278 Cal. Rptr. 3d 270, 279 (Cal. Ct. App. 2021). But federal courts apply federal law in determining if a federal statute creates a duty of care. *See Rank v. Nimmo*, 677 F.2d 692, 698 (9th Cir. 1982); *see also Cannon v. Univ. of Chicago*, 441 U.S. 677, 690 n.13 (1979). In the context of FARA, federal courts have concluded that the statute does not impose a duty of care giving rise to a private right of action.

1    *See, e.g.*, *Comm. for a Free Namibia v. S. W. Africa People's Org.*, 554 F. Supp.

2    722, 725 (D.D.C. 1982). Plaintiffs cannot circumvent this well-settled law.

3         Plaintiffs also do not oppose the argument that there are no allegations

4    supporting the breach or causation elements of their negligence claim.  *See* ECF

5    No. 44 at 21; ECF No. 51 at 16-19.  They do not identify the elements of a FARA

6    violation. Nor do they identify allegations supporting each of the elements as to

7    each of the three Broidy Defendants.  Plaintiffs also fail to allege facts explaining

8    how a supposed FARA violation by any of the three Broidy Defendants caused

9    them to lose customers.  Thus, Plaintiffs fail to allege two prima facie elements of

10   their negligence claim.

11        The economic loss rule also precludes the claim.  "Liability for negligence

12   for purely economic losses is the exception, not the rule, in California."  *Leining v.*

13   *Foster Poultry Farms, Inc.*, 275 Cal. Rptr. 3d 682, 695 n.10 (Cal. Ct. App. 2021).

14   Rather than citing any exception, Plaintiffs argue that this is not the type of case to

15   which the rule should apply.  But this is *exactly* the type of case involving

16   "incidental victims" and potentially "unlimited liability concerns" requiring

17   application of the rule.  *See In re JUUL Labs, Inc.*, 497 F. Supp. 3d 552, 660-61

18   (N.D. Cal. 2020).  Without the rule, any critic of Qatar could be liable to thousands

19   of Qatari businesses that were never uniquely targeted.[5]

20        Plaintiffs further argue that they have pled negligence in the alternative to

21   some other, unspecified claim. *See* ECF No. 51 at 19. That is simply untrue, as

_____

22   [5] Plaintiffs incorrectly argue that the economic loss rule does not apply because

23   there is no contractual privity.  *See* ECF No. 51 at 19.  "But that is precisely the
     point. . . . Without an agreement, defined by practice or otherwise, defendant should

24   not be liable for these commercial losses." *Agricola Cuyuma SA v. Corona Seeds,*

25   *Inc.*, 2021 WL 3930054, at *2 (C.D. Cal. June 25, 2021) (internal quotation marks
     omitted).  Plaintiffs also complain that they have no other remedy for the alleged

26   FARA violation.  *See* ECF No. 51 at 19.  Again, that is precisely the point, as

27   Congress did not intend a civil remedy under FARA.  *See Waterhouse v. Cufi*
     *Church Ass'n Inc.*, 2014 WL 1745098, at *3 (D. Haw. Apr. 29, 2014).

28

they do not allege Count Five in the alternative. *See* ECF No. 1 ¶¶ 127-131. To the contrary, they expressly incorporate all their earlier allegations of intentional misconduct into Count Five. *See id.* ¶ 127. The negligence claim itself also explicitly alleges that Defendants breached their duty "intentionally." *Id.* ¶ 129. Nothing in the complaint alleges negligent conduct, and hand-waiving about hypothetical FARA violations does not suffice.

**XII.  Plaintiffs fail to identify facts supporting their conspiracy theory.**

Plaintiffs do not address Defendants' argument that Plaintiffs "cannot indiscriminately allege that conspiracies existed between and among all defendants." *See* ECF No. 44 at 22. Plaintiffs cite Paragraph 1, 6, 61, and 80 of their complaint as evidencing an agreement among the defendants. *See* ECF No. 51 at 9. At most, however, these paragraphs allege that Broidy (not Circinus or BCM) "hired American companies." This does not satisfy Fed. R. Civ. P. 9(b). Plaintiffs also argue that they have identified the publications. *See* ECF No. 51 at 9-10. But they have only identified four. *See* ECF No. 1 at ¶¶ 66, 76, 82-83. And they have failed to allege how each of the three Broidy Defendants is connected to those four publications, particularly under Fed. R. Civ. P. 9(b). Finally, Plaintiffs argue that they have alleged agency. *See* ECF No. 51 at 10. But the seven allegations they cite do not satisfy Fed. R. Civ. P. 9(b) as to any of the three Broidy Defendants. *See Lomeli v. Jackson Hewitt, Inc.*, 2017 WL 4773099, at *4 (C.D. Cal. Oct. 19, 2017) ("Where a plaintiff allege that a defendant is liable for fraud under an agency theory, Rule 9(b) requires that the existence of the agency relationship be pled with particularity.") (internal brackets omitted). The Court should not allow Plaintiffs to proceed on these vague allegations.

## CONCLUSION

For the reasons discussed, the Court should grant Defendants' motion.

1  Dated: October 28, 2021

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

MCGUIREWOODS LLP

By:    *s/ Kevin M. Lally*
       Kevin M. Lally
       Abigail G. Urquhart

-and-

George J. Terwilliger III (*Pro Hac Vice*)
Michael Francisco (*Pro Hac Vice*)
MCGUIREWOODS LLP
888 16th Street NW, Suite 500
Washington, DC 20006
Telephone: (202) 857-1700
Facsimile: (202) 857-1737
E-Mail: gterwilliger@mcguirewoods.com
E-Mail: mfrancisco@mcguirewoods.com

-and-

Brooks H. Spears (*Pro Hac Vice*)
MCGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800
Tysons, Virginia 22102
Telephone: (703) 712-5000
Facsimile: (703) 712-5050
E-Mail: bspears@mcguirewoods.com

Attorneys for ELLIOTT BROIDY
BROIDY CAPITAL MANAGEMENT, LLC
CIRCINUS, LLC

**CERTIFICATE OF SERVICE**

I certify that, on October 28, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice to all counsel of record.

*s/ Kevin M. Lally*
Kevin M. Lally