**AKIN GUMP STRAUSS HAUER & FELD LLP**
HYONGSOON KIM (SBN 257019)
kimh@akingump.com
KELSEY MORRIS (SBN 277859)
kmorris@akingump.com
4 Park Plaza, Suite 1900
Irvine, CA  92614
Tel:  949-885-4100
Fax:  949-885-4101

**AKIN GUMP STRAUSS HAUER & FELD LLP**
LAUREN E. HUENNEKENS (328855)
lhuennekens@akingump.com
1999 Avenue of the Stars, Suite 600
Los Angeles, CA  90067
Tel:  310-229-1000
Fax:  310-229-1001

Attorneys for Defendant
THE IRON GROUP INC. D/B/A IRONISTIC.COM

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOSAFER INC.; MOSAFER ECON, INC.; AND GOMOSAFER,<br><br>               Plaintiffs,<br><br>    v.<br><br>ELLIOT BROIDY; GEORGE NADER; BROIDY CAPITAL MANAGEMENT, LLC; CIRCINUS, LLC; THE IRON GROUP INC. D/B/A IRONISTIC.COM; SCL SOCIAL LIMITED; PROJECT ASSOCIATES UK LTD; MATTHEW ATKINSON; AND JOHN DOES 1-100,<br><br>               Defendants. | Case No. 2:21-cv-06320-MCS-JC<br><br>**DEFENDANT THE IRON GROUP INC. D/B/A IRONISTIC.COM'S NOTICE OF MOTION TO STRIKE (CAL. CODE OF CIV. PROC. § 425.16) OR, IN THE ALTERNATIVE, MOTION TO DISMISS PURSUANT TO FED. R. CIV. PROC. RULE 12(b)(6); MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:       December 13, 2021<br>Time:       9:00 A.M.<br>Courtroom: 7C, Hon. Mark C. Scarsi |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on December 13, 2021 at 9:00 a.m. or as soon thereafter as this matter may be heard in Courtroom 7C of the above-entitled court, located at 350 W. 1st Street, Los Angeles, California 90012, Defendant The Iron Group Inc. d/b/a/ Ironistic.com ("Ironistic") will and hereby does move the Court for an order striking all California state law claims against Ironistic pursuant to California Civil Procedure section 425.16 and dismissing Plaintiffs' Lanham Act claim against Ironistic pursuant to Federal Rules of Civil Procedure 12(b)(6), or, in the alternative, dismissing Plaintiffs' Complaint against Ironistic in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(6).

This Motion is based upon this Notice, the attached Memorandum of Points and Authorities, upon the complete records and files in this action, and upon such further argument as may be presented prior to or at the time of hearing on the Motion.

This Notice is given following the conference of counsel pursuant to Local Rule 7-3, which took place on October 21, 2021.

Dated:  November 1, 2021                AKIN GUMP STRAUSS HAUER & FELD LLP


By:___*/s/ Hyongsoon Kim*_____
      Hyongsoon Kim

Attorneys for Defendant
THE IRON GROUP INC. D/B/A
IRONISTIC.COM

# **TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................1

II.  FACTUAL ALLEGATIONS AGAINST IRONISTIC ........................2

III. PLAINTIFFS' STATE LAW CLAIMS SHOULD BE STRICKEN UNDER THE ANTI-SLAPP STATUTE ................................................4

   A. Legal Standard Governing Anti-SLAPP Motions .......................4
   B. Plaintiffs' Claims Are Subject To California's Anti-SLAPP Statute And Should Be Stricken .................................................5
      1. Plaintiffs' Complaint Arises out of an Act In Furtherance of Ironistic's Right of Free Speech .......................................6
         a) The Alleged Statements Were Made in a Public Forum...6
         b) The Alleged Statements Were in Connection with an Issue of Public Interest. ..............................................7
      2. The Commercial Speech Exemption Does Not Apply .............9
      3. Plaintiffs Cannot Demonstrate a Probability of Success on their UCL, FAL, Trade Libel, and Negligence Claims As A Matter Of Law..............................................................10
         a) Failure to Plead Fraud With Specificity .......................10
         b) Plaintiffs' Claims are Time-Barred...............................12
         c) Plaintiffs Fail to State a UCL Claim Against Ironistic ...12
            (1) Plaintiffs Lack Standing to Pursue a UCL Claim.13
            (2) Plaintiffs' UCL Claim is Barred for Extraterritoriality. ................................................14
            (3) Failure to Allege "Commercial Speech" ..............15
            (4) Failure to Plead Violation of "Unlawful" Prong of UCL ...........................................................16
            (5) Failure to Plead Violation of "Unfair" Prong of UCL ...........................................................16
         d) Plaintiffs Fail to State a Claim Under California's False Advertising Law ..................................................17
         e) Plaintiffs Fail to Allege a Claim for Trade Libel............18
         f) Plaintiffs Fail to State a Claim for Negligence...............19
         g) Plaintiffs Fail to Allege Ironistic's Involvement in Any Conspiracy .................................................20
         h) Gomosafer Lacks Capacity to Sue ...............................21

IV.  PLAINTIFFS HAVE FAILED TO STATE ANY CLAIM UNDER FEDERAL OR STATE LAW UNDER FED. R. CIV. PROC. 12(B)(6) .......21
   A. For the Reasons Stated Above, the Court Should Dismiss Plaintiffs' State Law Claims Under Fed. R. Civ. Proc. 12(b)(6) for Failure to State a Claim .............................................................21
   B. The Court Should Dismiss Plaintiff's Lanham Act Claim Under Fed. R. Civ. Proc. 12(b)(6) For Failure To State A Claim...........................22

V.   PLAINTIFFS SHOULD BE DENIED LEAVE TO AMEND .....................24

VI.  CONCLUSION..........................................................................24

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aetna Cas. & Sur. Co. v. Centennial Ins. Co.*,
  838 F.2d 346 (9th Cir. 1988) ...............................................................18

*Agency Y LLC v. DFO Global Performance Comm. Ltd.*,
  No. SACV 20-1716 JVS(KESx), 2021 WL 2791616 (C.D. Cal. Apr. 22,
  2021) .................................................................................................23

*Alfus v. Pyramid Tech. Corp.*,
  745 F.Supp. 1511 (N.D. Cal. 1990)......................................................20

*Altair Instruments Inc. v. Telebrands Corp.*,
  No. 2:19-cv-0897-SJO-JC, 2020 WL 1942320 (C.D. Cal. Mar. 31,
  2020) .................................................................................................23

*Annette F. v. Sharon S.*,
  119 Cal. App. 4th 1146 (2004) ...............................................................6

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..............................................................................21

*B-K Lighting, Inc. v. Vision3 Lighting*,
  No. CV 06-2825 MMM, 2006 WL 8421831 (C.D. Cal. Nov. 14, 2006).....20, 21

*BakeMark, LLC v. Navarro*,
  No. CV 21-2499 JAK, 2021 WL 2497934 (C.D. Cal. Apr. 24, 2021)
  (UCL)..................................................................................................10

*Barrett v. Rosenthal*,
  40 Cal. 4th 33 (2006) .............................................................................6

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)..............................................................................21

*Bhrs Grp. v. Brio Water Tech.*,
  2020 U.S. Dist. LEXIS 253575 (C.D. Cal. Dec. 14, 2020)................13

*Bolger v. Youngs Drug Prods. Corp.*,
  463 U.S. 60 (1983).........................................................................15, 16

*Bonner v. Select Portfolio Servicing, Inc.*,
   No. 10-00609 CW, 2010 WL 2925172 (N.D. Cal. July 26, 2010) ...................20

*Bulletin Displays, LLC v. Regency Outdoor Adver., Inc.*,
   448 F.Supp. 2d 1172 (C.D. Cal. 2006) .................................................4

*Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637
   F.3d 1047, 1055 (9th Cir. 2011) ......................................................10

*Churchill Village, L.L.C. v. GE Co.*,
   169 F.Supp. 2d 1119 (N.D. Cal. 2000)..............................................17

*Cross v. Cooper*,
   197 Cal. App. 4th 357 (2011) ...........................................................7

*Cross v. Facebook, Inc.*,
   14 Cal. App. 5th 190 (2017) .........................................................6, 7

*Damon v. Ocean Hills Journalism Club*,
   85 Cal. App. 4th 468 (2000) .............................................................4

*Daniel v. Wayans*,
   8 Cal. App. 5th 367 (2017) ...............................................................6

*Dean v. Friends of Pine Meadow*,
   21 Cal. App. 5th 91 (2018) ...............................................................9

*Dex Media W., Inc. v. City of Seattle*,
   696 F.3d 952 (9th Cir. 2012) ..........................................................16

*Dillon v. Legg*,
   68 Cal. 2d 738 (1968) .....................................................................18

*Durrell v. Sharp Healthcare*,
   183 Cal. App. 4th 1350 (2010) ...................................................13, 14

*Equilon Enters. v. Consumer Cause, Inc.*,
   29 Cal 4th 53 (2002) ........................................................................8

*Films of Distinction v. Allegro Film Prods.*,
   12 F.Supp. 2d 1068 (C.D. Cal. 1998) ..............................................18

*FilmOn.com Inc. v. DoubleVerifiy Inc.*,
   7 Cal. 5th 133 (2019) .....................................................................15

*G.U.E. Tech, LLC v. Panasonic Avionics Corp.*,
    No. CV 15-789 CJC, 2015 WL 12696203 (C.D. Cal. Sept. 15, 2015) ..............11

*Gilbert v. Sykes*,
    147 Cal. App. 4th 13 (2007) ...................................................................7

*Greater Los Angeles Agency on Deafness v. CNN, Inc.*,
    742 F.3d 414 (9th Cir. 2014) ..................................................................7

*Guess Inc. v. Super. Ct.*,
    176 Cal. App. 3d 473 (1986) ................................................................12

*Hadley v. Kellogg Sales Co.*,
    243 F. Supp. 3d 1074 (N.D. Cal. 2017)................................................16

*Hall v. Time Inc.*,
    158 Cal. App. 4th 847 (2008) ...............................................................13

*HGCI, Inc. v. Luxx Lighting, Inc.*,
    No. CV 19-570 PSG, 2020 WL 5913851 (C.D. Cal. Sept. 10, 2020)..........11, 22

*Hupp v. Freedom Commc'ns., Inc.*,
    221 Cal. App. 4th 398 (2013) ..................................................................6

*Jarrow Formulas, Inc. v. Nutrition Now, Inc.*,
    304 F.3d 829 (9th Cir. 2002) ................................................................12

*Ji Chang Son v. Tesla Motors, Inc.*,
    No. CV 16-2282 JVS, 2019 WL 4238874 (C.D. Cal. Apr. 15, 2019)
    (FAL) ............................................................................10, 11, 18

*Kahn v. Bower*,
    232 Cal. App. 3d 1599 (1991) ..............................................................18

*Kasky v. Nike, Inc.*,
    27 Cal. 4th 939 (2002) ...............................................................14, 15

*Missouri ex rel. Koster v. Harris*,
    847 F.3d 646 (9th Cir. 2017) ................................................................23

*Kwikset Corp. v. Super. Ct.*,
    51 Cal. 4th 310 (2011) .........................................................................13

*Lauter v. Anoufrieva*,
    642 F.Supp.2d 1060 (C.D. Cal. 2008) .............................................................5, 10

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
    527 U.S. 118 (2014) .............................................................................23

*Linear Tech. Co. v. Applied Materials, Inc.*,
    152 Cal. App. 4th 115 (2007) ...............................................................14

*Mahnke v. Bayer Corp.*,
    No. 2:19-CV-7271 RGK, 2019 WL 8621437 (C.D. Cal. Dec. 10, 2019) ..........11

*Manwin Licensing Int'l S.A.R.L. v. ICM Registry, LLC*,
    No. CV 11-9514 PSG, 2013 WL 12123772 (C.D. Cal. Feb. 26, 2013) ...............8

*In re Marriage of Stephens*,
    156 Cal. App. 3d 909 (1984) ...............................................................21

*Matson v. Dvorak*,
    40 Cal. App. 4th 539 (1995) ..................................................................8

*McLaughlin v. Homelight, Inc.*,
    No. 2:21-cv-05379-MCS-KES, 2021 U.S. Dist. LEXIS 177657 (C.D.
    Cal. Sept. 27, 2021) ...........................................................................23

*Medina v. Safe-Guard Prods., Int'l, Inc.*,
    164 Cal. App. 4th 105 (2008) ...............................................................13

*Mireskandari v. Daily Mail & Gen. Tr. PLC*,
    No. CV 12-02943 MMM, 2013 WL 12114762 (C.D. Cal. Oct. 8, 2013) ...........8

*Muddy Waters, LLC v. Super. Ct.*,
    62 Cal. App. 5th 905 (2021) ..................................................................6

*Nationwide Biweekly Administration, Inc.* v. *Super. Ct. of Alameda Cty.*,
    9 Cal. 5th 279 (2020) .........................................................................14

*NewNet., Inc. v. Lavasoft*,
    356 F.Supp. 2d 1090 (C.D. Cal. 2004) ...............................................16, 22

*Norwest Mortg., Inc. v. Super. Ct.*,
    72 Cal. App. 4th 214 (1999) .................................................................14

*Nygard, Inc. v. Uusi-Kerttula*,
   159 Cal. App. 4th 1027 (2008) ............................................................................7

*O'Connor v. Uber Techs., Inc.*,
   58 F.Supp. 3d 989 (N.D. Cal. 2014)........................................................14, 15

*Orian v. Fed'n Int'l des Droits de L'Homme*,
   No. CV 11-6904 PSG, 2011 WL 13220921 (C.D. Cal. Dec. 13, 2011) .............8

*In re Outlaw Lab., LLP*,
   463 F.Supp. 3d 1068 (S.D. Cal. 2020)...............................................................17

*Paulus v. Bob Lynch Ford, Inc.*,
   139 Cal. App. 4th 659 (2006) ............................................................................14

*Redbox Automated Retail, LLC v. Buena Vista Home Entm't, Inc.*,
   399 F.Supp. 3d 1018 (C.D. Cal. 2019) ..............................................................17

*Rezec v. Sony Pictures Entertainment, Inc.*,
   116 Cal. App. 4th 135 (2004) ............................................................................15

*Rice v. Fox Broadcasting Co.*,
   330 F.3d 1170 (9th Cir. 2003) ...........................................................................21

*Rogers v. Home Shopping Network, Inc.*
   57 F.Supp. 2d 973 (C.D. Cal. 1999) ..................................................................10

*S. Cal. Darts Ass'n v. Zaffina*,
   762 F.3d 921 (9th Cir. 2014) .............................................................................21

*Sanchez v. United States*,
   803 F.Supp. 2d 1066 (C.D. Cal. 2011) ..............................................................19

*Sedgwick Claims Mgmt. Servs. v. Delsman*,
   No. C 09-1468 SBA, 2009 WL 2157573, at *2, *8 (N.D. Cal. July 17,
   2009) .....................................................................................................................8

*Semegen v. Weidner*,
   780 F.2d 727 (9th Cir. 1985) .............................................................................10

*Shin v. Campbell Soup Co.*,
   No. CV 17-1082-DMG, 2017 WL 3534991 (C.D. Cal. Aug. 9, 2017).............16

*Simpson Strong-Tie Co., Inc. v. Gore*,
 49 Cal. 4th 12 (2010) ...................................................................................9

*Smartdoor Holdings, Inc. v. Edmit Indus., Inc.*,
 78 F. Supp. 3d 275 (D.D.C. 2015) ...............................................................21

*SPS Techs., LLC v. Briles Aerospace, Inc.*,
 No. CV 18-9536-MWF, 2019 WL 6841992 (C.D. Cal. Oct. 30, 2019).............14

*Stansfield v. Starkey*,
 220 Cal. App. 3d 59 (1990) ...........................................................................19

*Sullivan v. Oracle Corp.*,
 51 Cal. 4th 1191 (2011) ................................................................................14

*Tidenberg v. Bidz.com, Inc.*,
 No. CV 08-5553 PSG, 2009 WL 605249 (C.D. Cal. Mar. 4, 2009) .................15

*Townsend v. Chase Bank USA N.A.*,
 No. CV 08-527 AG, 2009 WL 426393 (C.D. Cal. Feb. 15, 2009) ...................11

*In re Toyota Motor Corp.*,
 785 F.Supp. 2d 883 (C.D. Cal. 2011) ........................................................15, 17

*Trendmood, Inc. v. Rabinowitz*,
 No. 2:20-cv-10877-MCS-RAO, 2021 WL 8415954 (C.D. Cal. June 21,
 2021) ............................................................................................................21

*Verizon Delaware, Inc. v. Covad Commc'ns. Co.*,
 377 F.3d 1081 (9th Cir. 2007) ......................................................................4, 5

*Vess v. Ciba-Geigy Corp.*,
 317 F.3d 1097 (9th Cir. 2003) .........................................................................5

*Warner v. Tinder Inc.*,
 105 F.Supp. 3d 1083 (C.D. Cal. 2015) ...........................................................17

*Wilcox v. Super. Ct.*,
 27 Cal. App. 4th 809 (1994) ............................................................................8

*Zanger v. City of Pasadena*,
 No. CV 06-5379 ABC (Ex), 2007 WL 9734351 (C.D. Cal. Jan. 23
 2007) ............................................................................................................18

**Statutes**

Cal. Bus. & Prof. Code § 17204 ...................................................................13

Cal. Bus. & Prof. Code § 17208 ...................................................................11

Cal. Bus. & Prof. Code § 17500 ...................................................................17

Cal. Bus. & Prof. Code § 17535 ...................................................................13

Cal. Bus. & Prof. Code § 17500, *et seq.*......................................................4

Cal. Bus. & Prof. Code § 17200, *et seq.*......................................................4

Cal. Civ. Proc. Code § 338 ......................................................................11, 12

Cal. Civ. Proc. Code § 339 ...........................................................................12

Cal. Civ. Proc. Code § 425.16(b)(1) ...........................................................4, 5

Cal. Civ. Proc. Code §§ 425.16(e)(3) ..........................................................5, 6

Cal. Civ. Proc. Code §§ 425.16(e)(4) ............................................................6

Cal. Civ. Proc. Code § 427.15(c) ...................................................................9

Cal. Evid. Code § 669(a)...............................................................................19

Fed. R. Civ. P. 8 ..............................................................................................5

Fed. R. Civ. P. 9(b) ................................................................5, 10, 11, 18, 22

Fed. R. Civ. P. 12 .............................................................................................5

Fed. R. Civ. P. 12(b)(6)...........................................................................4, 10, 21

Fed. R. Civ. P. 17(b) .....................................................................................20

Fed. R. Civ. P. 17(b)(3)(A) ...........................................................................21

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

A travel company cannot sue someone merely for creating a website criticizing the **country** where the travel company does business.  That should go without saying.  But that is Plaintiffs' complaint against Ironistic.  If allowed to proceed, Plaintiffs' theory of liability could equally apply to the millions of people and companies who write, post, publish, or comment about another country.  This fundamentally defective complaint should be stricken pursuant to California's anti-SLAPP statute or, alternatively, dismissed in its entirety.

Plaintiffs Mosafer Inc., Mosafer Econ, Inc., and Gomosafer (collectively, "Plaintiffs") allege they are "Qatari related" luggage and travel accessory retailers.  Defendant The Iron Group Inc. d/b/a Ironsitic.com ("Ironistic") is a digital website development company based in Virginia.  Plaintiffs do not allege that they have had any dealings, communications, or contact whatsoever with Ironistic.

Plaintiffs allege that Ironistic "created" three websites that criticized the country of Qatar, and identify three statements about Qatar made on publicly accessible websites and social media accounts.  But Plaintiffs do not allege that the websites mentioned Plaintiffs or Plaintiffs' products or services.  Rather, the alleged statements are political in nature and related to the State of Qatar, human rights abuses, boycotts, and ties to terrorism.  Plaintiffs claim they were harmed because some unstated number of unnamed customers might have seen these websites and developed a negative opinion about Qatar.  Plaintiffs then speculate that such potential unnamed customers decided not to purchase goods or services from Plaintiffs, for the *sole* reason that Plaintiffs are some of the countless businesses associated with Qatar.

Even assuming their claims to be true, Plaintiffs' claims should be stricken because they go to the heart of what the anti-SLAPP statute protects—statements made in public forums about topics of public interest.  Further, Plaintiffs' claims are fundamentally defective.  Plaintiffs have brought a series of claims based in ***false advertising*** law.  To

say this is a stretch is an understatement.  There is no allegation that any statement attributed to Ironistic mentions Plaintiffs, their products, or their services.  There is no allegation (nor could there be) that Ironistic was competing with Plaintiffs.  There is no suggestion that Ironistic even knew of Plaintiffs' existence.  Also absent is any allegation that a single specific person actually saw a statement on a website or social media site allegedly created by Ironistic, and in reliance on such statement chose not to pursue business from Plaintiffs.  And despite Plaintiffs' conclusory suggestion of a "conspiracy," the Complaint contains zero allegations connecting Ironistic to any other defendant.

The ramifications of allowing Plaintiffs to pursue such claims would be breathtaking and far-reaching.  Anyone who publishes something negative about another country on the Internet could be sued by any business in, or even related to, that country. If a celebrity releases a statement on her popular Twitter account criticizing China's record on human rights, can a Chinese hotel sue her?  Surely not.  But that is Plaintiffs' claim.

Because this lawsuit triggers California's anti-SLAPP protections and Plaintiffs cannot show a likelihood of success on their claims, this Court should strike Plaintiffs' claims.  Alternatively, this Court should dismiss Plaintiffs' claims against Ironistic in their entirety.

## II.    FACTUAL ALLEGATIONS AGAINST IRONISTIC

Ironistic is alleged to have "created" three websites—Qatarexposed.com, Qatartruth.com, and BoycottQatarnow.com—"to disseminate false information and control the public's perception of Qatari businesses."  Compl., ¶ 80.  There is no explanation as to what "created" means.  No language from any of these websites is quoted anywhere in the Complaint.  Nor does the Complaint describe the substance of any specific portion of these websites, except to generally assert that each website "held itself out to provide important news and information to readers seeking help to understand the concerted business embargo" related to Qatari businesses.  *Id.* at ¶ 81.  The Complaint does not allege that any of these websites mentioned Plaintiffs in any way.  The Complaint

only generally and vaguely describes these websites as "contain[ing] significant disinformation intended to deceive the public" and "harm Qatari-related businesses, such as Mosafer . . . ." *Id.*, ¶ 81. The Complaint does not allege any facts describing how any part of the webpages were false. The Complaint does not allege that any specific person viewed any of the webpages described in paragraph 80 of the Complaint.

Ironistic is also alleged to have created material asking unspecified individuals to "Boycott Qatar Airways for their human rights abuses" and that such material was uploaded to an unspecified location on May 22, 2017. *Id.*, ¶ 82. Although the Complaint claims the image was an "advertisement," the Complaint does not suggest or even imply that the image was promoting any product, much less a competing product.

The Complaint also describes certain content on a "QatarExposed" Facebook account and Twitter account. *Id.*, ¶ 83. It is unclear why the Complaint describes these social media accounts. The Complaint mentions certain content on the QatarExposed Facebook page. *Id.* Plaintiffs allege a photo was uploaded on October 12, 2017 with the caption "Expose Qatar's links with extremists. Stop the flow of blood money. #sanctionQatar.'" *Id.* And, Plaintiffs allege a video was uploaded on October 14, 2017 with the caption "ISIS is just one of Qatar's many pawns. Uncover Qatar's links with extremists." *Id.* But the Complaint does not allege Ironistic created these social media accounts, uploaded any content to these social media accounts, or indeed was involved in any way with these accounts.

The Complaint then states that Ironistic created unnamed "social media accounts," (but does not allege that these accounts are the ones described in Paragraph 83). *Id.*, ¶ 84. The Complaint also alleges that Ironistic "took out advertisements" that "targeted individuals in California" (*id.*), but provides no details about these accounts or advertisements or how such accounts or advertisements "targeted individuals in California."

Finally, although the Complaint broadly accuses Ironistic of participating in a "Disinformation Conspiracy" (Compl. at p. 21 header), the Complaint does not contain a

single allegation connecting Ironistic to any of the other Defendants.  Ironistic is not alleged to have known the other Defendants or worked at the behest of or in cooperation with any of the other Defendants.

Based on these bare allegations, Plaintiffs assert the following claims against Ironistic: (i) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq*. (*id*., ¶¶ 98-105); (ii) violation of California's False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq*. (*id*., ¶¶106-113); (iii) trade libel under California common law (*id*., ¶¶ 122-126); (iv) negligence under California common law (*id*., ¶¶ 127-131); and (v) false advertising under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B) (*id.*, ¶¶ 114-121).[1]

## III.   PLAINTIFFS' STATE LAW CLAIMS SHOULD BE STRICKEN UNDER THE ANTI-SLAPP STATUTE

### A.   Legal Standard Governing Anti-SLAPP Motions

California's anti-SLAPP statute was enacted to provide a mechanism for courts "to dismiss at an early stage non-meritorious litigation meant to chill the valid exercise of the constitutional rights of freedom of speech and petition in connection with a public issues." *Damon v. Ocean Hills Journalism Club*, 85 Cal. App. 4th 468, 473 (2000) (quoting *Sipple v. Found. for Nat'l Progress*, 71 Cal. App. 4th 226, 235 (1999)).  The anti-SLAPP statute provides that:

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

Cal. Civ. Proc. Code § 425.16(b)(1).

---

[1] Ironistic is not moving to strike Plaintiffs' Lanham Act claim.  *See Verizon Delaware, Inc. v. Covad Commc'ns. Co.*, 377 F.3d 1081, 1091 (9th Cir. 2007); *Bulletin Displays, LLC v. Regency Outdoor Adver., Inc.*, 448 F.Supp. 2d 1172, 1181-82 (C.D. Cal. 2006). Rather, Ironistic moves to dismiss Plaintiffs' Lanham Act claim for failure to state a claim under Fed. R. Civ. Proc. 12(b)(6).  *See* Section (IV)(B).

Evaluation of an anti-SLAPP motion requires two steps.  First, the court decides whether the defendant has made a prima facie showing that the plaintiff's suit arises from an act in furtherance of defendant's right of petition or free speech.  *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1110 (9th Cir. 2003).  The defendant can make such a showing by establishing that Plaintiffs' suit "aris[es] from" an act "in furtherance" of their right to free speech "in connection with a public issue."  Cal. Civ. Proc. Code § 425.16(b)(1).  The anti-SLAPP statute defines protected activities to include statements Plaintiffs alleges were (1) made in a "public forum" and (2) in connection with an issue of "public interest." *Id*. at §§ 425.16(e)(3).  The anti-SLAPP statute expressly provides for broad construction to ensure the full protection of free speech.  *Id*. at § 425.16(a) ("[C]ontinued participation in the matters of public significance . . . should not be chilled through the abuse of the judicial process.  To this end, this section shall be construed broadly.").

Once the defendant makes a showing that the plaintiff's suit arises from an act in furtherance of defendant's right of petition or free speech, the burden shifts to the plaintiff to demonstrate a probability of prevailing on the challenged claim.  *Id*.  Where an anti-SLAPP motion is based on legal deficiencies in the plaintiff's complaint, the court must determine the motion in a manner that complies with the pleading standards set by Federal Rules 8, 9(b) and 12.  *Lauter v. Anoufrieva*, 642 F.Supp. 2d 1060, 1109 (C.D. Cal. 2008).

### B.   Plaintiffs' Claims Are Subject To California's Anti-SLAPP Statute And Should Be Stricken

Ironistic brings this anti-SLAPP motion to strike Plaintiffs' state law claims. *Verizon Delaware, Inc. v. Covad Commc'ns. Co.*, 377 F.3d 1081, 1091 (9th Cir. 2007) (defendants sued in federal court can bring anti-SLAPP motions to strike state law claims).  Plaintiffs' claims arise out of alleged acts in furtherance of Ironistic's right of freedom of speech in connection with public issues, and because Plaintiffs are unable to prevail on these claims, each should be stricken.

1.    <u>Plaintiffs' Complaint Arises out of an Act In Furtherance of Ironistic's Right of Free Speech</u>

As detailed below, Ironistic easily satisfies its initial burden of making a prima facie showing that Plaintiffs' claims arise from protected activity, i.e., statements made in (1) a public forum and (2) in connection with an issue of public interest. Cal. Civ. Proc. Code §§ 425.16(e)(3), (4).

a)    The Alleged Statements Were Made in a Public Forum.

The California Supreme Court has held that "Web sites accessible to the public . . . are 'public forums' for purposes of the anti-SLAPP statute." *Barrett v. Rosenthal*, 40 Cal. 4th 33, 41 n.4 (2006); *see also Muddy Waters, LLC v. Super. Ct.*, 62 Cal. App. 5th 905, 917-18 (2021) (reports published on Internet website available to public were made in public forum under section 425.16, even though website at issue did not allow for public response or comment). Likewise, publicly accessible social media websites and pages have been held to be public forums. *See, e.g., Daniel v. Wayans*, 8 Cal. App. 5th 367, 387 (2017) (Twitter); *Cross v. Facebook, Inc.*, 14 Cal. App. 5th 190, 199 (2017) (Facebook). Additionally, "a news publication is a 'public forum' within the meaning of the anti-SLAPP statute if it is a vehicle for discussion of public issues and it is distributed to a large and interested community." *Annette F. v. Sharon S.*, 119 Cal. App. 4th 1146, 1161 (2004).

Here, Plaintiffs allege that Ironistic created certain websites that allegedly disseminated "news and information" to the "public." Compl., ¶¶ 80-83. Plaintiffs also cite certain social media accounts (although Plaintiffs do not attribute the content thereof to Ironistic). *Id.* Each of Plaintiffs' claims against Ironistic hinge upon their allegation that statements made on these websites and social media accounts reached the "public." *See generally*, *id.*, ¶¶ 86-88. Assuming Plaintiffs' allegations to be true, the statements at issue were indisputably made in a "public forum" under section 425.16. *Barrett*, 40 Cal. 4th at 41 n.4.

Moreover, Ironistic is entitled to protection under California's anti-SLAPP statute regardless of whether it was responsible for any content on the at-issue websites or social media accounts.   Courts have made clear that merely "[m]aintaining a forum for discussion of issues of public interest is a quintessential way to facilitate [free speech] rights, and [defendants have] no liability for doing so." *Hupp v. Freedom Commc'ns., Inc.*, 221 Cal. App. 4th 398, 405 (2013) (striking claims where defendant maintained and operated a website that published articles of public interest, but was not itself responsible for creating or publishing the content at issue).  Where, as here, "an action directly targets the way a content provider chooses to deliver, present, or publish . . . content on matters of public interest, that action is based on conduct in furtherance of free speech rights and must withstand scrutiny under California's anti-SLAPP statute." *Cross*, 14 Cal. App. 5th at 199, 201-202 (quoting *Greater Los Angeles Agency on Deafness v. CNN, Inc.*, 742 F.3d 414, 425 (9th Cir. 2014) (striking claims where defendant hosted social media pages, but was not itself responsible for creating or publishing the content at issue).

b)   The Alleged Statements Were in Connection with an Issue of Public Interest.

California courts hold that whether an issue is one of public interest must be "construed broadly." *Gilbert v. Sykes*, 147 Cal. App. 4th 13, 23 (2007).  An "issue of public interest" within the meaning of section 425.16 is "any issue in which the public is interested." *Nygard, Inc. v. Uusi-Kerttula*, 159 Cal. App. 4th 1027, 1042 (2008).  "In other words, the issue need not be 'significant' to be protected by the anti-SLAPP statute—it is enough that it is one in which the public takes an interest." *Id*.  California courts have described three "nonexclusive and sometimes overlapping" categories of statements that have been given anti-SLAPP protection—statements that concern (1) "a person or entity in the public eye," (2) "conduct that could directly affect a large number of people beyond the direct participants," and/or (3) "a topic of widespread, public interest." *Cross v. Cooper*, 197 Cal. App. 4th 357, 373 (2011) (quoting *Rivero v. Am. Fed'n of State, Cty. & Mun. Emps., AFL-CIO*, 105 Cal. App. 4th 913, 924 (2003)).

Plaintiffs allege generally that the websites and social media accounts allegedly created by Ironistic "provide[d] important news and information to readers seeking help to understand the concerted business embargo" against Qatar.  Compl., ¶ 81.  As examples, Plaintiffs allege that (1) Ironistic created materials stating "Boycott Qatar Airways for their human rights abuses" (*id.*, ¶ 82); (2) a social media account published the statement "Expose Qatar's links with extremists. Stop the flow of blood money. #sanctionQatar." (*id.*, ¶ 83); and (3) a social media account published the statement "ISIS is just one of Qatar's many pawns. Uncover Qatar's links with extremists." (*id.*).

Assuming Plaintiffs' allegations to be true, each of these alleged statements is in connection with an issue of public interest.  Each of the alleged statements are political statements that fall within the protection of California's anti-SLAPP statute.  Indeed, "[t]he right to speak on political matters is the quintessential subject of our constitutional protections of the right of free speech."  *Matson v. Dvorak*, 40 Cal. App. 4th 539, 548 (1995).

Moreover, courts have held that the specific topics of each of the alleged statements (ties to terrorism, potential boycotts, and human rights abuses) are topics of public interest that are protected by California's anti-SLAPP statute.  *See Mireskandari v. Daily Mail & Gen. Tr. PLC*, No. CV 12-02943 MMM, 2013 WL 12114762, at *29 (C.D. Cal. Oct. 8, 2013) (striking claim arising from speech likening the plaintiff to a terrorist); *Manwin Licensing Int'l S.A.R.L. v. ICM Registry, LLC*, No. CV 11-9514 PSG, 2013 WL 12123772, at *11 (C.D. Cal. Feb. 26, 2013) (striking claims because "[b]oycotts are protected under the anti-SLAPP statute"); *Wilcox v. Super. Ct.*, 27 Cal. App. 4th 809, 822 (1994), (striking claims based on allegation that petitioner engaged in conspiracy to conduct economic boycott), *disapproved on other grounds by Equilon Enters. v. Consumer Cause, Inc.*, 29 Cal 4th 53, 68 n.5 (2002); *Orian v. Fed'n Int'l des Droits de L'Homme*, No. CV 11-6904 PSG, 2011 WL 13220921, at *2 (C.D. Cal. Dec. 13, 2011) (striking claims based on statements that the plaintiffs committed human rights abuses); *Sedgwick Claims Mgmt. Servs. v. Delsman*, No. C 09-1468 SBA, 2009 WL 2157573, at *2, *8 (N.D. Cal. July 17,

2009) (striking claims arising from statement that plaintiff committed human rights violations intended to "enlighten potential consumers . . . to avoid using the company's services").

### 2.   The Commercial Speech Exemption Does Not Apply

Should Plaintiffs argue that the at-issue statements are exempted from anti-SLAPP protection as commercial speech pursuant to California Code of Civil Procedure section 427.15(c), that exemption is inapplicable.  Section 427.15(c) exempts from anti-SLAPP protection lawsuits concerning (1) representations of fact about the defendant's or a business competitor's goods or services, (2) made for the purpose of promoting the defendant's business, (3) that were intended for an actual or potential buyer of the defendant.  Cal. Civ. Proc. Code § 427.15(c).  The commercial speech exemption "should be narrowly construed."  *Simpson Strong-Tie Co., Inc. v. Gore*, 49 Cal. 4th 12, 22 (2010) (internal quotations omitted) (quoting *Club Members for an Honest Election v. Sierra Club*, 45 Cal. 4th 309, 316 (2008)).  "The burden of proof as to the applicability of the commercial speech exemption … falls on the party seeking the benefit of it—i.e, the plaintiff."  *Id*. at 26.

Plaintiffs have not alleged facts to show that the speech alleged in their complaint is commercial speech.  The Complaint describes Ironistic as a "full service digital strategies and marketing companies that designs and builds websites and online marketing campaigns."  Compl. ¶ 25.  Plaintiffs do not allege facts showing that the at-issue statements contained representations of fact about Ironistic's or any of Ironistic's business competitors' business operations, goods, or services.  Cal. Civ. Proc. Code § 427.15(c)(1).  Plaintiffs do not allege facts showing that the at-issue statements made for the purpose of promoting Ironistic's goods or services.  *Id*.  And, Plaintiffs do not allege facts showing that the intended audience was an actual or potential buyer or customer of Ironistic's or Ironistic's business competitors' services.  *Id*.

To the contrary, Plaintiffs' Complaint seeks redress for alleged political statements aimed at the general public related to the State of Qatar, ties to terrorism,

potential boycotts, and human rights abuses. Compl., ¶¶ 80-84. As a result, Plaintiffs cannot establish that the alleged statements are commercial speech. *Dean v. Friends of Pine Meadow*, 21 Cal. App. 5th 91, 104-105 (2018) (finding that statements were political speech, not commercial speech exception, and holding that "a plaintiff cannot preclude a defendant from establishing that a cause of action arises out of protected activity simply by alleging there is some commercial element to the parties' dispute").

> 3. <u>Plaintiffs Cannot Demonstrate a Probability of Success on their UCL, FAL, Trade Libel, and Negligence Claims As A Matter Of Law[2]</u>

Because Plaintiffs' Complaint and all of their claims against Ironistic hinge on protected speech, the burden shifts to Plaintiffs to establish the probability of success for their claims. As set forth below, even assuming all of their allegations to be true, Plaintiffs cannot establish ***any*** probability of success because their claims fail as a matter of law.

> a) Failure to Plead Fraud With Specificity

When a plaintiff's claims sound in fraud, the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure applies. "To satisfy Rule 9(b), a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (quotation marks and brackets omitted). Under Rule 9(b), allegations must be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).

Each of Plaintiffs' claims is based on the allegation that Ironistic created websites "contain[ing] significant disinformation intended to deceive the public . . . ." Compl., ¶

---

[2] Where an anti-SLAPP motion is based on legal deficiencies in the plaintiff's complaint, the motion must be treated in the same manner as a motion under Rule 12(b)(6). *Rogers v. Home Shopping Network, Inc.* 57 F.Supp. 2d 973, 983 (C.D. Cal. 1999). In ruling on a motion pursuant to Rule 12(b)(6), the court must take as true all factual allegations in a complaint. *Lauter v. Anoufrieva*, 642 F.Supp. 2d 1060, 1076-77 (C.D. Cal. 2008).

81; *see id.* at ¶¶ 101(a), 108, 116, 124, 129.  As such, each of their claims is subject to the heightened pleading standard for fraud imposed by Rule 9(b) of the Fed. Rules of Civil Procedure.  *See, e.g.*, *BakeMark, LLC v. Navarro*, No. CV 21-2499 JAK, 2021 WL 2497934, at \*16 (C.D. Cal. Apr. 24, 2021) (UCL); *Ji Chang Son v. Tesla Motors, Inc.*, No. CV 16-2282 JVS, 2019 WL 4238874, at \*4 (C.D. Cal. Apr. 15, 2019) (FAL); *HGCI, Inc. v. Luxx Lighting, Inc.*, No. CV 19-570 PSG, 2020 WL 5913851, at \*7 (C.D. Cal. Sept. 10, 2020) (Lanham Act false advertising); *G.U.E. Tech, LLC v. Panasonic Avionics Corp.*, No. CV 15-789 CJC, 2015 WL 12696203, at \*4 (C.D. Cal. Sept. 15, 2015) (trade libel); *Townsend v. Chase Bank USA N.A.*, No. CV 08-527 AG, 2009 WL 426393, at \*3-4 (C.D. Cal. Feb. 15, 2009) (negligence).

Plaintiffs' Complaint falls woefully short of this standard.  Plaintiffs' Complaint does not describe the content of any of the three websites attributed to Ironistic.  Plaintiffs' Complaint also does not allege any facts concerning how any content on the three websites attributed to Ironistic (or any social media site, whether attributed to Ironistic or not) were false or deceptive.  The only specific statement attributed to Ironistic is material described as asking unnamed individuals to "Boycott Qatar Airways."  Compl., at ¶ 82. Such a statement of opinion cannot be true or false and thus cannot be the basis for a fraud claim.  And the Complaint does not state where or how these statements were published; it merely states that the material was "uploaded" to an unknown location.

In lieu of providing specific information required by Rule 9(b), Plaintiffs conclusorily accuse Ironistic and the other Defendants of engaging in "disinformation." Without any meaningful factual specificity to back up this conclusory claim, merely using the word "disinformation" is insufficient as a matter of law.  *See Mahnke v. Bayer Corp.*, No. 2:19-CV-7271 RGK, 2019 WL 8621437, at \*8 (C.D. Cal. Dec. 10, 2019) (dismissing claims based on "misinformation" under Rule 9(b)); ECF No. 44, at p. 16 (collecting additional cases).

b)     Plaintiffs' Claims are Time-Barred

Plaintiffs' claims are all barred by the applicable statute of limitations.  The following statutes of limitations apply to their claims:

- UCL – Four years after the cause of action accrued.  Cal. Bus. & Prof. Code § 17208.
- FAL – Three years after the cause of action accrued.  Cal. Civ. Proc. Code § 338.
- Lanham Act – Within three years.  *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 837 (9th Cir. 2002) (borrowing analogous state limitations period for purposes of determining timeliness of Lanham Act claim); Cal. Civ. Proc. Code § 338 (setting three year statute of limitations for false advertising claims).
- Trade Libel – two years after the statement was published.  Cal. Civ. Proc. Code § 339; *see Guess Inc. v. Super. Ct.*, 176 Cal. App. 3d 473, 477-78 (1986) (two-year statute of limitations applies to trade libel directed to plaintiff's business).
- Negligence – two years after date of injury.  Cal. Civ. Proc. Code § 339.

The latest-dated act attributed to Ironistic is the uploading of certain material on May 21, 2017.  Compl., ¶ 82.[3]  And Plaintiffs allege that they suffered harm no later than "mid-2017."  Compl., ¶ 91.  Thus, the longest limitations period of four years expired no later than May 21, 2021.  Plaintiffs' August 2021 Complaint is therefore untimely with respect to Ironistic.

c)     Plaintiffs Fail to State a UCL Claim Against Ironistic

In addition to the above-described fundamental problems inherent to the entirety of the Complaint and its allegations against Ironistic, Plaintiffs' UCL claim fails as a

---

[3] Although the Complaint references certain material dated October 12 and October 14, 2017 (Compl. at ¶ 83), Ironistic is not alleged to have created or have had any involvement with such material.

matter of law for a host of additional reasons, all of which flow from a core fundamental flaw in Plaintiffs' Complaint.  California's unfair competition law protects California consumers from business practices or representations that might harm those consumers.  But Plaintiffs' claim is unrelated to California, to California consumers, or to any business practice or representations targeting California consumers.  Plaintiffs' claim simply does not fit this statute.

(1)     Plaintiffs Lack Standing to Pursue a UCL Claim.

Following the passage of Proposition 64, any plaintiff seeking to bring a claim under the UCL or FAL must allege facts establishing that they "lost money or property as a result of the unfair competition." *See* Cal. Bus. & Prof. Code § 17204; Cal. Bus. & Prof. Code § 17535 (requiring plaintiffs to allege that they "lost money or property as a result of a violation of this chapter").

Plaintiffs have entirely failed to establish such standing.  First, and most fundamentally, the Complaint establishes zero causal connection between Ironistic's alleged conduct and any injury to Plaintiffs.  Ironistic is not alleged to have said anything about Plaintiffs, or Plaintiffs' products or services. The Complaint does not even allege that any potential customer of Plaintiffs saw a single statement attributed to Ironistic. Ironistic is only alleged to have created a website criticizing ***the country of Qatar***.

Plaintiffs' theory of causation is simply far too attenuated and speculative to support standing to pursue a UCL claim.  *Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 322 (2011); *Hall v. Time Inc.*, 158 Cal. App. 4th 847, 855 (2008).  If Plaintiffs have standing to pursue their UCL claim, ***any company whose business is tied to a country's reputation or popularity could sue anyone in the United States who criticizes that country.***  That simply cannot be the case.

Second, Plaintiffs do not allege that they relied on any statement allegedly published by Ironistic.  The absence of such allegation independently dooms Plaintiffs' UCL and FAL claims.  *See Bhrs Grp. v. Brio Water Tech.*, 2020 U.S. Dist. LEXIS 253575, at *18-19 (C.D. Cal. Dec. 14, 2020) (dismissing UCL and FAL claim where plaintiff failed

to allege facts showing its own reliance, instead alleging that consuming public would be misled); *Hall*, 158 Cal. App. 4th at 855 (demurrer sustained for failure to allege reliance); *Medina v. Safe-Guard Prods., Int'l, Inc.*, 164 Cal. App. 4th 105, 115 (2008) ("there [was] no allegation that Medina relied on Safe-Guard's having a license as required by the vehicle service contract statutes, or that Safe-Guard's unlicensed status caused him to part with the money he paid for the tire and wheel contract"); *Durrell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1363 (2010) (no causation where complaint "did not allege that "Durrell relied on either Sharp's Web site representations or on the language in the Agreement for Services in going to Sharp Grossmont Hospital or in seeking or accepting services once he was transported there. Indeed, the SAC does not allege Durell ever visited Sharp's Web site or even that he ever read the Agreement for Services.")[4]

Finally, Plaintiffs lack standing to pursue their UCL claim because they are neither consumers nor competitors of Ironistic. The UCL's fundamental purpose is to protect California consumers, although on occasion its reach can be extended to protect competitors. *See*, *e.g.*, *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 949 (2002); *Paulus v. Bob Lynch Ford, Inc.*, 139 Cal. App. 4th 659, 676 (2006). But the UCL is not a vehicle for lawsuits by "alleged victims [who] are neither competitors nor powerless, unwary consumers." *Linear Tech. Co. v. Applied Materials, Inc.*, 152 Cal. App. 4th 115, 135 (2007); *see also Nationwide Biweekly Administration, Inc.* v. *Super. Ct. of Alameda Cty.*, 9 Cal. 5th 279, 303-304 & fn. 10 (2020).

(2)     Plaintiffs' UCL Claim is Barred for Extraterritoriality.

The California Supreme Court has held that "the presumption against extraterritoriality applies to the UCL in full force." *Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 1207 (2011) ("[n]either the language of the UCL nor its legislative history provides any basis for conducting the Legislature intended the UCL to operate extraterritorially");

---

[4] A small number of decisions have suggested that a competitor may allege claims under the UCL and FAL without alleging its own reliance. *E.g.*, *SPS Techs., LLC v. Briles Aerospace, Inc.*, No. CV 18-9536-MWF, 2019 WL 6841992, at *6 (C.D. Cal. Oct. 30, 2019). But Plaintiffs are not alleged to be, and are not, competitors of Ironistic.

*see also Norwest Mortg., Inc. v. Super. Ct.*, 72 Cal. App. 4th 214, 225 (1999) (UCL cannot be basis for suit where, although defendant was California insurer, "the injuries [were] suffered by non-California residents, caused by conduct occurring outside of California's borders, by defendants whose headquarters and principal place of operations [were] outside of California"); *O'Connor v. Uber Techs., Inc.*, 58 F.Supp. 3d 989, 1007 (N.D. Cal. 2014) (UCL did not apply to work performed outside California by out-of-state Plaintiffs).

In determining whether Plaintiffs' UCL claim is extraterritorial and thus barred, the inquiry is focused on (1) whether the injury occurred in California and (2) whether the conduct of Defendants occurred in California. *Tidenberg v. Bidz.com, Inc.*, No. CV 08-5553 PSG, 2009 WL 605249, at *4 (C.D. Cal. Mar. 4, 2009); *see also In re Toyota Motor Corp.*, 785 F.Supp. 2d 883, 917 (C.D. Cal. 2011) ("In determining whether the UCL and CLRA apply to non-California residents, courts consider where the defendant does business, whether the defendant's principal offices are located in California, where class members [here, the Plaintiffs] is located, and the location from which advertising and other promotional decisions were made").

But in this case, there are no allegation that the websites were developed in California. Ironistic has its principal place of business in Virginia. Compl., ¶ 25; *see also In re Toyota*, 785 F. Supp. 2d at 917-18 (dismissing UCL and CLRA claims because Plaintiffs failed to "allege[] with sufficient detail that the point of dissemination from which advertising and promotional literature that they saw or could have seen is California"). Plaintiffs are also located outside of California. Even if Plaintiffs were to allege that any California-based individual viewed the websites attributed to Ironistic, such individuals are not alleged to have suffered any injury.

(3)    Failure to Allege "Commercial Speech"

"California's consumer protection laws, like the unfair competition laws, govern only commercial speech." *Rezec v. Sony Pictures Entertainment, Inc.*, 116 Cal. App. 4th 135, 140 (2004) (discussing UCL and FAL claims) (citing *Kasky*, 27 Cal. 4th at 953-56)

*disapproved on other grounds by FilmOn.com Inc. v. DoubleVerifiy Inc.*, 7 Cal. 5th 133, 148 n.5 (2019).  "Noncommercial speech is beyond their reach." *Id*.  Here, Plaintiffs have not identified any "commercial speech."  Even assuming this Court were to apply the factors set forth in *Bolger v. Youngs Drug Prods. Corp.*, 463 U.S. 60, 66-67 (1983),[5] those factors show that no commercial speech is at issue.  Although Plaintiffs vaguely and conclusorily claim that Ironistic created "advertisements" (Compl. at ¶ 84), Plaintiffs' few factual allegations demonstrate otherwise.  Plaintiffs do not allege that any statement created by Ironistic referred to Plaintiffs or their products.  *NewNet., Inc. v. Lavasoft*, 356 F.Supp. 2d 1090, 1117 (C.D. Cal. 2004) ("Speech is not advertising speech where it does not promote the speaker's product for sale or encourage a commercial transaction with the user").  To the contrary, the statements Plaintiffs actually attribute to Ironistic are clearly ***political*** speech.  *Id.*, at ¶ 82 (citing video linking Qatar to extremist groups).  As detailed above, Ironistic does not sell competing products or operate in the same business sector as Plaintiffs.

> (4)     Failure to Plead Violation of "Unlawful" Prong of UCL

To plead a UCL claim based on the "unlawful" prong, a plaintiff must allege facts sufficient to show a violation of law other than the UCL. In other words, a plaintiff must allege facts sufficient to support a violation of the underlying law on which it bases its UCL claim.  *Shin v. Campbell Soup Co.*, No. CV 17-1082-DMG, 2017 WL 3534991, at *4 (C.D. Cal. Aug. 9, 2017).  For all the reasons stated herein, Plaintiffs have failed to allege a violation of any other law to support their UCL "unlawful" claim.

> (5)     Failure to Plead Violation of "Unfair" Prong of UCL

Courts have consistently held that a claim under the "unfair" prong of the UCL cannot survive where it overlaps entirely with defective claims under the fraudulent and

---

[5] The *Bolger* court considered three factors: (1) whether the speech is an advertisement, (2) whether the speech refers to a particular product, and (3) whether the speaker has an economic motivation. *Id*.  These factors apply only when there is a "close question" as to whether the statement in question constitutes commercial speech.  *Dex Media W., Inc. v. City of Seattle*, 696 F.3d 952, 958 (9th Cir. 2012).  In this case, for the reasons described herein, the question is not close.

unlawful prongs. *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1104-1105 (N.D. Cal. 2017) (citations omitted). Here, Plaintiffs' claim under the unfair prong of the UCL is based entirely on the same conduct as their fraudulent and unlawful prong claims. Compl. ¶¶ 98-105 (citing same allegations as basis for fraudulent, unlawful, and unfair prongs of UCL claim). Thus, the Court should dismiss Plaintiffs' claim under the unfair prong of the UCL for the same reasons it should dismiss the claims under the fraudulent and unlawful prongs.

### d) Plaintiffs Fail to State a Claim Under California's False Advertising Law

Plaintiffs' claim under the False Advertising Law ("FAL") fails for many of the same reasons that their UCL claim fails. First, Plaintiffs' claim fails for failure to allege any connection to California. *Warner v. Tinder Inc.*, 105 F.Supp. 3d 1083, 1096 (C.D. Cal. 2015) (California does not permit extraterritorial application of either FAL or UCL including when advertisement at issue is published on website and mobile app; "[b]ecause [Plaintiff] does not allege that he viewed any advertisements as a consumer in California, his FAL claim . . . fails"); *In re Toyota Motor Corp.*, 785 F.Supp. 2d at 918 ("Courts have recognized that the FAL is limited to application in California"); *Churchill Village, L.L.C. v. GE Co.*, 169 F.Supp. 2d 1119, 1127 (N.D. Cal. 2000) ("only California consumers can proceed on a claim under the FA[L]"), *aff'd*, 361 F.3d 556 (9th Cir. 2004).

Second, Plaintiffs lack standing to bring a claim against Ironistic under the FAL for the same reasons they lack standing to pursue a UCL claim. *See* Section IV(D)(1), *supra*; *see also In re Outlaw Lab.*, *LLP*, 463 F.Supp. 3d 1068 (S.D. Cal. 2020) ("the FAL requires a plaintiff to plead their own reliance on the subject statements, not that of their customers"); *Redbox Automated Retail, LLC v. Buena Vista Home Entm't, Inc.*, 399 F.Supp. 3d 1018, 1034 (C.D. Cal. 2019) ("[C]onsumer reliance, absent [Plaintiff]'s own actual reliance, is insufficient to confer statutory standing under California's false advertising law").

1    Third, Plaintiffs fail to plead the elements of an FAL claim.  To plead an FAL claim,

2    Plaintiffs must allege (among other things) that Ironistic made a statement in connection

3    with the sale or disposition of goods or services that was untrue or misleading.  Cal. Bus.

4    & Prof. Code § 17500.  Plaintiffs do not plead that Ironistic made any statement "in

5    connection with the sale or disposition of goods or services."  And as explained above,

6    Plaintiffs fail to allege any facts explaining how any statement attributed to Ironistic was

7    "untrue or misleading" and therefore fail to meet the heightened pleading standard

8    imposed by Fed. R. Civ. Proc. 9(b).  *See* Section III(B)(3)(a), *supra*; *see also Ji Chang*

9    *Son*, 2019 WL 4238874 at *4 (applying Fed. R. Civ. Proc. 9(b) to FAL claim).

10                    e)    Plaintiffs Fail to Allege a Claim for Trade Libel

11           The claim of trade libel covers false statements about the quality of the plaintiff's

12    goods and services.  *Films of Distinction v. Allegro Film Prods.*, 12 F.Supp. 2d 1068, 1081

13    (C.D. Cal. 1998) (trade libel relates to quality of products and services); *Aetna Cas. &*

14    *Sur. Co. v. Centennial Ins. Co.*, 838 F.2d 346, 351 (9th Cir. 1988) (trade libel is directed

15    specifically at goods sold by plaintiff).  But the Complaint does not allege that Ironistic

16    made a single statement about the quality of Plaintiffs' goods and services; as noted above,

17    the Complaint does not allege that Plaintiffs' goods or services are mentioned at all.  The

18    handful of statements that are specifically identified – "Boycott Qatar Airways for their

19    human rights abuses," "Expose Qatar's links with extremists.  Stop the flow of blood

20    money.  #sanctionQatar," and "ISIS is just one of Qatar's many pawns.  Uncover Qatar's

21    links with extremists" (Compl. at ¶¶ 82-83) – have nothing to do with the quality of

22    Plaintiffs' goods or services.

23           And apart from the few statements above, the Complaint fails to allege the specific

24    contents of any allegedly libelous statement made by Ironistic.  "The general rule is that

25    the words constituting an alleged libel must be specifically identified, if not pleaded

26    verbatim, in the complaint."  *Kahn v. Bower*, 232 Cal. App. 3d 1599, 1612 n.5 (1991).

27

28

1

f)      Plaintiffs Fail to State a Claim for Negligence

2       Plaintiffs also fail to allege a claim for negligence against Ironistic.  Most

3  fundamentally, the Complaint fails to articulate any basis for Ironistic to have any duty to

4  Plaintiffs.  *Dillon v. Legg*, 68 Cal. 2d 738, 740 (1968) ("the chief element in determining

5  whether defendant owes a duty or an obligation to plaintiff is the foreseeability of the

6  risk").  Plaintiffs' alleged loss of business was not a foreseeable risk of Ironistic's alleged

7  creation of certain websites, which never mention Plaintiffs or their products or services.

8  *E.g.*, *Zanger v. City of Pasadena*, No. CV 06-5379 ABC (Ex), 2007 WL 9734351, at *3

9  (C.D. Cal. Jan. 23 2007) (granting motion to dismiss negligence claim where plaintiff

10 failed to plead that alleged harm plaintiff was reasonably foreseeable consequence of

11 defendants' alleged breach).

12      Recognizing their inability to allege any duty on Ironistic's part, Plaintiffs instead

13 claim that the Foreign Agents Registration Act ("FARA") somehow created a duty

14 running from all Defendants to Plaintiffs.  *See*, *e.g.*, Compl. at ¶ 129 (alleging conclusorily

15 that "Defendants breached their duty to Mosafer, in violation of FARA").  But the

16 Complaint does not contain any specific allegation that Ironistic violated FARA.

17      Further, FARA cannot possibly create a duty running from Ironistic to Plaintiffs.

18 To borrow a statutory standard to create the presumption of a standard of care (referred to

19 as negligence *per se*), Plaintiffs must allege the existence of certain prerequisites

20 including death or injury to person or property, which Plaintiffs do not allege here.  *See*

21 Cal. Evid. Code § 669(a); *see also Sanchez v. United States*, 803 F.Supp. 2d 1066, 1070

22 (C.D. Cal. 2011) (elements of negligence per se claim include: "(1) the defendant violated

23 a statute, ordinance, or regulation of a public entity; (2) the violation proximately caused

24 death or injury to person or property; (3) the death or injury resulted from an occurrence

25 of the nature of which the statute, ordinance, or regulation was designed to prevent; and

26 (4) the person suffering the death or the injury to his person or property was one of the

27 class of persons for whose protection the statute, ordinance, or regulation was adopted").

28

g)     Plaintiffs Fail to Allege Ironistic's Involvement in Any Conspiracy

In a futile attempt to cover the absence of any meaningful allegations against Complaint, Plaintiffs allege the existence of a "Disinformation Conspiracy" and vaguely allege that Ironistic was involved in this conspiracy. Compl., at ¶ 5. To begin with, any attempt to create liability through a "conspiracy" allegation fails for the simple reason that Plaintiffs fail to allege any underlying cause of action. *Stansfield v. Starkey*, 220 Cal. App. 3d 59, 75-76 (1990) (conspiracy claim dismissed due to dismissal of fraud claim on which it was based).

Moreover, the Complaint contains no factual allegations about Ironistic's involvement in this conspiracy. No facts regarding how Ironistic became involved in such a conspiracy or with whom. And most critically, no factual allegation establishing that Ironistic reached an agreement of any kind with the other Defendants on *any* subject.

This falls far short of the standard for pleading conspiracy. A conspiracy is not properly pled just because Plaintiffs allege that one existed. "Plaintiff's recitation of the elements of civil conspiracy is not sufficient to sustain this theory of liability." *Bonner v. Select Portfolio Servicing, Inc.*, No. 10-00609 CW, 2010 WL 2925172, at *7 (N.D. Cal. July 26, 2010). This is particularly true here, where all of the underlying claims sound in fraud. *Alfus v. Pyramid Tech. Corp.*, 745 F.Supp. 1511, 1521 (N.D. Cal. 1990) (internal citations omitted) ("In civil conspiracy actions, courts insist upon a higher level of specificity than is usually demanded of other pleadings" because of the "frequent presence of fraud as part of plaintiff's claim"). "To survive a motion to dismiss, plaintiff must allege *with sufficient factual particularity that defendants reached some explicit or tacit understanding or agreement*. It is not enough to show that defendants might have had a common goal unless there is a factually specific allegation that they directed themselves towards this wrongful goal by virtue of a mutual understanding or agreement." *Id.* Such allegations are entirely absent here.

h) Gomosafer Lacks Capacity to Sue

Plaintiff Gomosafer is not a corporation or an individual, and therefore lacks capacity to sue. Gomosafer admits to being "the online division" of a third-party corporation. *See* ECF No. 4 at 2; see also ECF No. 1 ¶ 19.  In California,[6] "A 'division' of a corporation is a unit within the corporation and has no status as a separate 'person' in the eyes of the law."  *In re Marriage of Stephens*, 156 Cal. App. 3d 909, 918 (1984); *see also B-K Lighting, Inc. v. Vision3 Lighting*, No. CV 06-2825 MMM, 2006 WL 8421831, at *2 (C.D. Cal. Nov. 14, 2006) (citing cases).  Thus, under California law, Gomosafer lacks the capacity to sue.[7]

## IV.   PLAINTIFFS HAVE FAILED TO STATE ANY CLAIM UNDER FEDERAL OR STATE LAW UNDER FED. R. CIV. PROC. 12(B)(6)

### A.   For the Reasons Stated Above, the Court Should Dismiss Plaintiffs' State Law Claims Under Fed. R. Civ. Proc. 12(b)(6) for Failure to State a Claim

If the Court declines to strike Plaintiffs' California state law claims under the anti-SLAPP statute, it should dismiss those claims under Federal Rules of Civil Procedure 12(b)(6) for the reasons discussed above.  *Trendmood, Inc. v. Rabinowitz*, No. 2:20-cv-10877-MCS-RAO, 2021 WL 8415954, at *4 (C.D. Cal. June 21, 2021) (denying motion to strike under the anti-SLAPP statute and granting alternative motion to dismiss).[8]

---

[6] Gomosafer's capacity to sue is determined "by the law of the state where the court is located." Fed. R. Civ. Proc. 17(b).

[7] Nor can Gomosafer rely on Fed. R. Civ. Proc. 17(b)(3)(A)'s exception, allowing federal claims to be brought by an "unincorporated association."  This exception applies only to parties that operate "without a charter" (*S. Cal. Darts Ass'n v. Zaffina*, 762 F.3d 921, 931 (9th Cir. 2014)), but a division of corporation "does operate with a charter—the charter of the larger corporation. . . . Such a division is thus not an 'unincorporated association' under Rule 17(b)(3)(A)." *Smartdoor Holdings, Inc. v. Edmit Indus., Inc.*, 78 F. Supp. 3d 275, 278 (D.D.C. 2015) (internal quotations and citations omitted).

[8] Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissal is required when a complaint fails to set forth sufficient factual allegations that "raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must make "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

21

### B. The Court Should Dismiss Plaintiff's Lanham Act Claim Under Fed. R. Civ. Proc. 12(b)(6) For Failure To State A Claim

Plaintiffs' Lanham Act Section 43(a) claim is yet another example of trying to fit a square peg into a round hole. Nothing about Plaintiffs' allegations suggest that advertising is at issue; Plaintiffs fail to allege a single product or service that is being advertised. Instead, the allegations in question relate to core political speech about foreign policy and human rights. Not surprisingly, then, Plaintiffs fail to allege any of the key elements of a Section 43(a) claim. See *Rice v. Fox Broadcasting Co.*, 330 F.3d 1170, 1180 (9th Cir. 2003). In particular, the Complaint fails for the following reasons:

1. No allegations of a <u>false statement of fact by the defendant in a commercial advertisement or promotion about its own or another's product</u>. Representations constitute commercial advertising or promotion under the Lanham Act when they are: (1) commercial speech; (2) by a defendant who is in commercial competition with plaintiff; (3) for the purpose of influencing consumers to buy the defendant's goods or services; *and* (4) are disseminated sufficiently to the relevant purchasing public to constitute advertising or promotion within that industry. *Id.* at 1181.

None of these factors are met. First, Plaintiffs have not identified any "commercial speech." Rather, the statements attributed to Ironistic are political speech. If such material could be "commercial speech," then so could any political statement that allegedly impacts a country's economy, however tenuous the connection. That is not the law. *NewNet*, 356 F.Supp. 2d at 1117 (the Lanham Act "should not be read in any way to limit political speech") (quoting *Wojnarowicz v. Am. Family Ass'n*, 745 F.Supp. 130, 141 (S.D.N.Y. 1990)).[9] Second, Ironistic is not alleged to be in competition with Plaintiffs. Third, Ironistic is not alleged to have created websites concerning Qatar for the purpose of influencing consumers to purchase any goods or services from Ironistic.

---

[9] Even assuming that the statements in paragraph 83 were attributed to Ironistic (which they are not), those statements also are not commercial speech. Statements like "Expose Qatar's links with extremists. Stop the flow of blood money. #sanctionQatar," and "ISIS is just one of Qatar's many pawns. Uncover Qatar's links with extremists" are clearly not commercial speech.

2. <u>No allegations to establish the statements actually deceived or had the tendency to deceive a substantial segment of its audience.</u>  As discussed above, this element is subject to the heightened pleading scrutiny under Fed. R. Civ. Proc. 9(b).  *See* Section III(B)(3)(a), *supra*; *HGCI, Inc.*, 2020 WL 5913851 at *7 (Lanham Act false advertising).  And for the reasons stated above, Plaintiffs utterly fail to meet that standard. *Id.*  The Complaint contains no factual allegations explaining how any statement attributed to Ironistic was false or how, when or why a single person was deceived by such statement.

3. <u>No allegations to establish the plaintiffs have been or are likely to be injured as a direct result of the false statement,</u>  "To invoke the Lanham Act's cause of action for false advertising, a plaintiff must plead (and ultimately prove) an injury to a commercial interest in sales or business reputation proximately caused by the defendant's misrepresentations."  *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 527 U.S. 118, 140 (2014).  Thus, "a plaintiff suing under § 1125(a) ordinarily must show that its economic or reputational injury flows ***directly*** from the deception wrought by the defendant's advertising; and that occurs when deception of consumers causes them to withhold trade from the plaintiff."  *Id.* at 133 (emphasis added).

For the reasons already discussed above, the Complaint fails to allege anything resembling a "direct" connection.  *See* Section III(B)(3)(c)(1), *supra*; *see also McLaughlin v. Homelight, Inc.*, No. 2:21-cv-05379-MCS-KES, 2021 U.S. Dist. LEXIS 177657, at *11 (C.D. Cal. Sept. 27, 2021) (dismissing plaintiff's Lanham Act claim, finding plaintiff's "conclusory, speculative allegations of actual cause" insufficient to establish injury flowing directly from alleged deception); *Agency Y LLC v. DFO Global Performance Comm. Ltd.*, No. SACV 20-1716 JVS(KESx), 2021 WL 2791616, at *6 (C.D. Cal. Apr. 22, 2021) (dismissing Lanham Act false advertising claim for failure to allege injury flowing directly from alleged deception); *Altair Instruments Inc. v. Telebrands Corp.*, No. 2:19-cv-0897-SJO-JC, 2020 WL 1942320, at *5 (C.D. Cal. Mar. 31, 2020) (same).

## V. **PLAINTIFFS SHOULD BE DENIED LEAVE TO AMEND**

"An amendment is futile when 'no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (*quoting Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)).  Here, no amount of detail Plaintiffs might add to their Complaint can change the fundamentally defective nature of their legal theory, and thus there is no reason to grant Plaintiffs an opportunity to replead.

## VI. **CONCLUSION**

Ironistic respectfully asks this Court to strike Plaintiffs' UCL, FAL, trade libel, and negligence claims against Ironistic, and to dismiss Plaintiffs' Lanham Act claim for failure to state a claim.  Plaintiffs' claims arise out of acts in furtherance of Ironistic's right of freedom of speech in connection with public issues and Plaintiffs are unable to demonstrate a probability of success on any of their claims.  In the alternative, Ironistic asks this Court to dismiss Plaintiffs' Complaint in its entirety with prejudice for failure to state a claim.

Dated:  November 1, 2021            AKIN GUMP STRAUSS HAUER & FELD LLP


By:____*/s/ Hyongsoon Kim*_____
       Hyongsoon Kim

       Attorneys for Defendant
       THE IRON GROUP INC. D/B/A
       IRONISTIC.COM