UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:21-cv-06320-MCS-JC | Date November 3, 2021 |
| Title *Mosafer Inc. v. Broidy* | |

Present: The Honorable **Mark C. Scarsi, United States District Judge**

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER RE: EX PARTE MOTION FOR ISSUANCE OF SUMMONS (ECF NO. 65)

Defendants and Counterclaimants Elliott Broidy, Broidy Capital Management, LLC, and Circinus, LLC (together, "Broidy Defendants") apply ex parte for an order authorizing the issuance of a summons directed to Counterclaim Defendant State of Qatar. (Appl., ECF No. 65.)

The application does not present cause for ex parte relief. Ex parte applications are solely for extraordinary relief and are rarely justified. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). A party filing an ex parte application must support its request for emergency relief with "evidence . . . that the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures," and a showing "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* at 492. Here, there is no demonstrated urgency requiring ex parte relief. The Broidy Defendants fail to establish how they would be irreparably prejudiced if they sought relief by normal motion procedures.

Nonetheless, in the interest of judicial economy, the Court grants the requested relief. The Broidy Defendants' request for issuance of summons is consistent with their stated intent to serve the State of Qatar under 28 U.S.C. § 1608(a)(3). (Appl. ¶ 4.) Accordingly, the Court directs the Clerk to issue the summons requested at ECF No. 57.[1]

**IT IS SO ORDERED.**

---

[1] The Court acknowledges that the approved summons form does not account for the State of Qatar's apparent 60-day deadline to respond after service. 28 U.S.C. § 1608(d).