Stephen G. Larson (SBN 145225)
slarson@larsonllp.com
Koren L. Bell (SBN 268614)
kbell@larsonllp.com
Paul A. Rigali (SBN 262948)
prigali@larsonllp.com
Jonathan Gershon (SBN 306979)
jgershon@larsonllp.com
**LARSON LLP**
555 South Flower Street, Suite 4400
Los Angeles, California 90071
Telephone: (213) 436-4888
Facsimile: (213) 623-2000

Attorneys for Plaintiffs and Counterclaim Defendants MOSAFER INC.; MOSAFER E-COM, INC.; GOMOSAFER; ABU ISSA HOLDINGS; ASHRAF ABU ISSA; and NABIL ABU ISSA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MOSAFER INC.; MOSAFER E-COM, INC.; AND GOMOSAFER,<br><br>Plaintiffs,<br><br>v.<br><br>ELLIOTT BROIDY; GEORGE NADER; BROIDY CAPITAL MANAGEMENT, LLC; CIRCINUS, LLC; THE IRON GROUP INC. D/B/A IRONISTIC.COM; SCL SOCIAL LIMITED; PROJECT ASSOCIATES UK LTD; MATTHEW ATKINSON; AND JOHN DOES 1-100,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. 2:21-cv-06320-MCS-JC<br><br>[Assigned to Hon. Mark C. Scarsi]<br><br>**MOSAFER PARTIES' RESPONSE TO BROIDY DEFENDANTS AND COUNTERCLAIM-PLAINTIFFS' *EX PARTE* APPLICATION; EXHIBIT A** |

The Mosafer Parties file this response to the Broidy Defendants' *ex parte* Application. As set forth below, while the Mosafer Parties do not object to the Broidy Defendants receiving additional time to file an Opposition, if the Court finds good cause, they submit that all four pending motions—Defendants' three motions to strike and dismiss their Complaint and their Motion to Strike and Dismiss the Broidy Defendants' Counterclaims—should be heard on the same day.

Contrary to the Broidy Defendants' suggestion, the Mosafer Parties opposed the requested two-week extension—as set forth and reiterated in yesterday's correspondence with counsel—not because of Thanksgiving, but because this Court had already set a consolidated hearing for December 6, 2021 on all three pending motions to strike and dismiss their Complaint. *See* Exhibit A. Given various overlapping issues and the balance of efficiencies, the Mosafer Parties maintain, as they explained to counsel, that their Motion to Strike and Dismiss the Broidy Defendants' Counterclaims should be heard together with defendants' motions to strike and dismiss their Complaint on December 6, 2021. *See id.* This, in turn, obviated a stipulated extension (including to a shorter one-week extension, given the intervening Thanksgiving holiday). *See id.* The Broidy Defendants' eleventh-hour claim that they have been prejudiced by the December 6 hearing date and the applicable briefing schedule pursuant to this Court's Standing Order is belied by the record of correspondence in this matter, which is now attached hereto. *See id*.

On August 5, 2021, Plaintiffs Mosafer Inc., Mosafer E-Com, Inc., and GoMosafer (collectively, "Plaintiffs") filed a Complaint against Defendants Elliott Broidy ("Broidy"), Broidy Capital Management, LLC ("BCM"), and Circinus, LLC ("Circinus") (collectively, "Broidy Defendants"), George Nader, the Iron Group Inc. d/b/a Ironistic.Com ("Ironistic"), SCL Social Limited, Project Associates UK Ltd, and Matthew Atkinson (collectively, "Defendants"), alleging that the Defendants engaged in an ongoing disinformation campaign, in exchange for hundreds of millions of dollars, which harmed Plaintiffs. [Doc. 1].

The Broidy Defendants, Nader, and Ironistic all filed Motions to Dismiss or alternatively Strike Plaintiffs' Complaint. [Docs. 44, 60, 61]. Although each of these hearings was originally set for a different hearing date, on November 3, 2021, the Court, *sua sponte*, advanced and consolidated the hearings on all three motions to December 6, 2021 at 9:00 a.m. [Doc. 68].

On October 7, 2021, the Broidy Defendants also filed Counterclaims against Plaintiffs, Abu Issa Holdings, Ashraf Abu Issa, and Nabil Abu Issa (collectively, the "Mosafer Parties"). [Doc 46]. The only allegation asserted against the Mosafer Parties in these Counterclaims is that the Complaint is frivolous—and thus, in turn, gives rise to purported liability under abuse of process, business conspiracy, and RICO theories. *Id.*

The Broidy Defendants have been on notice of the Mosafer Parties' intent to file a Motion to Strike and Dismiss these Counterclaims since October 20, 2021. *See* Exhibit A (Oct. 20, 2021 email from K. Bell to M. Francisco) ("[W]e wanted to see if you would be available for a pre-motion filing conference tomorrow, pursuant to L.R. 7.3, to discuss our anticipated motion to dismiss/strike the counterclaims."). The parties ultimately postponed the substance of that call after agreeing to an extension after the Mosafer Parties accepted service. *See id.*

On November 2, 2021, counsel for the Mosafer Parties followed up to reschedule the pre-motion filing conference. *See* Exh. A. On November 4, 2021, having received no response, counsel for the Mosafer Parties followed up again. *See id.* In that correspondence, counsel for the Mosafer Parties specifically advised counsel for the Broidy Defendants of the intent to notice the hearing for December 6, 2021 in light of the Court's consolidation order the previous day. *See* Exhibit A (Nov. 4 2021 email from K. Bell to M. Francisco) (stating, *inter alia*, "In light of the Court's scheduling order yesterday, and in the interest of further consolidating the hearings in this matter, *we plan to file our motion on Monday and notice it for December 6*") (emphasis added).

On November 5, 2021, the parties met and conferred regarding the bases for the Mosafer Parties' Motion to Strike and Dismiss the Counterclaims. The Broidy Defendants neither objected to the Mosafer Parties' stated intent to notice the Motion for December 6, nor requested an extension of any kind.

On November 8, 2021, consistent with these communications, the Mosafer Parties filed a Motion to Strike and Dismiss the Counterclaims and noticed the Motion for a hearing on December 6. [Doc. 77]. Under this Court's Standing Order, the Broidy Defendants' Opposition is due on November 15, 2021 and the Mosafer Parties' Reply is due on November 22, 2021.

The Broidy Defendants' counsel then waited until the end of the day on November 10 to contact counsel for the Mosafer Parties with the request for a two-week extension of time to oppose the Motion to Strike and Dismiss. In that phone message, counsel sought a response by the following morning. Counsel for the Mosafer Parties promptly responded the next day, at 9:45 a.m., to explain:

> "As you know, given the overlapping issues, *it is our position that our motion should be heard together with defendants' motions as scheduled for December 6.* We have looked at the calendar, and in light of the scheduled hearing date, and the intervening Thanksgiving holiday, unfortunately we simply cannot accommodate the requested extension. *Under different circumstances, we would have been happy to work with you to make the requested extension work.*"

*See* Exhibit A (emphasis added). As counsel explained, while the Mosafer Parties would ordinarily agree to an extension, even a one week extension would have made the Mosafer Parties' Reply due on November 29, immediately following the Thanksgiving holiday. *See id.*

Later the same day, after receiving two additional phone messages from the Broidy Defendants' counsel, counsel for the Mosafer Parties reiterated their position

as follows:

> "We appreciate your call, but I *don't* believe there was any confusion on our end regarding your request.  As noted below, *it is our position that our motion should be heard together with defendants' motions given the overlapping issues*.  *The Court has already consolidated and scheduled the hearing on those motions for December 6.*  Given the December 6 hearing date, and the intervening Thanksgiving holiday, we simply cannot accommodate the requested extension.  Again, under different circumstances, we would have been happy to work with you to make the requested extension work."

See Exhibit A (emphasis added).

The Broidy Defendants' *ex parte* Application followed.  The Mosafer Parties continue to maintain that all four motions should be heard on the same day given various overlapping issues and the balance of efficiencies.  Accordingly, if the Court determines that the Broidy Defendants have good cause for the requested extension, the Mosafer Parties respectfully request that the Court continue the hearing on all four motions to the same day.

DATED:  November 12, 2021                                LARSON LLP

By:  /s/ Stephen G. Larson
Stephen G. Larson
Koren L. Bell
Paul A. Rigali
Jonathan D. Gershon
Attorneys for Plaintiffs and Counterclaim Defendants MOSAFER INC.; MOSAFER E-COM, INC.; GOMOSAFER; ABU ISSA HOLDINGS; ASHRAF ABU ISSA; and NABIL ABU ISSA