UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | |
|---|---|---|
| Case No. | **2:21-cv-06320-MCS-JC** | Date   November 15, 2021 |
| Title | ***Mosafer Inc. v. Broidy*** | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER RE: MOTION TO DISMISS OR STRIKE (ECF NO. 77) AND EX PARTE APPLICATION FOR EXTENSION OF TIME (ECF NO. 78)

Mosafer Inc., Mosafer E-Com, Inc., GoMosafer, Abu Issa Holdings, Ashraf Abu Issa, and Nabil Abu Issa move to strike or dismiss Elliott Broidy, Broidy Capital Management, LLC, and Circinus, LLC's counterclaim. (Mot., ECF No. 77.) The Broidy parties apply ex parte for an order giving them a 14-day extension of time to respond to the motion. (Appl., ECF No. 78.) The Mosafer parties oppose the application (Opp'n, ECF No. 80.) The Court deems both matters suitable for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. The Court takes off calendar the hearing on the motion set for December 6, 2021.

The motion is denied for failure to comply with the prefiling conference requirement. C.D. Cal. R. 7-4; *see Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing."). "[C]ounsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution" at least seven days before filing a motion. C.D. Cal. R. 7-3. "The purpose of Local Rule 7-3 is to help parties reach

a resolution which eliminates the necessity for a hearing," which "further[s] judicial economy and the administration of justice." *James R. Glidewell Dental Ceramics, Inc. v. Phila. Indem. Ins. Co.*, No. 8:16-cv-01155-JLS-E, 2016 U.S. Dist. LEXIS 189416, at *1 (C.D. Cal. Sept. 12, 2016) (internal quotation marks omitted); *accord Caldera v. J.M. Smucker Co.*, No. CV 12-4936-GHK (VBKx), 2013 U.S. Dist. LEXIS 183977, at *2 (C.D. Cal. June 3, 2013) (noting that the rule "enables the parties to brief the remaining disputes in a thoughtful, concise, and useful manner" (internal quotation marks omitted)). Here, the Mosafer parties filed their motion fewer than seven days after the parties' prefiling conference of counsel. (*See* Mot. 1 (stating November 5 prefiling conference took place before November 8 filing).) As articulated in the Broidy parties' ex parte application, this short turnaround between the conference and the filing of the motion, coupled with the Mosafer parties' decision to set the motion to be heard with minimal notice, prejudiced the Broidy parties by depriving them of a full opportunity to craft a timely and thorough written response. (*See* Appl. 1.) The Mosafer parties' desire to have their motion heard on the same day as other parties' motions to strike their pleading does not obviate their obligation to comply with the rule. (*See* Opp'n Ex. A, at 2, ECF No. 80-1.)

The motion is denied without prejudice, and the application is denied as moot. The Mosafer parties shall respond to the Broidy parties' counterclaim within 14 days. If the Mosafer parties seek to renew their motion, they must provide a declaration establishing strict compliance with Local Rule 7-3. The Court expects the parties to confer in good faith and agree upon an appropriate briefing schedule.

The other three motions to strike remain scheduled to be heard on December 6, 2021.

**IT IS SO ORDERED.**