**AKIN GUMP STRAUSS HAUER & FELD LLP**
HYONGSOON KIM (SBN 257019)
kimh@akingump.com
KELSEY MORRIS (SBN 277859)
kmorris@akingump.com
4 Park Plaza, Suite 1900
Irvine, CA 92614
Tel: 949-885-4100
Fax: 949-885-4101

**AKIN GUMP STRAUSS HAUER & FELD LLP**
LAUREN E. HUENNEKENS (328855)
lhuennekens@akingump.com
1999 Avenue of the Stars, Suite 600
Los Angeles, CA 90067
Tel: 310-229-1000
Fax: 310-229-1001

Attorneys for Defendant
THE IRON GROUP INC. D/B/A IRONISTIC.COM

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

MOSAFER INC.; MOSAFER ECON, INC.; AND GOMOSAFER,

Plaintiffs,

v.

ELLIOT BROIDY; GEORGE NADER; BROIDY CAPITAL MANAGEMENT, LLC; CIRCINUS, LLC; THE IRON GROUP INC. D/B/A IRONISTIC.COM; SCL SOCIAL LIMITED; PROJECT ASSOCIATES UK LTD; MATTHEW ATKINSON; AND JOHN DOES 1-100,

Defendants.

Case No. 2:21-cv-06320-MCS-JC

**DEFENDANT THE IRON GROUP INC. D/B/A IRONISTIC.COM'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE (CAL. CODE OF CIV. PROC. § 425.16) OR, IN THE ALTERNATIVE, MOTION TO DISMISS PURSUANT TO FED. R. CIV. PROC. RULE 12(b)(6)**

Date: December 6, 2021
Time: 9:00 A.M.
Courtroom: 7C, Hon. Mark C. Scarsi

# TABLE OF CONTENTS


I. INTRODUCTION .......... 1

II. PLAINTIFFS' STATE LAW CLAIMS ARE SUBJECT TO THE ANTI-SLAPP STATUTE .......... 1

III. PLAINTIFFS' STATE LAW CLAIMS SHOULD BE STRICKEN FOR FAILURE TO DEMONSTRATE A PROBABILITY OF SUCCESS .......... 3
- A. Plaintiffs Fail to Plead Fraud with Specificity. .......... 3
- B. Plaintiffs Fail to Allege Ironistic's Involvement in Any Conspiracy .......... 4
- C. Plaintiffs Fail to State a UCL or FAL Claim Against Ironistic .......... 4
  - 1. Plaintiffs Fail to Allege "Commercial Speech" to Support Their UCL Claim. .......... 4
  - 2. Plaintiffs Lack Standing to Pursue UCL and FAL Claims. .......... 5
  - 3. Failure to Plead any Fraudulent, Unlawful or Unfair Conduct .......... 6
  - 4. Plaintiffs' UCL and FAL Claims are Barred for Extraterritoriality. .......... 7
  - 5. Plaintiffs Fail to Allege a Statement in Connection with the Sale or Disposition of Goods or Services to Support Their FAL Claim. .......... 7
- D. Plaintiffs Fail to State a Claim for Negligence .......... 7
- E. Plaintiffs Fail to Allege a Claim for Trade Libel .......... 8
- F. Gomosafer Lacks Capacity to Sue .......... 8

IV. THE COURT SHOULD DISMISS PLAINTIFF'S LANHAM ACT CLAIM UNDER FED. R. CIV. PROC. 12(B)(6) .......... 9

V. PLAINTIFFS' CLAIMS ARE TIME-BARRED .......... 9

VI. CONCLUSION .......... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ariix LLC v. NutriSearch Corp.*, 985 F.3d 1107 (9th Cir. 2021) ....................5

*Assakhani v. Shadow Glen Homeowners Ass'n, Inc.*, 63 Cal. App. 5th 917 (2021) ....................8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)....................4

*Bhrs Grp. v. Brio Water Tech.*, 2020 U.S. Dist. LEXIS 253575 (C.D. Cal. Dec. 14, 2020)....................5

*Bolger v. Youngs Drug Prods. Corp.*, 463 U.S. 60 (1983)....................4, 5

*Cervantes v. City of San Diego*, 5 F.3d 1273 (9th Cir. 1993) ....................9

*Ehret v. Uber*, 68 F.Supp. 3d 1121 (N.D. Cal. 2014)....................7

*Elsner v. Uveges*, 34 Cal. 4th 915 ....................7

*Facebook, Inc. v. MaxBounty, Inc.*, 274 F.R.D. 279 (N.D. Cal. 2011)....................4

*Films of Distinction v. Allegro Film Prods.*, 12 F.Supp. 2d 1068 (C.D. Cal. 1998) ....................8

*Flatley v. Mauro*, 39 Cal. 4th 299 (2006) ....................1, 2

*Fox v. Ethicon Endo-Surgery, Inc.*, 110 P.3d 914 (Cal. 2005)....................10

*Harmoni Int'l Spice, Inc. v. Bai*, 2016 WL 6542731 (C.D. Cal. May 24, 2016)....................2

*Hartford Caus. Ins. Co. v. Swift Distribution, Inc.*,
59 Cal. 4th 277 (2014) ........ 8

*Haugh v. Depuy-Motech, Inc.*,
1999 WL 1133271 (C.D. Cal. Nov. 16, 1999) ........ 10

*Klein v. Earth Elements, Inc.*,
59 Cal. App. 4th 965 (1997) ........ 6

*Korea Supply Co. v. Lockheed Martin Corp.*,
29 Cal. 4th 1134 (2003) ........ 6

*Marolda v. Symantec Corp.*,
672 F.Supp. 2d 922 (N.D. Cal. 2009) ........ 4

*Meese v. Keene*,
481 U.S. 465 (1987) ........ 2

*Melaleuca, Inc. v. Clark*,
66 Cal. App. 4th 1344 (1998) ........ 8

*Meyer v. Grant*,
486 U.S. 414 (1988) ........ 4

*Moore v. Mars Petcare US, Inc.*,
966 F.3d 1007 (9th Cir. 2020) ........ 3, 9

*Nat'l Servs. Grp. v. Painting & Decorating Contrs. of Am.*,
2006 WL 2035465 (C.D. Cal. July 18, 2006) ........ 9

*Neilson v. Union Bank of Cal., N.A.*,
290 F.Supp. 2d 1101 (C.D. Cal. 2003) ........ 3

*Safari Club Int'l v. Rudolph*,
862 F.3d 1113 (9th Cir. 2017) ........ 2

*SPS Techs., LLC v. Briles Aerospace, Inc.*,
No. CV 18-9536-MWF, 2019 WL 6841992 (C.D. Cal. Oct. 30, 2019) ........ 6

*Standfacts Credit Servs., Inc. v. Experian Info. Sols., Inc.*,
405 F.Supp. 2d 1141 (C.D. Cal. 2005) ........ 7

*Tatung Co. v. Shu Tze Hsu*,
43 F.Supp. 3d 1036 (C.D. Cal. 2014) ........ 4

*Townsend v. Chase Bank USA N.A.*,
No. CV 08-527 AG, 2009 WL 426393 (C.D. Cal. Feb. 15, 2009) ......................3

*Waterhouse v. Cufi Church Ass'n Inc.*,
No. Civ. 14-144 SOM, 2014 WL 1745098 (D. Haw. Apr. 29, 2014)..................2

**Statutes & Rules**

Cal. Bus. & Prof. Code § 17204 ..........................................................................5

Cal. Bus. & Prof. Code § 17535 ..........................................................................5

Fed. R. Civ. Proc.Rule 9(b)............................................................................3, 4, 9

Fed. R. Civ. Proc. Rule 12(b)(6)..........................................................................9

## I. INTRODUCTION

Plaintiffs'[1] Opposition to Ironistic's Motion to Strike doubles down on their stunning claim that anyone publishing negative information about a country is liable to each business associated with that country. Ironistic, who is not a competitor of Plaintiffs, is accused of hosting websites containing core political speech critical of Qatar. This is the ***definition*** of an attack on free speech, precisely the type of claim that California's anti-SLAPP statute was designed to prevent. Plaintiffs cannot evade the anti-SLAPP statute through a vague and unsubstantiated allegation that "Defendants" violated FARA.

Plaintiffs' Opposition also contains no explanation as to how their Complaint states a claim against Ironistic. Nor could it. Plaintiffs assert a series of claims grounded in false advertising, but do not allege that Ironistic made any statement whatsoever about Plaintiffs or their products or services.

Indeed, Plaintiffs' Opposition proves Ironistic's point. In its Motion to Strike, Ironistic noted that the Complaint was entirely devoid of meaningful allegations about Ironistic's conduct or how Ironistic is tied to any "conspiracy." Rather than respond to these points, the Opposition lumps Ironistic with other Defendants and goes for pages without even mentioning Ironistic. Plaintiffs' claims against Ironistic should be stricken.

## II. PLAINTIFFS' STATE LAW CLAIMS ARE SUBJECT TO THE ANTI-SLAPP STATUTE

In its moving papers, Ironistic noted that Plaintiffs' claims arise from protected activity, because they are statements made in a public forum and in connection with an issue of public interest. Mot., 5:19-9:3. Plaintiffs do not attempt to contest either point.

Plaintiffs' sole argument against application of California's anti-SLAPP statute – that they have accused all Defendants of violating FARA – fails as a matter of law. Opp., 6:20-7:18. As Plaintiffs admit, the "illegal conduct" exception to the anti-SLAPP statute applies only where the "the defendant concedes the illegality of its conduct or the illegality is conclusively shown by the evidence." *Flatley v. Mauro*, 39 Cal. 4th 299, 316

---

[1] All capitalized terms have the definition provided in Ironistic's Motion to Strike.

(2006). Here, Ironistic does not concede that its conduct was illegal and Plaintiffs have not even attempted to establish through any evidence that Ironistic violated FARA. *See Safari Club Int'l v. Rudolph*, 862 F.3d 1113, 1121 (9th Cir. 2017) (anti-SLAPP statute "may be invoked unless . . . 'uncontroverted and conclusive evidence' establishes the speech or petition activity is illegal"); *Harmoni Int'l Spice, Inc. v. Bai*, 2016 WL 6542731, at *16 (C.D. Cal. May 24, 2016) ("The *Flatley* court explicitly stated that the '*evidence*' must conclusively establish the illegality of the 'assertedly protected speech or petition activity.'") (emphasis in original). Indeed, Plaintiffs do not even mention Ironistic in their argument regarding FARA. *See* Opp., 7:1-18. Plaintiffs' Opposition asserts that "the Complaint alleges that each of the publications made were in violation of FARA," citing certain paragraphs of the Complaint. Opp., 7:13-15. But none of the cited paragraphs of Plaintiffs' Complaint mention Ironistic or any action allegedly taken by Ironistic. Compl., ¶¶ 6 (Broidy and Nader), 56 (Broidy and Nader), 72-77 (SCL Social Limited, Project Associates, Atkinson), 77-79 (Project Associates), 101.b (conclusorily referring to "Defendants" but containing no specific allegations as to Ironistic).

Moreover, if merely pleading that a defendant's conduct was illegal was sufficient to trigger the "illegal conduct" exception to the anti-SLAPP statute, any plaintiff could avoid the anti-SLAPP statute by making a vague allegation of illegality. *Safari Club*, 862 F.3d at 1121 ("To find otherwise would eviscerate the anti-SLAPP statute's protections because the plaintiff could preclude the statute's application simply by alleging criminal conduct by the defendant"). Plaintiffs have offered no evidence that Ironistic violated FARA, let alone evidence that conclusively establishes this.[2] Under these circumstances, the anti-SLAPP exception for "illegal conduct" does not apply.

---

[2] Notably, given that there is no private right of action for violation of FARA, *Waterhouse v. Cufi Church Ass'n Inc.*, No. Civ. 14-144 SOM, 2014 WL 1745098, at *3 (D. Haw. Apr. 29, 2014), it is at best unclear whether Plaintiffs could ever "conclusively" establish that Ironistic violated FARA. Moreover, because FARA criminalizes only the failure to register, not the speech itself, FARA "places no burden on protected expression." *Meese v. Keene*, 481 U.S. 465, 480 (1987). As such, the alleged failure to register under FARA does not transform legal speech into illegal speech.

## III. PLAINTIFFS' STATE LAW CLAIMS SHOULD BE STRICKEN FOR FAILURE TO DEMONSTRATE A PROBABILITY OF SUCCESS

### A. Plaintiffs Fail to Plead Fraud with Specificity.

Plaintiffs' argument that certain of their claims[3] are not subject to the heightened pleadings requirements of Rule 9(b) are based on entirely inapplicable case law. *Neilson v. Union Bank of Cal.*, which Plaintiffs cite for the proposition that negligence claims are not subject to Rule 9(b)'s heightened pleading standard (Opp., 8:5-9), did not involve a negligence claim that sounded in fraud. *Neilson v. Union Bank of Cal., N.A.*, 290 F.Supp. 2d 1101, 1143 (C.D. Cal. 2003) (alleging defendants were negligent in "failing to ensure the accuracy, legitimacy, and existence of the assets of the Club"). Where a plaintiff's negligence claim does sound in fraud, courts have held that Rule 9(b) applies. *See, e.g., Townsend v. Chase Bank USA N.A.,* No. CV 08-527 AG, 2009 WL 426393, at *3-4 (C.D. Cal. Feb. 15, 2009). In *Moore v. Mars Petcare US, Inc.*, which Plaintiffs cite for the proposition that Rule 9(b) does not apply to UCL and FAL claims (Opp., 8:9-12), the court ***did*** apply Rule 9(b) to the plaintiff's UCL and FAL claims. *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1019 (9th Cir. 2020) ("Plaintiffs' state law claims [under the UCL, FAL, and CLRA] are based in part on a theory of fraud . . . Here, Plaintiffs' complaint satisfies the Rule 9(b) heightened pleading standard").

Plaintiffs do not contest that: (1) the Complaint fails to describe the contents of the three websites attributed to Ironistic; and (2) the Complaint contains no allegations explaining how or why such content was false. Mot., 11:11-26. Plaintiffs only argue that certain "evidence is within Defendants' exclusive possession." Opp., 8:16-17. Given that Plaintiffs' allegations against Ironistic are based on the supposed publication of information on websites and social media accounts, this contention makes no sense.

---

[3] Plaintiffs do not contest that Rule 9(b) applies to their claims for false advertising under the Lanham Act and trade libel.

### B. Plaintiffs Fail to Allege Ironistic's Involvement in Any Conspiracy

Plaintiffs' Opposition confirms that the Complaint fails to allege any facts regarding Ironistic's involvement in any conspiracy. Plaintiffs merely claim "[t]he timing and content of Ironistic's publications is consistent with the timeline of the Disinformation Conspiracy." Opp., 5:4-5. This is clearly insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007) ("an allegation of parallel conduct and a bare assertion of conspiracy will not suffice"). Plaintiffs do not allege ***one fact*** connecting Ironistic to any other defendant. Mot., 20:9-27. Plaintiffs' Complaint falls far short of the standard for pleading conspiracy. *Id.*; *Tatung Co. v. Shu Tze Hsu*, 43 F.Supp. 3d 1036, 1063 (C.D. Cal. 2014) ("the Court cannot rely on allegations of fraud that 'merely lump multiple defendants together,' do not 'state with particularity the circumstances constituting fraud,' or are based on 'information and belief' without providing the factual basis for that belief") (internal citations omitted).[4]

### C. Plaintiffs Fail to State a UCL or FAL Claim Against Ironistic

1. Plaintiffs Fail to Allege "Commercial Speech" to Support Their UCL Claim.

This case concerns speech critical of a foreign country, which is core political speech. *Meyer v. Grant*, 486 U.S. 414, 421-22 (1988). Plaintiffs fail to allege "commercial speech," whether under the *Bolger* test or otherwise. Mot., 15:16-16:14 (*Bolger* does not apply because Plaintiffs have not identified any "commercial speech"). With respect to the first factor (whether the speech is an advertisement), Plaintiffs concede that "the publications at issue here do not appear to propose a commercial transaction"

---

[4] Plaintiffs are not entitled to a lenient application of Rule 9(b) based on their assertion that additional facts are within the Defendants' exclusive possession. Opp., 8:16-22. The Rule 9(b) standard can be relaxed for allegations made on "knowledge and belief" where those allegations are "accompanied by a statement of facts upon which the belief is founded." *Marolda v. Symantec Corp.*, 672 F.Supp. 2d 922, 998 (N.D. Cal. 2009). But only two of Plaintiffs' allegations are made on "information and belief" (Compl., ¶¶ 56, 66), neither of which refer to Ironistic or Ironistic's involvement in any conspiracy, and Plaintiff has not stated facts that support their belief that Ironistic was involved in any conspiracy. Moreover, "even under a more relaxed standard . . . mere speculation and conclusory allegations are insufficient to state a claim." *Facebook, Inc. v. MaxBounty, Inc.*, 274 F.R.D. 279, 285 (N.D. Cal. 2011).

(Opp. 11:19-20) and "the statements here were not in the traditional form of an advertisement" (Opp., 11:26-28). Yet Plaintiffs urge the Court to ***ignore*** this factor, based solely on their claim that Defendants "disguised" their speech as non-commercial but "intended" for the speech to be commercial. If Plaintiffs are right, political speech could be categorized as commercial based solely on an allegation that the speaker "intended" the speech to be commercial. Not surprisingly, Plaintiffs cite no supporting cases.

As for the second factor (whether the speech refers to a product), Plaintiffs claim that speech can be commercial if it refers to products generically instead of a brand name. Opp., 12:5-11. Perhaps, but that does not matter here. The statements attributed to Ironistic do not mention any product or service provided by Plaintiffs, whether generically or by brand. They refer to ***Qatar***. Speech about a country does not equate to speech about products or services that might relate to that country.

Lastly, Plaintiffs do not even claim that Ironistic had an economic motivation, much less acted primarily out of economic motivation. Opp., 12:18-13:6 (alleging only that "Nader and the Broidy Defendants were paid hundreds of millions of dollars"); *Ariix LLC v. NutriSearch Corp.*, 985 F.3d 1107, 1116 (9th Cir. 2021) ("This factor asks whether the speaker acted *primarily* out of economic motivation, not simply whether the speaker had *any* economic motivation. . . . A simple profit motive . . . without more, does not make something commercial speech"); *Bolger v. Youngs Drug Prods. Corp.*, 463 U.S. 60, 67 (1983) ("the fact that Youngs has an economic motivation for mailing the pamphlets would clearly be insufficient by itself to turn the materials into commercial speech").

2. Plaintiffs Lack Standing to Pursue UCL and FAL Claims.

Plaintiffs' fail to identify any factual allegations that establish a causal connection between Ironistic's alleged conduct and Plaintiffs' alleged injury. Plaintiffs do not allege any potential customer of Plaintiffs' saw a single statement attributed to Ironistic. *See* Cal. Bus. & Prof. Code § 17204; Cal. Bus. & Prof. Code § 17535.

Moreover, Plaintiffs do not allege that they relied on any statement attributed to Ironistic. *Bhrs Grp. v. Brio Water Tech.*, 2020 U.S. Dist. LEXIS 253575, at *18-19 (C.D.

Cal. Dec. 14, 2020). Recognizing their failure to plead their own reliance, Plaintiffs attempt to rely on a small number of decisions that suggest that a ***competitor*** may allege claims under the UCL and FAL without alleging its own reliance. *E.g., SPS Techs., LLC v. Briles Aerospace, Inc.*, No. CV 18-9536-MWF, 2019 WL 6841992, at *6 (C.D. Cal. Oct. 30, 2019). But Plaintiffs are not alleged to be, and are not, competitors of Ironistic. Plaintiffs concede this is true—"Defendants are not themselves in commercial competition with Plaintiffs." Opp., 13:21-22. Therefore, Plaintiffs must plead their own reliance, and their failure to do so dooms their UCL and FAL claims.[5]

3. Failure to Plead any Fraudulent, Unlawful or Unfair Conduct

Plaintiffs' argument that they have pled fraudulent conduct by Ironistic is entirely conclusory, and cites to no specific allegations against Ironistic. Opp., 14:23-15:7. For all the reasons stated in Ironistic's moving papers and above in Section III.A, Plaintiffs have failed to plead the required specifics to support any allegation of fraudulent conduct.

Plaintiffs also have failed to plead a claim under the "unlawful" prong of the UCL. Plaintiffs now appear to argue that a violation of "common law" can constitute "unlawful" conduct. Opp., at 15:21-24. This is simply wrong. *See, e.g., Klein v. Earth Elements, Inc.*, 59 Cal. App. 4th 965, 969 (1997) (violation of general common law principle did not support a UCL "unlawful" claim); *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1151 (2003) (UCL claim is not "an all-purpose substitute for a tort or contract action, something the Legislature never intended"). And for all the reasons stated in Ironistic's moving papers and above in Section II, Plaintiffs' unspecified claim of a FARA violation by "Defendants" cannot support a claim of unlawful conduct under the UCL.[6]

---

[5] Plaintiffs claim that they need not be in "exactly the same type of business" as Ironistic to be deemed a competitor of Ironistic, but the cited authority is inapplicable to Plaintiffs' UCL and FAL claims. Opp. 13:21-14:3 (citing case law specific to Lanham Act). Plaintiffs have offered no authority under the UCL or FAL supporting their position that they are competitors of Ironistic, despite offering entirely different products and services to entirely different markets of consumers. Indeed, Plaintiffs cannot even satisfy the Lanham Act's requirement of "commercial competition." *See* Section IV & n.8.

[6] Plaintiffs' Opposition does not address the "unfair" prong of the UCL, and therefore Plaintiffs concede that their allegations are insufficient. Mot., 16:22-17:7.

4. Plaintiffs' UCL and FAL Claims are Barred for Extraterritoriality.

Neither the UCL nor the FAL apply extraterritorially to Ironistic, a Virginia company with no alleged ties to California. Mot., 14:21-15:24, 17:9-19. Plaintiffs do not dispute this point. Rather, Plaintiffs attempt to rely on their conspiracy allegations as the sole basis for a nexus between Ironistic and California. Opp., 16:26-17:15. But non-resident plaintiffs cannot state a UCL claim against non-resident defendants based solely on co-conspirator liability. *Standfacts Credit Servs., Inc. v. Experian Info. Sols., Inc.*, 405 F.Supp. 2d 1141, 1148 (C.D. Cal. 2005). And, as noted above, Plaintiffs' Complaint contains zero factual allegations connecting Ironistic to any conspiracy. *See* Section III.B; Mot., 20:1-28. Plaintiffs' reliance on *Ehret v. Uber* underscores this point. Opp., 17:7-10. In *Ehret*, the plaintiff alleged that defendant's headquarters were in California, the deceptive practices were conceived, reviewed, approved and controlled from California, the misrepresentations were on websites and mobile apps maintained in California, and the systems that processed plaintiff's and the class members' use of defendant's services were on servers in California. *Ehret v. Uber*, 68 F.Supp. 3d 1121, 1132-33 (N.D. Cal. 2014). Plaintiffs make no similar allegations here as to Ironistic. Therefore, Plaintiffs have not alleged a sufficient nexus between California and Ironistic's alleged conduct.

5. Plaintiffs Fail to Allege a Statement in Connection with the Sale or Disposition of Goods or Services to Support Their FAL Claim.

In its moving papers, Ironistic noted that Plaintiffs fail to allege (and cannot allege) that Ironistic made a statement in connection with the sale or disposition of goods or services that was untrue or misleading to support their FAL claim. Plaintiffs do not address this argument at all in their Opposition, and thus have conceded the point.

**D. Plaintiffs Fail to State a Claim for Negligence**

Plaintiffs' arguments concerning their negligence claim mischaracterize the law. Plaintiffs argue that negligence *per se* is irrelevant to Plaintiffs' claims, but at the same time rely on the standard for borrowing a duty of care from a statute under the negligence *per se* doctrine. *Compare* Opp., 18:3-14, *with id.*, 19 n.9; *see Elsner v. Uveges*, 34 Cal.

4th 915, 927 ("pursuant to [the doctrine of negligence *per se*] statutes and regulations may be used to establish duties and standards of care in negligence actions"). Regardless, Plaintiffs cannot borrow the requirements of FARA to create a duty running from Ironistic to Plaintiffs. First, Plaintiffs do not specifically allege Ironistic violated FARA. *See* Section II. Second, Plaintiffs do not allege that they are members of the class of persons that FARA was designed to protect, or that FARA was designed to prevent the harm Plaintiffs allegedly suffered (loss of business). *Assakhani v. Shadow Glen Homeowners Ass'n, Inc.,* 63 Cal. App. 5th 917, 931 (2021). Plaintiffs' Opposition underscores this point. Opp., 18:25-19:2 (noting Plaintiffs were harmed through loss of business, but FARA was designed to prevent harm of "public exposure to secret foreign propaganda").

**E. Plaintiffs Fail to Allege a Claim for Trade Libel**

Plaintiffs fail to allege that Ironistic made any statements about the quality of Plaintiffs' goods or services, let alone that Ironistic mentioned Plaintiffs' goods or services at all. *Films of Distinction v. Allegro Film Prods.*, 12 F.Supp. 2d 1068, 1081 (C.D. Cal. 1998) (trade libel relates to quality of products and services). Plaintiffs argue that the statements attributed to Ironistic "implicitly disparaged Plaintiffs' goods" because the alleged statements about Qatar necessarily and clearly referred to Plaintiffs. Opp., 20:21-21:4. But there is no such inference here. If a statement about Qatar "necessarily" and "clearly" referred to Plaintiffs, any statement about a country would "necessarily" refer to every business with some connection to that country. This is not the law.[7]

**F. Gomosafer Lacks Capacity to Sue**

Plaintiff Gomosafer is not a corporation or an individual, and therefore lacks capacity to sue. Plaintiffs recognize that Gomosafer lacks capacity to sue, agreeing to voluntarily dismiss Gomosafer. Opp., 1 n.1.

---

[7] Plaintiffs claim that "trade libel is just an application of injurious falsehood" that imposes liability on any person who publishes a false statement harmful to the interest of another. Opp., 21 n.10. But Plaintiffs' Complaint does not (and could not) include a claim for "injurious falsehood." *Melaleuca, Inc. v. Clark*, 66 Cal. App. 4th 1344, 1361-62 (1998); *Hartford Caus. Ins. Co. v. Swift Distribution, Inc.*, 59 Cal. 4th 277, 293 (2014) ("the injurious falsehood [must] 'specifically refer' to the derogated . . . product").

## IV. THE COURT SHOULD DISMISS PLAINTIFF'S LANHAM ACT CLAIM UNDER FED. R. CIV. PROC. 12(B)(6)

Plaintiffs' Opposition addresses their Lanham Act claim a single conclusory sentence, asserting that they sufficiently alleged that Ironistic published a commercial advertisement based on their allegation that "Nader and the Broidy Defendants . . . engaged . . . Ironistic, to disseminate widespread publications intended to divert business from Plaintiffs to UAE-related competitors." Opp. 11:3-14. This is flatly wrong. The alleged statements attributed to Ironistic are not commercial speech. *See* Section III.C.1. Plaintiffs concede that Ironistic and Plaintiffs are not commercial competitors. Opp. 13:21-22.[8] And, Plaintiffs fail to allege that Ironistic created websites concerning Qatar for the purpose of influencing consumers to purchase any goods or services from Ironistic.

Plaintiffs also fail to allege that the statements deceived or tended to deceive a substantial segment of its audience. The Complaint alleges no facts explaining how any statement attributed to Ironistic was false or how, when or why a single person was deceived thereby. As stated above, Plaintiffs must allege what is false or misleading about a statement and why it is false to meet Rule 9(b)'s heightened pleading standard, and Plaintiffs have failed to do so here. *Moore.,* 966 F.3d at 1017, 1019.

Finally, Plaintiffs fail to allege that Plaintiffs have been or are likely to be injured as a direct result of the alleged statements, or anything resembling a "direct" connection.

## V. PLAINTIFFS' CLAIMS ARE TIME-BARRED

Plaintiffs' claims are subject to dismissal based on the running of the statute of limitations at the motion to dismiss stage because Plaintiffs' Complaint does not permit Plaintiffs to prove that the statutes were tolled. *Cervantes v. City of San Diego*, 5 F.3d

---

[8] Plaintiffs contend that they need not be the same type of business as Ironistic. But this misses the point. Plaintiffs must show that "the injury is 'competitive,' or harmful to the plaintiff's ability to compete with the defendant" or that "the statements in issue tend[] to divert business from the plaintiff to the defendant." *Nat'l Servs. Grp. v. Painting & Decorating Contrs. of Am.*, 2006 WL 2035465, at *3, *4 (C.D. Cal. July 18, 2006) (quoting *The Jack Russell Terrier Network of N. Cal. v. Am. Kennel Clu*b, 407 F.3d 1027, 1037 (9th Cir. 2005)). Plaintiffs do not and cannot allege either, given that Plaintiffs' business and Ironistic's business are entirely unrelated.

1273, 1275 (9th Cir. 1993). Plaintiffs argue that their claims were tolled because Ironistic's conduct was concealed such that Plaintiffs were unable to discover Ironistic's identity or alleged wrongdoing. Opp., 23:16-25:2. But "[t]he discovery rule does not delay accrual in that situation because the identity of the defendant is not an element of a cause of action." *Fox v. Ethicon Endo-Surgery, Inc.*, 110 P.3d 914, 920 (Cal. 2005); *Haugh v. Depuy-Motech, Inc.*, 1999 WL 1133271, at *4 (C.D. Cal. Nov. 16, 1999). Moreover, the basis for Plaintiffs' claims – the publication of publicly accessible websites and social media accounts – were discoverable as of May 21, 2017. Compl., ¶ 82. As such, per Plaintiffs' own allegations, the statements at issue were widely accessible.

Plaintiffs also cannot rely on the continuing violation doctrine. Opp., 25:5-23. Far from an "ongoing course of conduct," Plaintiffs have alleged only that Ironistic created certain websites and social media accounts several years ago. Compl., ¶¶ 80-83. Plaintiffs also cannot rely on their conspiracy allegations to support application of the continuing violation doctrine, given Plaintiffs' complete failure to allege facts showing Ironistic's involvement in any conspiracy. *See* Section III.B; Mot., 20:1-28.

## VI. CONCLUSION

For these reasons and for the reasons provided in its moving papers, Ironistic respectfully asks this Court to strike Plaintiffs' state law claims, and to dismiss Plaintiffs' Lanham Act claim for failure to state a claim with prejudice, or in the alternative, to dismiss Plaintiffs' Complaint in its entirety with prejudice for failure to state a claim.

Dated: November 22, 2021 AKIN GUMP STRAUSS HAUER & FELD LLP

By: */s/ Hyongsoon Kim*
Hyongsoon Kim

Attorneys for Defendant
THE IRON GROUP INC. D/B/A
IRONISTIC.COM