**KASOWITZ BENSON TORRES LLP**
DANIEL A. SAUNDERS (STATE BAR NO. 161051)
DSAUNDERS@KASOWITZ.COM
2029 CENTURY PARK EAST, SUITE 2000
LOS ANGELES, CA 90067
TELEPHONE: (424) 288-7900
FACSIMILE: (424) 288-7901
*Attorneys for Defendants and Counterclaim-Plaintiffs Elliott Broidy, Broidy Capital Management, LLC, and Circinus, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

MOSAFER INC.; MOSAFER ECOM, INC.; and GOMOSAFER,

Plaintiffs,

vs.

ELLIOTT BROIDY; *et al.*,

Defendants.

ELLIOT BROIDY; BROIDY CAPITAL MANAGEMENT, LLC; CIRCINUS, LLC,

Counterclaim-Plaintiffs,

vs.

MOSAFER INC.; MOSAFER ECOM, INC.; GOMOSAFER, STATE OF QATAR, ABU ISSA HOLDING WLL, ASHRAF ABU ISSA, NABIL ABU ISSA,

Counterclaim-Defendants.

CASE NO. 2:21-cv-06320-MCS-JC

[Assigned to Hon. Mark C. Scarsi]

**REQUEST FOR THE CLERK OF COURT TO MAIL SUMMONS, COUNTERCLAIM, AND OTHER DOCUMENTS IN ACCORDANCE WITH L.R. 4-5 AND PURSUANT TO FED. R. CIV. P. 4(j)(1) AND 28 U.S.C. § 1608(a)(3); DECLARATION OF DANIEL A. SAUNDERS**

Defendants/Counterclaim-Plaintiffs Elliott Broidy, Broidy Capital Management, LLC, and Circinus, LLC (collectively, the "Broidy Counterclaim-Plaintiffs"), in accordance with Local Rule 4-5, hereby request that the Clerk of Court mail a summons, counterclaim, and other documents pursuant to Federal Rule of Civil Procedure 4(j)(1) and 28 U.S.C. § 1608(a)(3).

In their Counterclaim, the Broidy Counterclaim-Plaintiffs name the State of Qatar as a Counterclaim-Defendant. Federal Rule of Civil Procedure 4(j)(1) provides that "[a] foreign state or its political subdivision, agency, or instrumentality must be served in accordance with 28 U.S.C. § 1608."

28 U.S.C. § 1608(a) directs that service on a foreign state shall be made either:

> (1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision; or
>
> (2) if no special arrangement exists, by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents; or
>
> (3) if service cannot be made under paragraphs (1) or (2), by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned . . . .

In this case, service under 28 U.S.C. §1608(a)(1)-(2) cannot be made because: (1) there is no "special arrangement for service" between Broidy and Qatar, and (2) Qatar is not a party to any international convention on the service of judicial documents. Therefore, the Broidy Counterclaim-Plaintiffs request that the Clerk of Court "dispatch" the summons, counterclaim, and notice of suit, along with a translation of each into Arabic (the official language of the

State of Qatar), pursuant to 28 U.S.C. §1608(a)(3).

In accordance with the requirements of Local Rule 4-5, included below is a declaration demonstrating that the Broidy Counterclaim-Defendants have determined that service by mail is not prohibited by the law of the State of Qatar.

Dated: December 15, 2021

**KASOWITZ BENSON TORRES LLP**

By:____________________

Daniel A. Saunders, Esq.
dsaunders@kasowitz.com
2029 Century Park East, Suite 2000
Los Angeles, California 90067
Telephone: (424) 288-7900
Facsimile: (424) 288-7901

*Attorneys for Defendants and Counterclaim-Plaintiffs Elliott Broidy and Broidy Capital Management, LLC*

**DECLARATION OF DANIEL A. SAUNDERS**

I, Daniel A. Saunders, declare:

1. I am a partner with Kasowitz Benson Torres LLP, counsel of record for Defendants/Counterclaim-Plaintiffs Elliott Broidy, Broidy Capital Management, LLC, and Circinus, LLC, (collectively, the "Broidy Counterclaim-Plaintiffs") in this action. I submit this declaration in support of the Broidy Counterclaim Plaintiffs' Request for the Clerk of Court to Mail Summons, Complaint, and Other Documents in Accordance with L.R. 4-5 and Pursuant to Fed. R. Civ. P. 4(j)(1) and 28 U.S.C. § 1608(a)(3). I have personal knowledge of the facts set forth in this Declaration and could and would testify thereto if called upon to do so.

2. Article 11 of the Civil and Commercial Procedure Law of Qatar specifically authorizes service of a summons "by registered mail or any other appropriate means." A true and correct copy of Article 11 of the Civil and Commercial Procedure Law of Qatar is attached hereto as **Exhibit 1**.

3. The U.S. Department of State's Bureau of Consular Affairs page for the State of Qatar does not state that service of process by mail is prohibited. A true and correct copy of the U.S. Department of State's Bureau of Consular Affairs page for the State of Qatar is attached hereto as **Exhibit 2**.

4. In prior litigation involving the State of Qatar, a United States District Court held that service by mail pursuant to 28 U.S.C. §1608(a)(3) was proof that a "Plaintiff ha[d] successfully served the State of Qatar." *Dahman v. Embassy of Qatar*, 2018 WL 3597660, at *3 (D.D.C. July 26, 2018), vacated on other grounds, 364 F. Supp. 3d 1 (D.D.C. 2019), aff'd, 815 F. App'x 554 (D.C. Cir. 2020). A true and correct copy of that opinion is attached hereto as **Exhibit 3**.

5. Based on the foregoing, the Broidy Counterclaim-Plaintiffs have determined that service by mail is not prohibited by the State of Qatar.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 15th day of December, 2021 in Los Angeles, California.

By:______________________________
Daniel A. Saunders

**CERTIFICATE OF SERVICE**

I certify that, on December 15, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice to all counsel of record.

*/s/ Daniel A. Saunders*
Daniel A. Saunders