**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 1 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MOSAFER, INC.; et al.,  Plaintiffs-Appellants,  v.  ELLIOTT BROIDY; et al.,  Defendants-Appellees,  and  THE IRON GROUP, INC., DBA Ironistic.Com; et al.,  Defendants,  and  STATE OF QATAR; et al.,  Counter-defendants. | No. 22-55265  D.C. No. 2:21-cv-06320-MCS-JC  MEMORANDUM[*] |
| MOSAFER, INC.; et al.,  Plaintiffs-Appellees,  v. | No. 22-55296  D.C. No. 2:21-cv-06320-MCS-JC |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

ELLIOTT BROIDY; et al.,

        Defendants-Appellants,

STATE OF QATAR; et al.,

    Counter-defendants-
    Appellees,

and

GEORGE NADER; et al.,

        Defendants.

Appeal from the United States District Court
for the Central District of California
Mark C. Scarsi, District Judge, Presiding

Argued and Submitted October 20, 2023
Pasadena, California

Before: PAEZ and H.A. THOMAS, Circuit Judges, and R. COLLINS,[**] District Judge.

Plaintiffs Mosafer Inc., Mosafer E-Com, Inc., and GoMosafer (collectively, "Mosafer") sued Defendants Elliott Broidy ("Broidy"), Broidy Capital Management ("BCM"), Circinus LLC ("Circinus"), and George Nader[1] for unlawful conduct under California's Unfair Competition Law ("UCL"), Cal. Bus.

---

[**] The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

[1] Mosafer also sued other entities which are not parties to this appeal.

& Prof. Code § 17200 et seq., and for trade libel.² In response, Defendants Broidy, BCM, Circinus, and Nader filed motions to strike under California's anti-SLAPP statute, Cal. Civ. Proc. Code § 425.16. The district court granted the anti-SLAPP motions. Mosafer appeals the grant of the anti-SLAPP motion as to its UCL and trade libel claims.

Defendants Broidy, BCM, and Circinus (collectively, "the Broidy Parties") also brought counterclaims against Mosafer and its owners, Ashraf Abu Issa, Nabil Abu Issa, and Abu Issa Holding WLL (collectively, "the Abu Issa Parties"), and the State of Qatar. The Broidy Parties filed a counterclaim against Mosafer, the Abu Issa Parties, and Qatar for (1) abuse of process; (2) violation of Virginia's business conspiracy statute, Va. Code §§ 18.2-499–500; and (3) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(c), 1964. The Broidy Parties also asserted nine other counterclaims against Qatar.³ Mosafer and the Abu Issa Parties jointly filed an anti-SLAPP

---

² The district court dismissed Mosafer's false advertising claim under California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 et seq., and the Lanham Act, 15 U.S.C. § 1125(a)(1)(B). The district court also struck Mosafer's negligence claim. Mosafer does not challenge the court's rulings on these claims.
³ These include: (1) violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; (2) violation of the Comprehensive Computer Data Access and Fraud Act, Cal. Penal Code § 502; (3) receipt and possession of stolen property, Cal. Penal Code § 496; (4) intrusion upon seclusion; (5) conversion; (6) violation of the Stored Communications Act, 18 U.S.C. § 2701 et seq.; (7) violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1201 et seq.; (8) violation of the California

motion to strike the state law abuse of process claim and a motion to dismiss the business conspiracy and RICO claims under Federal Rule of Civil Procedure 12(b)(6). Qatar filed a motion to dismiss all claims on sovereign immunity grounds. The district court granted the anti-SLAPP motion and the motion to dismiss filed by Mosafer and the Abu Issa Parties. The district court also granted Qatar's motion to dismiss. The Broidy Parties appeal the district court's order granting the motions to strike and motions to dismiss their counterclaims.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo the grant of an anti-SLAPP motion, and we may affirm on any ground supported by the record. *Gunn v. Drage*, 65 F.4th 1109, 1118 (9th Cir. 2023) (citations omitted). We similarly review de novo the grant of a motion to dismiss. *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1141 (9th Cir. 2021) (failure to state a claim); *Mills v. City of Covina*, 921 F.3d 1161, 1165 (9th Cir. 2019) (statute of limitations); *Sachs v. Republic of Austria*, 737 F.3d 584, 589 (9th Cir. 2013) (sovereign immunity), *rev'd on other grounds sub nom. OBB Personenverkehr AG v. Sachs*, 577 U.S. 27 (2015). We review for abuse of discretion a district court's dismissal of a complaint without leave to amend. *Benavidez*, 993 F.3d at 1141–42.

We affirm.

---

Uniform Trade Secrets Act, Cal. Civ. Code § 3426 et seq.; and (9) violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836 et seq. The Broidy Parties appeal the dismissal of these counterclaims against Qatar.

Anti-SLAPP motions are subject to a two-step analysis. *See Safari Club Int'l v. Rudolph*, 862 F.3d 1113, 1119–23 (9th Cir. 2017). At step one, the defendant must show that the cause of action "arise[s] from" activity undertaken "in furtherance" of the right to petition or free speech. *Id.* at 1119 (quoting Cal. Civ. Proc. Code § 425.16(b)(1)). At step two, the burden shifts to the plaintiff. *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 833 (9th Cir.), *amended*, 897 F.3d 1224 (9th Cir. 2018). In federal court, the proper standard depends on whether the motion challenges the factual or legal sufficiency of the complaint. *Id.* Where, as here, the anti-SLAPP motion challenges only the legal sufficiency of the complaint, the Rule 12(b)(6) standard for failure to state a claim applies. *See id.*

**1.** The district court correctly concluded that the Broidy Parties' and Nader's alleged conduct was protected by the anti-SLAPP statute and that the illegal conduct exception did not apply. The Broidy Parties' and Nader's alleged conduct was not "illegal as a matter of law" because there was no admission or "uncontroverted and conclusive evidence" of illegality. *Safari Club*, 862 F.3d at 1121 (citing *Flatley v. Mauro*, 39 Cal. 4th 299, 320 (2006)).

**2.** The district court did not err in striking Mosafer's UCL claim on the basis of unlawful conduct because Mosafer failed to allege an underlying predicate violation. A violation of the Foreign Agents Registration Act ("FARA") cannot

serve as a predicate for a UCL claim. A statute cannot serve as the predicate for UCL liability where it otherwise "bars" private enforcement, *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 182–85 (1999), and FARA implicitly does so. The statute was enacted "[t]o protect the national defense, internal security, and foreign relations to the United States." *Meese v. Keene*, 481 U.S. 465, 469 (1987). FARA commits its administration and enforcement to the Attorney General. 22 U.S.C. §§ 612, 618, 620. It provides for criminal penalties, 22 U.S.C. § 618(a), and specifies that the Attorney General can seek injunctive relief for violations, 22 U.S.C. § 618(f). FARA's enforcement scheme, coupled with its sensitive subject matter, precludes private enforcement. *Cf. Almond Hill School v. U.S. Dep't of Agric.*, 768 F.2d 1030, 1035 (9th Cir. 1985) (concluding that a statute implicitly foreclosed private enforcement based on its enforcement scheme).

**3.** The district court properly dismissed Mosafer's trade libel claim for failure to state a claim under Rule 12(b)(6) and as untimely. Whether characterized as "trade libel" or "injurious falsehood," the alleged speech Mosafer complains of does not meet the specific reference requirement. *See Hartford Cas. Ins. Co. v. Swift Distribution, Inc.*, 59 Cal. 4th 277, 291, 293 (2014) (quoting *Blatty v. New York Times Co.*, 42 Cal. 3d 1033, 1044 (1986)) ("[A]ll injurious falsehoods must specifically refer to, or be of and concerning, the plaintiff in some way.").

Mosafer's trade libel claim is also time barred because the alleged conduct occurred more than three years before Mosafer filed the complaint. *See Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1109 (1988) ("A plaintiff is held to her actual knowledge as well as knowledge that could reasonably be discovered through investigation of sources open to her."). The district court did not err in dismissing the trade libel claim without leave to amend.

**4.** The district court also correctly dismissed the Broidy Parties' claims against Qatar as it is entitled to sovereign immunity. *See Broidy Cap. Mgmt., LLC v. Qatar*, 982 F.3d 582, 590, 595–96 (9th Cir. 2020). The counterclaim exception to the Foreign Sovereign Immunities Act applies only to an "action brought by a foreign state." *See* 28 U.S.C. § 1607(b). There is no such action here; Qatar did not file suit.

**5.** The district court properly struck the Broidy Parties' abuse of process counterclaim pursuant to the litigation privilege. "The litigation privilege is an 'absolute' privilege, and it bars all tort causes of action except a claim of malicious prosecution." *Flatley*, 39 Cal. 4th at 322 (quotation marks omitted). The privilege applies to abuse of process claims. *See Rusheen v. Cohen*, 37 Cal. 4th 1048, 1058 (2006). Mosafer exercised its free speech rights by filing a complaint. Because Mosafer's filing is protected by the litigation privilege, the Broidy Parties cannot bring an abuse of process counterclaim against Mosafer for this action.

**6.** The Broidy Parties' Virginia business conspiracy counterclaim fails because Virginia law does not apply to this action. Further, the court did not err in concluding that California law applied in an action brought against California citizens concerning events that took place in California. *See Senne v. Kan. City Royals Baseball Corp.*, 934 F.3d 918, 934 (9th Cir. 2019) (noting that under California's choice of law rules, "a jurisdiction ordinarily has the predominant interest in regulating conduct that occurs within its borders").

**7.** Finally, the district court properly dismissed the Broidy Parties' RICO counterclaim under 18 U.S.C. §§ 1962(c), 1964. There is no precedent or statutory support for the proposition that filing a complaint or issuing a press release constitutes wire fraud. *See* 18 U.S.C. § 1961(a) (defining racketeering activity); 18 U.S.C. § 1343 (defining wire fraud).

**AFFIRMED.**